IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL No. 1871 07-md-01871 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | | |

### MEMORANDUM & ORDER REGARDING CONSOLIDATED FILING BY PLAINTIFFS

**Rufe, J.**                                                                                                                   **May 14, 2008**

Presently before the Court is the procedural issue whether to permit multiple, unrelated plaintiffs to file a single complaint in this MDL, provided the plaintiffs seeking to make such a consolidated filing are domiciled in the same federal judicial district. Counsel for the parties have briefed the question and have addressed it in oral argument on May 9, 2008, and the matter is ready for decision without prejudice.

Under Federal Rule of Civil Procedure 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."[1] Courts charged with managing multi-district litigation have, in the preliminary discovery stages of such cases, and in a provisional fashion, taken a rather expansive view of the conditions that would justify joinder, and have permitted joinder of plaintiffs domiciled in the same jurisdiction for the purpose of consolidated filing in the interest of

---

[1] Fed. R. Civ. P. 20 (2007).

court efficiency and limiting expense and inconvenience to parties.[2] As plaintiffs' counsel have argued, in this case, to permit consolidated filings by plaintiffs domiciled in the same jurisdiction, at least during the early stages of fact discovery, would appear to promote the aim of "conserv[ing] the resources of the parties, their counsel and the judiciary" which this MDL was in part centralized to accomplish.[3]  The decision to provisionally and for a limited purpose permit joinder will be evaluated in the near future to determine whether "such joinder proves to be inefficient or prejudicial to any parties;"[4] if such is found to be the case, a corrective order may issue.

**ACCORDINGLY,** this 14th day of May 2008, upon consideration of Plaintiffs' Proposal in Support of Allowing Joinder of Multiple Parties in a Single Complaint [Doc. No. 116], and Defendant's Memorandum Regarding Misjoinder of Multiple Unrelated Claimants in One Complaint [Doc. No. 117], and oral argument in Court by counsel for the parties, it is hereby **ORDERED** as follows:

   1. This Order applies to any action currently pending in, subsequently filed in, or removed or transferred to, this MDL in which the complaint includes more than one individual plaintiff who alleges that he or she took Avandia and suffered personal injury as a result ("multi-plaintiff actions"). This Order does not apply to complaints in which only one individual alleges taking Avandia and suffering personal injury as a result thereof, but which include additional,

---

[2] See, e.g., In re: Diet Drugs, 1999 WL 554584 No. Civ.A. 98-20478, 1203 (E.D. Pa. July 16, 1999) (MDL Docket 1203); see also In re: Medtronic Inc., Implantable Defibrillators Prod. Liab. Litig., (D. Minn. Jan. 8, 2007) (MDL Docket 1726) (attached as Exhibit 1 to Plaintiffs' Brief).

[3] Order of the Judicial Panel on Multidistrict Litigation of October 16, 2007, at 2 [Doc. No. 1]. The same desirable efficiencies would not seem to be gained by permitting joinder, even on a provisional basis, by unrelated plaintiffs who are not domiciled in the same jurisdiction, and no precedent has been brought forth by the parties or unearthed by the Court which would support permitting such joinder.

[4] In re: Medtronic Inc., Implantable Defibrillators Prod. Liab. Litig., (D. Minn. Jan. 8, 2007) (MDL Docket 1726) (attached as Exhibit 1 to Plaintiffs' Brief).

derivative plaintiffs, such as spouses or children.

  2. Multi-party complaints including multiple, unrelated personal injury plaintiffs who each are domiciled in the same federal judicial district shall be permitted. This ruling is made **without prejudice**.

  3. Unrelated plaintiffs domiciled in different federal judicial districts shall not be permitted to jointly file a single complaint. Except for the first-named plaintiff, each plaintiff (and his or her derivative claimants, if any) named in a complaint currently pending or subsequently filed in, or transferred or removed to, this MDL which includes multiple, unrelated plaintiffs domiciled in different federal judicial districts shall be severed from the complaint, pursuant to Fed. R. Civ. P. 21, and in accordance with the following process.

  a. Such multi-plaintiff actions shall be severed UNLESS (1) a Motion to Remand pertaining to the action is currently pending before the Court; or (2) a Motion to Remand is filed in the action within the next **twenty-one (21) days**. For such actions, severance by this Court will occur only upon entry of a decision to deny remand.

  b. Within **twenty-five (25) days** of the date of the filing of this Order, liaison counsel shall jointly submit to the Court a report listing those pending actions that will be required to be severed pursuant to this Order, and also listing those pending multi-party actions which will not be required to be severed immediately due to a pending motion to remand. Liaison counsel shall also at that time submit a form of order which would effectuate the dictates of this ruling in the appropriate actions. Upon receipt and due consideration of the report of liaison counsel, the Court will enter an order to sever the affected plaintiffs from the appropriate actions.

  4. Any plaintiff severed pursuant to the process set forth in paragraph 3, above, may thereafter file a complaint in this District, or in another district with proper venue, within **thirty (30)**

**days** from the date of the severance and, for purposes of the applicable limitation period, will be deemed to have commenced the action on the date of the filing of the multi-plaintiff complaint in which the plaintiff was named.

      5. Multi-plaintiff actions permitted by this Order shall not be deemed joined for trial absent a Court order issued after duly-noticed motion filed by plaintiff's counsel.  In making any such motion, the burden shall remain on the party seeking joinder to establish that joinder is appropriate.  Further, the filing of any multi-party action shall not be construed as a waiver of any contention by Defendant that such joinder is improper.

      6. Within **ninety (90) days** of the date of the filing of this Order, counsel for the parties shall report to the Court on the status of the procedural issue herein addressed, including a statement of any efficiencies or inefficiencies which have materialized or become apparent and argument as to the ongoing benefit in continuing to permit joinder in the affected actions to the extent considered in this Order.[5]

      It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[5] Along with the reports, counsel shall provide the Court with a proposed form of order reflecting the relief requested or positions put forth by the parties.  Plaintiffs' unexplained failure to provide a form of order with the filings related to the instant issue was not helpful to the Court and should not be repeated by either party in similar circumstances in this MDL.