UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, | § | |
| SALES PRACTICES AND PRODUCTS | § | MDL 1871 |
| LIABILITY LITIGATION | § | 2:07-md-01871-CMR |
| | § | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO ALL | § | |
| ACTIONS | § | |

**PRETRIAL ORDER NO. \_\_\_\_**

AND NOW, this _____ day of _____, 2009, upon consideration of the Special Master's Seventh Report and Recommendation and any timely motions challenging the Report and Recommendation and any responses thereto, the Court enters the following Order:

**GUIDELINES FOR DETERMINING CHALLENGES TO ASSERTIONS OF ATTORNEY-CLIENT PRIVILEGE AND WORK-PRODUCT PROTECTION**

1. Under Pennsylvania law, the attorney-client privilege applies to confidential communications made for the purpose of obtaining or giving legal advice or assistance.

2. Under the Federal Rules of Civil Procedure, the work product doctrine protects documents prepared by a party or its representative, including its attorney, in anticipation of litigation.

3. Communications from a client to a lawyer, even confidential ones, are not protected unless the primary purpose of the communication is a request for (or the giving of) legal advice. Thus, where the primary purpose of a communication with or from an attorney is

the seeking or giving of *business* (or marketing or technical or some other non-legal) advice, the communication is not protected.

4. Communications addressed to both lawyers and non-lawyers for review, comment, or approval are not protected by the privilege unless the party asserting the privilege can demonstrate that the primary purpose of the communication is the requesting of legal advice. While the same communication might be privileged if addressed solely to a lawyer, a corporation's choice to seek legal advice through mass communication to both lawyers and non-lawyers strongly suggests that the *primary* purpose of the communication is not a request for legal advice.

5. Merely copying a lawyer on a communication (or even including a lawyer in a long list of recipients) does not, by itself, make the communication privileged. The party asserting the privilege still must demonstrate that the primary purpose of the communication was the seeking of legal advice. The fact that a corporation expects its attorneys to offer legal advice on the subject matter of (or an attachment to) a communication when they are copied on such a communication is insufficient to demonstrate that the primary purpose of the communication is a request for legal advice.

6. Where it is not clear on the face of a communication that it constitutes a request for legal advice or the giving of legal advice, the party asserting the privilege must demonstrate that this is the primary purpose of the communication. In most cases, doing so will require some evidentiary support, such as an affidavit. Statements in affidavits contending that all communications of this type constitute a request for legal advice or that legal advice was

always sought for decisions of this type are conclusory and will not suffice to meet the party's burden of proving that the privilege applies.

7. Where a communication to both lawyers and non-lawyers is not privileged because the primary purpose of the communication is not a request for legal advice, a lawyer's response to that communication that contains legal advice may nonetheless be privileged. However, in that case, the lawyer's advice does not convert prior non-privileged communications into privileged communications. Similarly, if the lawyer's advice is provided in the form of comments on a non-privileged document, the lawyer's advice does not convert the non-privileged document into a privileged one. In these cases, the party asserting the privilege is permitted to redact the privileged portion of the communication or document before producing the non-privileged communication or document.

8. Communications among non-attorneys may in some cases be protected by the attorney-client privilege if the purpose of the communication is to gather information necessary for the obtaining of legal advice or to convey such legal advice. As always, the burden is on the party asserting the privilege to demonstrate that this is the purpose of the communication. That burden will be difficult to meet in most cases in which an attorney is not the sender or a recipient of a communication.

9. Communications may contain both privileged and non-privileged components. This is particularly true with e-mail strings that contain multiple e-mails, some of which may be privileged and others of which are not. Where this is the case, the party asserting the privilege must redact the privileged portions of the communication and produce the redacted document. However, an entire e-mail string may be privileged if the primary purpose of the final

e-mail (chronologically) in the string is to request legal advice and the final e-mail incorporates the prior e-mails into its request for legal advice. Of course, those prior e-mails likely will exist in a separate form that does not include the final privileged e-mail and, in that form, they must be produced.

10. Communications that are shared with third parties (whether by copying those parties on the communication, including the third parties as recipients, or forwarding the communication to the third parties) generally are not protected by the attorney-client privilege.

11. Consultants and independent contractors hired by a corporation may be considered the functional equivalent of employees and sharing communications with these non-employees will not necessarily destroy the privilege. An outside consultant may be the functional equivalent of an employee if he or she has primary responsibility for a key corporate job; has a close working relationship with the company's principals on litigation matters or matters requiring legal advice; and is likely to possess information not possessed by anyone else at the company. In addition, where consultation with non-employees is necessary to the giving or obtaining of legal advice and the communications with these non-employees are clearly intended to remain confidential, the privilege may apply.

12. The fact that an attorney was involved in the drafting process that resulted in the creation of a non-privileged document does not necessarily render drafts of that document privileged. Rather, only if the drafts reflect the attorney's legal advice (or confidential client information provided to the attorney for the purpose of giving such advice) will the drafts or the portions of them reflecting such legal advice be found to be privileged.

13. Communications to or from attorneys that do not reveal the substance of the client's communication or the attorney's advice are not privileged. Thus, for example, an e-mail to an attorney, asking her to "Please review the attached" is not privileged, although the attachment may be.

14. Communications among executives and other key employees within a corporation that is involved in (or threatened with) litigation are not necessarily protected by the work product doctrine. Similarly, communications involving in-house or outside counsel for a corporation that is involved in (or threatened with) litigation are not necessarily protected by the work product doctrine. Rather, only such documents that directly relate to the pending or threatened litigation are protected from disclosure.

15. Communications occurring during litigation (or when litigation is threatened) that were not prepared because of that litigation are not protected by the work product doctrine.

16. The party asserting that communications are protected by the attorney-client privilege has the burden of proving that all elements of the privilege are present and that the privilege applies. Similarly, the party claiming work-product protection bears the burden of proving that the doctrine applies.

It is so **ORDERED**.

BY THE COURT:

_____
**CYNTHIA M. RUFE, J.**