# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____
                                  :

IN RE:  AVANDIA MARKETING, SALES    :
PRACTICES AND PRODUCTS LIABILITY  :
LITIGATION                               :
_____:     **MDL No. 1871**
                                    :     **07-MD-01871-CMR**

THIS DOCUMENT APPLIES TO:      :
ALL ACTIONS                          :
_____:


## PRETRIAL ORDER NO._____

## ESTABLISHING PLAINTIFFS' LITIGATION EXPENSE FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT

This Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of special services performed and expenses incurred by Eligible Counsel acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

    1.    <u>Attorney Participation Agreement</u> (Exhibit 1)

Attached hereto as Exhibit 1 and incorporated herein is a voluntary Attorney Participation Agreement ("Participation Agreement") between the Plaintiffs' Steering Committee ("PSC") and other plaintiffs' attorneys.  The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only.  It is not an agreement with SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("Defendant" or "GSK").  "Participating Counsel" include: (1) all members of the PSC and (2) any

1

other plaintiffs' attorneys who sign on to the Participation Agreement.  Participating Counsel are entitled to receive the MDL common benefit work product and the state court work product of those attorneys who have also signed the Participation Agreement and shall be entitled to seek disbursements as Eligible Counsel pursuant to paragraph 5 of this Order.  In return, Participating Counsel agree to pay the assessment amount provided in paragraph 4 of this Order on all filed and unfiled cases or claims in state or federal court in which they share a fee interest.

2.      Plaintiffs' Litigation Expense Fund (the "Fund") to be Established

Plaintiffs' Liaison Counsel, Tom Mellon, and PSC Co-Lead Counsel, Vance Andrus, Bryan Aylstock and Mark Lanier are directed to establish an interest-bearing account to receive and disburse funds as provided in this Order.  Counsel shall agree on and designate an escrow agent for this purpose.  These funds will be held as funds subject to the direction of the Court.  No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court.  These funds will not constitute the separate property of any party or attorney nor be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by Court Order to a specific person.  These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order.

3.      <u>Covered Claims</u>

This Order applies to the following Avandia, Avandamet, and Avandaryl (hereinafter collectively referred to as "Avandia") claims, whether direct or derivative:

    a.      All Avandia claims now or hereafter subject to the jurisdiction of MDL 1871, whether disposed of before or after remand regardless of whether counsel holding a fee interest in such Avandia claims in such cases have signed the Participation Agreement, including:

        i.   All Avandia claims settled pursuant to an MDL supervised Settlement Agreement between the parties;

        ii.  All Avandia claims on tolling agreements;

        iii. All Avandia claims in which any PSC member has a financial interest.

    b.      All Avandia claims, regardless of whether those claims are subject to the jurisdiction of MDL 1871, tolled, unfiled, or filed in another jurisdiction, in which the following attorneys have a fee interest, including but not limited to:

        i.   <u>Protective Order</u>: Those attorneys who executed the Endorsement of Protective Order, attached to Pretrial Order No. 10;

        ii.  <u>Participating Counsel</u>: Members of the PSC and plaintiffs' attorneys who sign on to the Participation Agreement, attached hereto as Exhibit 1;

    iii.  <u>Other</u>: Those attorneys who receive common benefit work product or otherwise benefit by the work performed by the PSC or common benefit counsel working with the PSC

(Collectively hereinafter referred to as the "Covered Claims").

4.    <u>Assessments and Payments into the Fund for All Covered Claims</u>

a.    All Covered Claims, where the plaintiffs or their attorneys either agree or have agreed – for a monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages (hereinafter a "Settlement"), with respect to any Avandia claim are subject to an assessment on the Gross Monetary Recovery, as provided herein.

b.    A total assessment of seven percent (7%) of Gross Monetary Recovery shall apply to all Covered Claims ("the Assessment"). Of that amount, four percent (4%) shall be deducted from the attorneys' fees and three percent (3%) from the client's shares of the Gross Monetary Recovery.

c.    In measuring the Gross Monetary Recovery:

    i.  Include all sums to be paid in settlement of the claim;

    ii.  Exclude court costs that are to be paid by Defendant;

    iii.  Exclude any payments made directly by Defendant on a formal intervention asserted directly against the defendant by third-parties, such as to physicians,

