IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**NINTH REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO SECOND DAY OF DEPOSITIONS
FOR CERTAIN WITNESSES**

**<u>Background</u>**

Pretrial Order No. 28 sets forth the procedures regarding discovery disputes and directs the parties first to present discovery disputes to the Special Master for informal mediation efforts. Pretrial Order No. 38 outlines a Deposition Protocol for the parties to follow. Section II.C of the Protocol provides:

> Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Counsel are encouraged to limit the length of depositions wherever practicable to no more than seven (7) hours, and in no event may a deposition last more than two (2) deposition days absent agreement of the parties or good cause shown. In the event either party anticipates any deposition to exceed seven (7) hours, such party shall notify opposing counsel no less than three (3) weeks prior to the deposition. If the parties are unable to agree on the length for a particular deposition, the dispute shall be submitted promptly to the Special Discovery Master for resolution in advance of the scheduled deposition. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

Over the past few months, a number of disputes have arisen over the duration of depositions of GSK witnesses but the parties have resolved most of these with the assistance of the

Special Master. In some cases, where discussions with the Special Master did not bring about an agreement, the Special Master made a ruling on the PSC's request for a second day of deposition for a GSK witness. Until now, neither party has asked the Special Master to file a report with the Court so that the party against whom the Special Master has ruled can appeal that ruling.

On October 20, 2009, the PSC submitted a request to the Special Master (which was dated October 19, 2009) for approval of a second day of deposition for Dr. Martin Freed, with documentation supporting its request. GSK submitted an opposition on October 22, 2009, with documentation. On October 23, 2009, and October 26, 2009, the PSC and GSK, respectively, submitted supplemental letters on this issue. These materials, some of which have been marked confidential, are being submitted to the Court under seal as Exhibits A through D. On October 20, 2009, the PSC submitted a request for a second day of deposition for Dr. Joanna Balcarek, with documentation supporting its request. On October 22, 2009, GSK submitted an opposition to that request, also with documentation. These materials also are being submitted to the Court under seal, as Exhibits E and F.

On October 26, 2009, after reviewing the submissions from the parties, the Special Master conveyed to the parties his ruling that a second day of deposition would not be allowed for these two witnesses. The Special Master's reasons for his rulings are set forth below.

I.   DR. MARTIN FREED

The Special Master carefully considered the arguments by PSC for a second day of deposition and the arguments by GSK against a second day for Dr. Martin Freed. The PSC contends that Dr. Freed "was a key player in the Avandia franchise" and that the PSC's lawyers "made efficient and effective use of the allotted time" for his deposition. The PSC contends that it simply could not complete all of the necessary questioning of Dr. Freed in the seven hours allotted

for his deposition.  GSK, however, makes a compelling case that the PSC did not use its time with Dr. Freed efficiently.  The Special Master accepts the PSC's contention that Dr. Freed is an important witness, but the parties may not waste valuable witness and lawyer time at depositions on the assumption that they will have another seven hours in which to question the witness.  The standard under the federal rules is seven hours, *see* Fed. R. Civ. P. 30(d)(1), and while the Deposition Protocol allows for two seven-hour days and some witnesses have been deposed for two days (and others plainly will be in the future), where the questioning counsel manifestly uses the initial seven hours inefficiently, a second day should not be granted.  For these reasons, the Special Master recommends that a second day of deposition not be allowed for Dr. Freed.

## II.     DR. JOANNA BALCAREK

The Special Master also carefully considered the arguments by PSC for a second day of depositions and the arguments by GSK against a second day for Dr. Joanna Balcarek.  The Special Master denied the request for the following reasons:

1. A review of Dr. Balcarek's testimony during the first day of her deposition reveals that one day was sufficient for the examination of Dr. Balcarek, had the questions been appropriate.  More than half of the 46 exhibits used at her deposition were demonstrative-type true or false statements.  Dr. Balcarek could not respond to many of these statements by saying true or false and the PSC's counsel spent substantial time in re-recording or re-reading its statements in order to elicit a response.

2. The justifications offered by the PSC in its letter of October 20, 2009 (Exhibit E) do not explain why the PSC did not focus on the areas of additional questioning it now wishes to cover.  The Special Master has the impression that the questions on the first day in some

cases have been handled loosely on the assumption that a second day will be routinely granted. That assumption is not warranted.

*  *  *  *

Pursuant to Pretrial Order Nos. 8 and 28, any party seeking to prevent this Report and Recommendation from taking effect must file with the Court an appeal in the form of a motion with the Court within ten (10) calendar days from the date this Report and Recommendation is filed with the Court, setting forth the relief requested. If no appeal is filed with the Court within the ten (10) day period, this Report and Recommendation will be deemed to be accepted by all parties and the Court will enter an Order accordingly.

Dated:  October 30, 2009          /s/ Jerome J. Shestack
                                  Jerome J. Shestack, Special Master

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 1871** <br> **07-md-01871-CMR** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | |

## CERTIFICATE OF SERVICE

I, Bruce P. Merenstein, hereby certify that on October 30, 2009, I caused to be electronically filed the foregoing **Ninth Report and Recommendation of the Special Master as to Second Day of Depositions for Certain Witnesses**. Through the Court's ECF system, this document is available for viewing and downloading.

/s/ Bruce P. Merenstein
Bruce P. Merenstein