IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                      :

**IN RE: AVANDIA MARKETING, SALES**     :
**PRACTICES AND PRODUCTS LIABILITY**  :  **MDL No. 1871**
**LITIGATION**                                            :  **07-md-01871-CMR**
_____ :  **HON. CYNTHIA M. RUFE**
                                                      :

**THIS DOCUMENT RELATES TO ALL**    :
**ACTIONS**                                                         :
_____ :

**THIRTEENTH REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO DEFENDANT'S REQUEST FOR DISCOVERY IN
CASE NO. 07-CV-5360-CMR**

Pretrial Order No. 28 sets forth the procedures regarding discovery disputes and directs the parties first to present discovery disputes to the Special Master for informal mediation efforts. On February 25, 2010, through a letter by its counsel, GSK brought to the attention of the Special Master a discovery dispute among the parties in the matter of *Burford v. SmithKline Beecham Corp. d/b/a GlaxoSmithKline*, No. 07-CV-5360-CMR. Plaintiff's counsel responded to GSK's submission with a February 26, 2010 letter to the Special Master, and GSK submitted a reply on March 2, 2010. The Special Master recommended that GSK's request be denied, and GSK indicated that it wished to appeal that ruling to the Court. As a result, the Special Master is submitting this Report and Recommendation.

**BACKGROUND**

The *Burford* case is the first MDL case scheduled to be tried in this Court. The case was brought by Deborah Burford, individually and as executrix of the Estate of James T. Burford. Plaintiff alleges that Mr. Burford suffered injuries resulting in his death that were caused by taking

Avandia. In an expert report submitted on January 15, 2010, John F. Warren, III, Ph.D., opined that Ms. Burford suffers from Major Depressive Disorder as a result of her husband's death, and that Michael Burford, the Burfords' minor son, suffers from a depressive order, also as a result of his father's death.

Based on this opinion, GSK sought medical, employment, and educational records authorizations from plaintiff's counsel. Plaintiff provided some mental health records to GSK and also agreed to make Michael Burford available for a deposition. However, the parties remained deadlocked on GSK's request for blanket medical, employment, and educational records authorizations. As noted, GSK brought this matter to the attention of the Special Master on February 25, 2010, in a letter requesting that the Special Master recommend that plaintiff be immediately compelled to provide the requested records authorizations from Deborah and Michael Burford.

Plaintiff's counsel responded on February 26, 2010, both directly to GSK's counsel and to the Special Master. Plaintiff's counsel offered to obtain all of the requested records and review them for any information relevant to plaintiff's mental health claims. Plaintiff also provided a complete set of Deborah Burford's employment records at that time, and indicated that it was expected that Michael Burford's educational records would similarly be provided in the near future. Plaintiff objected, however, to the request for medical authorizations that would allow GSK to obtain any and all medical records from Deborah and Michael Burford.

**ANALYSIS**

In its submission to the Special Master, GSK argued that (1) PTO Nos. 7 and 50 required plaintiffs to provide medical authorizations; (2) the records sought were relevant and essential to GSK's defense; and (3) there was no basis for plaintiff's counsel to offer to review the records

before producing them.  Plaintiff agreed that GSK was entitled to "records that reflect Plaintiff's complaints of psychological injury," but argued that GSK was not entitled to receive all of plaintiff's medical, employment, and educational records.

The Special Master recommends that GSK's request be denied.  Initially, the Special Master does not agree with GSK that PTO Nos. 7 and 50 require plaintiff — the widow and executrix for the estate of an individual who took Avandia — or her minor son to provide medical authorizations.  Nor do these PTOs require the Burfords to provide blanket employment and/or educational authorizations.

Under Rule 26(b)(1), GSK is entitled to discovery of any matter "that is relevant to any party's claim or defense."  It is common and accepted practice for a party's counsel to collect material from its client, review that material for such issues as privilege and relevancy, and then produce material that is relevant to a claim or defense and not protected by a privilege.  Plaintiff's counsel has offered to follow this procedure here, with regard to plaintiff's medical, employment, and educational records, and GSK has suggested no basis to believe that plaintiff's counsel will not do so in good faith.  Particularly where plaintiff is not alleging any physical injury and has not claimed that she has experienced difficulty at work (or her son at school), this procedure is entirely appropriate.

Finally, GSK argues that it is entitled to all of plaintiff's medical, employment, and educational records in order to discover the *absence* of any information related to plaintiff's claim of psychological harm.  However, if plaintiff's counsel represents that she has reviewed these records and found no relevant information, this fact itself is relevant to GSK's defense.  For example, if plaintiff produces no medical records in response to GSK's request, she can be cross-examined at trial about the fact that she can point to no medical records that support her claims of psychological

harm.  Similarly, if plaintiff contends that her employment suffered as a result of her mental health issues, but she produces no employment records in response to GSK's request, she can be cross-examined about this apparent inconsistency.

* * * *

Pursuant to Pretrial Order Nos. 8 and 28, any party seeking to prevent this Report and Recommendation from taking effect must file with the Court an appeal in the form of a motion with the Court within ten (10) calendar days from the date this Report and Recommendation is filed with the Court, setting forth the relief requested.  If no appeal is filed with the Court within the ten (10) day period, this Report and Recommendation will be deemed to be accepted by all parties and the Court will enter an appropriate Order.

Dated:  March 5, 2010                    /s/ Jerome J. Shestack
                                                             Jerome J. Shestack, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                              :
IN RE: AVANDIA MARKETING, SALES               :
PRACTICES AND PRODUCTS LIABILITY              :   MDL No. 1871
LITIGATION                                    :   07-md-01871-CMR
_____        :   HON. CYNTHIA M. RUFE
                                              :
THIS DOCUMENT RELATES TO ALL                  :
ACTIONS                                       :
_____        :

## CERTIFICATE OF SERVICE

I, Bruce P. Merenstein, hereby certify that on March 5, 2010, I caused to be electronically filed the foregoing **Thirteenth Report and Recommendation of the Special Master As To Defendant's Request For Discovery In Case No. 07-CV-5360-CMR**.  Through the Court's ECF system, this document is available for viewing and downloading.

                                    /s/ Bruce P. Merenstein
                                    Bruce P. Merenstein