**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | : | |
|---|---|---|
| **IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | : : : : | **MDL No. 1871** **07-MD-01871-CMR** |
| --------------------------------------------------------------------- | : : | |
| **THIS DOCUMENT RELATES TO** Case No.: 2:10-CV-01637-CMR | : : : | |
| COUNTY OF SANTA CLARA, etc. et al., | : : | |
| Plaintiff, | : : | |
| vs. | : : : | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, | : : : | |
| Defendant. | : : | |

---

**MOTION FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE AND**
**DESIGNATION AS LEAD GOVERNMENTAL ENTITY COUNSEL**

Pursuant to this Court's Pre-trial Order No. 103, Paul R. Kiesel of Kiesel Boucher & Larson, L.L.P. of Beverly Hills, California, and John T. Boundas of Williams Kherkher Hart & Boundas, L.L.P., of Houston, Texas ("Moving Counsel") move this court for appointment to the Plaintiff's Steering Committee ("PSC") for MDL No. 1871. Further, Moving Counsel also seeks designation as lead counsel for all **governmental entities** before the MDL.

Miguel Márquez, County Counsel for the County of Santa Clara, California, has retained Moving Counsel to assist in prosecuting on the County's behalf, and on behalf of the People of the State of California, claims under California Business & Professions Code §17500, *et seq*. ("§17500"), against defendant GlaxoSmithKline ("GSK") for GSK's false and deceptive

1

marketing of Avandia.  This case overlaps with cases presently before the Court to the extent that those cases focus on GSK's sales and marketing of Avandia.  Furthermore, the preparation required for this case will simultaneously inure to the benefit of the personal injury and class suits as it further proves that GSK was false and deceptive in its representations and omissions regarding Avandia.

As a government enforcement action, however, this case's focus is critically different from others before the Court.  Key distinguishing features of the County's suit include, but are not limited to, the following: (1) specific medical causation is not an issue;[1] (2) the County need not prove reliance by any entity on any GSK representations and/or omissions, only that their conduct was "likely to deceive";[2] (3) class certification is ***not*** required;[3] and (4) as a governmental entity the County seeks civil penalties from GSK of up to $2500 for each of GSK's violations of §17536 of the State of California Business and Professions Code  Moreover, pursuant to power vested in it under California law, the County seeks treble restitution of ***all*** GSK's Avandia sales in California from the drug's launch in 1999 through the present.[4]  Moving Counsel is unaware of any similar suit being filed in the United States, and there is no other known suit brought by a governmental entity before this Court, though other suits may well be forthcoming.

Thus, the County's non-class suit is focused primarily on GSK's sales and marketing of Avandia, and the County has available to it claims and remedies that are unique and distinct from

---

[1] *See* California Business & Professions Code §17500.

[2] *In re Tobacco II Cases*, 46 Cal.4th 298, 320 (2009); *People of the State of California v. Toomey*, 157 Cal.App.3d 1, 17 (1984)(*citing Chern v. Bank of America*, 15 Cal.3d 866, 876 (1976), and *Committee of Children's Television, Inc., v. General Foods Corp.*, 35 Cal.3d 197, 211 (1983)).

[3] California Business & Professions Code §17535.

[4] *See* California Business & Professions Code §17535; *see also Clark v. Superior Court*, 174 Cal.App.4th 82, 99 (2009)(citing California Civil Code §3345(b)).

the other cases before the Court. As such, appointment of Moving Counsel to the PSC serves the dual purposes of further developing discovery on GSK's sales and marketing practices through the County's suit,[5] and having in place highly competent counsel with experience in both pharmaceutical litigation and assisting governmental enforcement actions.

