IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | : : : : | **MDL No. 1871** **07-md-01871-CMR** **HON. CYNTHIA M. RUFE** |
| | : | |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | : : : | |

**SIXTEENTH REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO DEFENDANT'S MOTION FOR AN ORDER
REGARDING COMPENSATION SOUGHT OR RECEIVED BY PLAINTIFFS**

Pretrial Order No. 28 sets forth the procedures regarding discovery disputes and directs the parties first to present discovery disputes to the Special Master for informal mediation efforts. On December 3, 2010, GSK requested entry of a Pretrial Order requiring each plaintiff and claimant subject to a tolling agreement to certify whether the plaintiff or claimant previously sought or received compensation in litigation other than the present litigation for cardiac-related injuries or other injuries allegedly caused by Avandia. The PSC opposed this request in a December 14, 2010 letter to the Special Master. The Special Master recommends that GSK's request be granted, in part, as explained below.

**BACKGROUND**

In August 2010, GSK filed a motion for entry of a "Lone Pine" order that would require each plaintiff or claimant subject to a tolling agreement to file a certification of a physician that the plaintiff or claimant's alleged injury was caused by Avandia. In November 2010, at the request of the Court, the parties engaged in mediation with the Special Master in an effort to reach an

agreement on the contents of such an order.  Although the parties were not able to agree on the contents of the Lone Pine order, the court eventually entered a Lone Pine order on November 16, 2010, which requires each plaintiff or claimant subject to a tolling agreement to file, within specified time periods, a physician certification that the plaintiff or claimant used Avandia and suffered one or more listed injuries while taking Avandia or within a specified time period after taking Avandia.

As a follow-up to the Lone Pine order, GSK requested that each plaintiff or claimant be required to certify whether he or she sought or received compensation as part of non-Avandia litigation for the same injuries that the plaintiff or claimant is now claiming were caused by Avandia.  GSK also requested that any such plaintiff or claimant be required to identify (1) the person or entity from whom the plaintiff sought or received compensation; (2) the amount of such compensation; and (3) the name and address of the attorney in connection with such claim.  The PSC opposed GSK's request and the parties were unable to reach an agreement on this issue.

**ANALYSIS**

GSK's request, as modified below, is a reasonable extension of the Lone Pine order entered by the Court.  Discovery may be had "regarding any nonprivileged matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  Information that a plaintiff was compensated (or sought compensation) through litigation involving one alleged cause of an injury is relevant in later litigation in which the plaintiff is alleging that another factor (in this case, Avandia) also caused the same injury.  *Cf. Gigliotti v. Machuca*, 597 A.2d 655, 661-62 (Pa. Super. 1991).  In an MDL, discovery of common information such as this is properly subject to global orders governing all plaintiffs.  *See, e.g.*, PTO Nos. 7, 50, 55, 86, 121.

Thus, the Special Master recommends entry of an order (in the form attached hereto) requiring all plaintiffs and claimants subject to a tolling agreement to produce to GSK information

regarding the plaintiff or claimant's prior compensation through litigation in which the plaintiff or claimant alleged that a product other than Avandia caused the injury the plaintiff or claimant is now alleging was caused by Avandia.  The Special Master does not believe that such an order should require the additional information sought by GSK, as such information can be obtained through future case-specific discovery, if necessary.

* * * *

Pursuant to Pretrial Order Nos. 8 and 28, any party seeking to prevent this Report and Recommendation from taking effect must file with the Court an appeal in the form of a motion with the Court within ten (10) calendar days from the date this Report and Recommendation is filed with the Court, setting forth the relief requested.  If no appeal is filed with the Court within the ten (10) day period, this Report and Recommendation will be deemed to be accepted by all parties and the Court will enter an appropriate Order.

Dated:  December 21, 2010            /s/ Jerome J. Shestack
                                     Jerome J. Shestack, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1871<br>07-md-01871-CMR<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

### CERTIFICATE OF SERVICE

I, Bruce P. Merenstein, hereby certify that on December 21, 2010, I caused to be electronically filed the foregoing **Sixteenth Report and Recommendation of the Special Master As to Defendant's Motion for an Order Regarding Compensation Sought or Received by Plaintiffs**. Through the Court's ECF system, this document is available for viewing and downloading.

/s/ Bruce P. Merenstein
Bruce P. Merenstein