IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION : | MDL No. 1871<br>07-md-01871-CMR |

### PRETRIAL ORDER NO. 132

AND NOW, this 23rd day of May, 2011, the Court having been informed that:

(a) a settlement, memorialized in a Master Settlement Agreement, has been reached of the Avandia-related claims of certain claimants who are represented by the law firms Khorrami Pollard & Abir LLP ("KPA") and/or Kabateck Brown Kellner LLP ("KBK") and who filed lawsuits asserting such claims against GlaxoSmithKline LLC or a predecessor entity ("GSK") in one or more California state courts;

(b) Plaintiffs Steering Committee ("PSC") has asserted that a Common Benefit Fund assessment is required against the settlement amount under this Court's Pretrial Order No. 70 [Dkt. 495];

(c) KPA and KBK, while reserving their right to argue to the Court that it lacks jurisdiction to apply Pretrial Order No. 70 and/or any Common Benefit Fund assessment to some or all of their California state court cases, have nevertheless agreed that this Court may decide whether it has jurisdiction and, if so, whether any Common Benefit Fund assessment is required; and

(d) GSK and KPA/KBK (on behalf of their clients) have negotiated an Addendum to the Master Settlement Agreement that would permit distributions to begin, while reserving funds for

the possible payment of various items listed in the Addendum (including a 7% reserve being set aside pending this Court's determination of whether a Common Benefit Fund assessment is required):

It is therefore ORDERED as follows:

1. Within ninety (90) days of the date of this Order, the PSC shall file and serve, in the form of a motion, with supporting papers (including any affidavits or other evidentiary materials it deems appropriate), its request that this Court direct a Common Benefit Fund assessment be made under Pretrial Order No. 70 against some or all of the California state court claims that have been settled in the Master Settlement Agreement (including Addendum) between GSK and KPA/KBK on behalf of its clients in those California state court cases.

2. Within thirty (30) days after being served with the PSC's moving papers, KPA and/or KBK (and any other party that wishes to take a position on this matter, including GSK) shall file and serve their papers (including any affidavits or other evidentiary materials they deem appropriate) in opposition to or in response to the PSC's moving papers.

3. To the extent PSC believes it would be helpful to the Court, and without unnecessarily repeating any arguments previously made, PSC may file and serve a reply brief (including any additional affidavits or other evidentiary materials it deems appropriate) within fifteen (15) days after being served with any responding papers under ¶ 2 above.

4. To the extent KPA and/or KBK (or any other responding party, including GSK) believe(s) it would be helpful to the Court, and without unnecessarily repeating any arguments previously made, KPA and/or KBK (and any other responding party, including GSK) may file and serve a surreply brief (including any additional affidavits or other evidentiary materials it

-3-

deems appropriate) within fifteen (15) days after being served with any reply papers under ¶ 3 above.

5. Any further submissions beyond those described in ¶¶ 1-4 above require leave of Court.

6. Having now established a procedure for determining the issue of the propriety of applying any Pretrial Order 70 Common Benefit Fund assessment to the settlement of the California state court cases in which the claimants are represented by KPA and/or KBK, the Court is not aware of any MDL 1871-related reason why the parties to the Master Settlement Agreement cannot move forward and distribute whatever settlement funds are not being reserved for the possible payment of the various items listed in the Addendum to the Master Settlement Agreement (including the 7% reserve being set aside pending the Court's determination of whether a Common Benefit Fund assessment is required).

BY THE COURT:

_____
Cynthia M. Rufe, U.S.D.J.