4

hospitals, and other health-care providers on Court recognized valid subrogation claims related to treatment of plaintiff; and

iv. Include the present value of any fixed and certain payments to be made in the future.

d. Defendant is directed to withhold the Assessment from amounts paid on any Covered Claim and to pay the Assessment directly into the Fund as a credit against the Settlement or Judgment.  If for any reason the Assessment is not or has not been so withheld, the plaintiff and his or her counsel are jointly and severally responsible for paying the Assessment into the Fund promptly.

e. From time to time, the PSC shall provide a list of all then known Covered Claims to Defendant's Liaison Counsel, plaintiffs' counsel, the escrow agent, and the Court or its designee.  In connection therewith, GSK shall, upon request from the PSC, supply to the PSC a list of all then known Covered Claims, including the name of each plaintiff and his or her attorney, if any.

f. Defendant and its counsel shall not distribute any settlement proceeds to any plaintiff's counsel until (1) Defendant's counsel notifies the PSC in writing of the existence of a settlement and the name of the individual plaintiff's attorney and (2) Plaintiffs' Liaison Counsel has advised Defendant's counsel in writing whether or not the individual

plaintiff's attorney's cases or claims are subject to an assessment pursuant to this Order.

g.    No orders of dismissal for any Covered Claim shall be filed unless accompanied by a certificate of the plaintiff's and defendant's counsel that the assessment has been withheld and deposited into the Fund.

h.    This assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the entire PSC is consulted and provided an opportunity to be heard at a formally announced PSC meeting prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote; (3) a noticed motion with an opportunity to be heard is granted by the Court, and (4) this Court, upon good cause shown, amends this Order.

i.    This assessment order shall in no way be read to affect or otherwise encumber GSK or other defendant(s)' obligation to pay attorneys' fees and costs pursuant to consumer fraud claims or other fee shifting statutes, if any, that may apply in this case.

j.    Further, in the event of global settlement or settlement program in which the PSC accepts additional responsibilities beyond those described herein and/or GSK or other defendant(s) agree to pay to the PSC fees and expenses for settlement purposes, such fees are beyond the scope of those set forth in this Order.

6

k.      Provided assessments are paid as provided for herein, nothing in this Order is intended to impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective bar rules and/or state court orders.

l.      Upon payment of the Assessment into the Fund, GSK, the PSC, and its individual members shall be released from any and all liability to any person, attorney, or claimant with respect to the Assessment placed into the Fund.  Any person, attorney, or claimant allegedly aggrieved by an Assessment pursuant to this Order shall seek recourse as against the Fund.  Notwithstanding this, notice and an opportunity to be heard on any such claim shall be given both to GSK and the PSC.

5.   <u>Disbursements</u>

a.      Upon order of the Court, payments may be made from the Fund to attorneys who have provided services or incurred expenses for the joint and common benefit of plaintiffs and claimants whose claims have been treated by this Court as a part of these proceedings in addition to their own client or clients.   Such "Eligible Counsel" include:

i.   Plaintiffs' Liaison Counsel and members of the PSC;

ii.   Attorneys who have signed the Participation Agreement and have been called upon by the PSC in writing to assist it in performing its responsibilities;

iii.   Court-appointed State Liaison Counsel; and

7

    iv. Other attorneys performing similar responsibilities in state court actions,

provided that all cases in which any putative common benefit attorneys have a financial interest are subject to this Order.

b. Eligible Counsel shall be entitled to reimbursement for time and efforts expended for common benefit work, if said time and efforts are:

    i. for the common benefit,

    ii. appropriately authorized by the PSC,

    iii. timely submitted, and

    iv. approved by this Court.

c. Additionally, payment may be made for "Eligible Expenses" related to the prosecution of Avandia-related matters.  Eligible Expenses include, but are not limited to: assessments paid for the operation of the PSC; obtaining, reviewing, indexing, and paying for hard copies of computerized images of documents for the defendants; conducting "national" or "state" depositions; conducting activities connected with the tasks assigned by the PSC as well as those in connection with coordination of the federal and state litigation; the electronic storage, retrieval and searches of ESI; and reasonable travel expenses including lodging and meals, and expenses incurred in connections with PSC approved meetings and events.

d. Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred considering the

complexity of the work and the results obtained.   Appropriate consideration will be given by this Court to the experience, talent, and contributions made by Eligible Counsel, and to the time and effort expended by each as well as to the type, necessity, and value of the particular legal services rendered.