Mr. Kiesel was deeply involved in the Fen-Phen Diet Drug litigation, particularly in California. In addition to trying cases and serving on the Plaintiff's Steering Committee for the California coordinated cases in this litigation, Mr. Kiesel worked closely with both plaintiff and defense counsel in settling thousands of cases. Mr. Kiesel was similarly active in the California Vioxx litigation, and he presently serves on the Plaintiff's Steering Committee in the California Yaz litigation. Additionally, Mr. Kiesel and his firm have extensive experience and competence in representing governmental entities. He and his firm have assisted and are currently assisting numerous cities and municipalities across the country, from Los Angeles and Santa Monica to St. Louis and, imminently, to Alleghany County Pennsylvania, in the Transient Occupancy Tax ("TOT") cases. The cases seek recovery of Transient Occupancy Taxes collected by internet travel companies (e.g., Expedia, Travelocity, Priceline and Orbitz) but not paid to the governmental entities where the hotels which were the subject of the transient occupancy were located. For additional support for this application, please see the Declaration of Paul R. Kiesel, attached hereto as Exhibit A.

Similarly, Mr. Boundas and his firm have considerable experience in pharmaceutical litigation and representing governmental entities. Mr. Boundas's firm was one of five firms that assisted the State of Texas in suing the tobacco industry to recover costs the state expended treating tobacco-related illnesses. The settlement his firm assisted in securing—$17 billion—

---

[5] The County's motion comes at a particularly opportune moment, as many of the attorneys who were leading this charge have settled their cases, or will be doing so soon, and may be resigning from the PSC.

remains one of the largest settlements in U.S. history. Mr. Boundas also has been very active in pharmaceutical litigation all over the United States. For example, he and his firm tried Fen Phen cases in Texas, California, and Pennsylvania. For additional support for this application, please see the Declaration of John T. Boundas, attached hereto as Exhibit B.

Given the nature and scope of the claims asserted by the County of Santa Clara in its governmental capacity on behalf of the People of the State of California, and the important public interest served thereby, it is respectfully requested that the Court designate its counsel to participate as a member of the PSC and as Lead Counsel for the governmental entity claims. In sum, Moving Counsel is well suited to assist in and build upon the outstanding work the current PSC has done in prosecuting the Avandia claims before this Court. They are equally and uniquely qualified to serve as lead governmental entity counsel before this Court.

Date: July 14, 2010                                     Respectfully submitted,


                                                        /s/ Paul R. Kiesel
                                                        Miguel Márquez (CA Bar No. 184621)
                                                        County Counsel
                                                        Tamara Lange (CA Bar No.177949)
                                                        Lead Deputy County Counsel
                                                        Katherine Desormeau (CA Bar No. 266463)
                                                        Impact Litigation Fellow
                                                        OFFICE OF THE COUNTY COUNSEL
                                                        COUNTY OF SANTA CLARA
                                                        70 West Hedding St., East Wing, 9th Fl.
                                                        San Jose, CA 95110
                                                        (408) 299-5900

                                                        Paul R. Kiesel, Esq. (CA Bar No. 119854)
                                                        Steven D. Archer, Esq. (CA Bar No. 63834)
                                                        KIESEL BOUCHER & LARSON, LLP
                                                        8648 Wilshire Boulevard
                                                        Beverly Hills, CA 90211
                                                        (310) 854-4444

G. Erick Rosemond (CA Bar No. 226389)
R. Keith Weber, Jr. (TX Bar No. 24056502)
WOODFILL & PRESSLER LLP
2 Houston Center
909 Fannin, Suite 1470
Houston, TX 77010
(713) 751-3080

John Boundas (TX Bar No. 00793367)
Harry G. Potter III (TX Bar No. 16175300)
WILLIAM KHERKHER HART
BOUNDAS LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5051
(713) 230-2200

**Attorneys for Plaintiff COUNTY OF SANTA CLARA, individually and on behalf of the People of the State of California**

CERTIFICATE OF SERVICE

I, Julissa E. Salgueiro, hereby certify that on this 14th day of July 2010, I did cause to have the foregoing **MOTION FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE AND DESIGNATION AS LEAD GOVERNMENTAL ENTITY COUNSEL**, and **PROPOSED ORDER**, served by First Class Mail, postage prepaid, and ECF electronic notification upon the following:

Nina M. Gussack, Esq.
Anthony Vale, Esq.
Yvonne M. McKenzie, Esq.
Hedya Aryani, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
10th & Archs Streets
Philadelphia, PA 19103
(215) 981-4000

Donald F. Zimmer, Jr.
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
(415) 318-1200

**Attorneys for Defendant GlaxoSmithKline LLC**

_____
Julissa E. Salgueiro

1