e.      No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order.  GSK shall provide at least quarterly notice to the Court or its designee of the names of claimants and, if applicable, docket numbers of the cases for which it has entered into a settlement agreement and/or made the Assessment.  Without further orders from this Court, details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the PSC, the Court, or the Court's designee. However, quarterly statements from the escrow agent shall be provided to Plaintiffs' Liaison Counsel, Defense Liaison Counsel, the PSC, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f.      If the Fund exceeds the amount needed to make payments as provided in this Order, the Court may order a refund to those who have contributed to the Fund.  Any such refund will be made in proportion to the amount of the contributions.

6.     **<u>Incorporation by Reference</u>**

The Participation Agreement is attached hereto as Exhibit 1 and is incorporated

by reference and has the same effect as if fully set forth in the body of this order.


SO ORDERED this _____day of _____, 2009.


_____
Honorable Cynthia Rufe

# ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement is made this _____ day of _____, 20\_\_, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Eastern District of Pennsylvania in MDL Docket No. 1871 and: _____

_____

(hereinafter "Participating Counsel").

WHEREAS, the United States District Court for the Eastern District of Pennsylvania has appointed Rachel Abrams, Vance Andrus, Bryan Aylstock, Marc Grossman, W. Mark Lanier, David P. Matthews, Shannon Medley, Karen B. Menzies, Michael J. Miller, Benedict Morelli, Dianne Nast, Tracy Rezvani, J. Paul Sizemore, Fred Thompson, and Joseph Zonies to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Avandia, Avandamet, and/or Avandaryl (hereinafter collectively referred to as "Avandia");

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs (the "Common Benefit Attorneys") have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims of Avandia-induced injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

1

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1.      This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s).

2.      This Agreement applies to each and every claim, case, or action arising from the use of Avandia in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Assessed Cases").

3.      With respect to each and every Assessed Case, Participating Counsel understand and agree that Defendant and its counsel will hold back a percentage proportion of the gross recovery that is equal to seven percent (7%) of the Gross Monetary Recovery ("the Assessment").  Of that amount, four percent (4%) shall be deducted from the attorneys' fees and three percent (3%) from the client's shares of the Gross Monetary Recovery.  Defendant or its counsel will deposit the Assessment in the Plaintiff's Litigation Expense Fund ("the Fund").  Should Defendant or its counsel fail to hold back the Assessment for any Assessed Case, Participating Counsel and their law firms shall deposit or cause to be deposited the Assessment in the Fund.  It is the intention of the parties that absent extraordinary circumstances recognized by MDL 1871 Court Order, such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible

2

to receive disbursements from the Fund pursuant to an Order of the Court regarding assessments or the Fund.

4.     The Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a financial interest in connection with any Avandia-induced injury, to the full extent permitted by law, in order to secure payment of the Assessment. The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

5.     The amounts deposited in the Fund shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the Fund.  Participating Counsel may apply to the Court for common benefit fees and reimbursement of expenses, provided that Participating Counsel:

   a.  were called upon by the PSC, in writing, to assist it in performing its responsibilities;

   b.  expended time and efforts for the common benefit; and

   c.  timely submitted such time and expenses in accordance with the Court's orders, or in the absence of such orders, the procedures established by the PSC.

6.     This Agreement is without prejudice to the amount of fees or costs to which Participating Counsel may be entitled to in such an event.

7.     Upon request of the Participating Counsel, the PSC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common

Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package.

        8.      As the litigation progresses and Common Benefit Work Product continues to be generated, the PSC will provide Participating Counsel with such work product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

        9.      No assessments will be due by the Participating Counsel on any recoveries resulting from a medical malpractice claims against treating physicians.

      10.      Both the PSC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PSC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PSC to urge the Court to not interfere with any such agreements so long as they comport with the applicable law or bar rules.

PLAINTIFFS' STEERING COMMITTEE

By: _____
Vance Andrus, Esq.
Andrus-Boudreaux, PLC
1775 Sherman Street, 31st Floor
Denver, Colorado 80203
(303) 376-6360

4

PARTICIPATING ATTORNEYS

By: _____

_____

_____

_____

_____

[Here List the Name and Address of the
Participating Counsel's Firm and Individual
Attorneys]