IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**SEVENTEENTH REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO SECOND DAY OF DEPOSITIONS
FOR CERTAIN WITNESSES**

Pretrial Order No. 28 sets forth the procedures regarding discovery disputes and directs the parties first to present discovery disputes to the Special Master for informal mediation efforts. Pretrial Order No. 38 outlines a Deposition Protocol for the parties to follow. Section II.C of the Protocol provides:

> Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Counsel are encouraged to limit the length of depositions wherever practicable to no more than seven (7) hours, and in no event may a deposition last more than two (2) deposition days absent agreement of the parties or good cause shown. In the event either party anticipates any deposition to exceed seven (7) hours, such party shall notify opposing counsel no less than three (3) weeks prior to the deposition. If the parties are unable to agree on the length for a particular deposition, the dispute shall be submitted promptly to the Special Discovery Master for resolution in advance of the scheduled deposition. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

Over the past two years, a number of disputes have arisen over the duration of depositions of GSK witnesses but the parties have resolved most of these with the assistance of the Special Master. In some cases, where discussions with the Special Master did not bring about an

agreement, the Special Master made a recommendation on the PSC's request for a second day of deposition for a GSK witness. Only once, in October 2009, did either party ask the Special Master to file a report with the Court so that the party against whom the Special Master had ruled could appeal that ruling. That report and recommendation (the Special Master's Ninth Report and Recommendation) was filed on October 30, 2009, and recommended that the PSC's request for a second day of deposition for Dr. Martin Freed and Dr. Joanna Balcarek be denied. Following briefing before the Court, the Court adopted the Special Master's Ninth Report and Recommendation and denied the PSC's request for a second day of depositions for Drs. Freed and Balcarek. *See* PTO No. 83 (Dec. 3, 2009).

On April 7, 2011, the PSC again requested a second day of deposition for Dr. Freed, along with a second day of deposition for Peter Lammers. The basis for both requests was that GSK had produced a substantial number of documents from both Dr. Freed's and Mr. Lammers' custodial files following their depositions (and, in Dr. Freed's case, following the PSC's first request for a second day of deposition). GSK filed an opposition to the PSC's request on April 25, 2011, and on May 6, 2011, the Special Master rejected the PSC's request. The Special Master then accepted a further letter brief from the PSC, filed on May 16, 2011, before reiterating his prior ruling on May 19, 2011. The PSC then indicated its intent to appeal the Special Master's ruling, precipitating the present Report and Recommendation.

The Special Master recommends that the PSC's request for a second day of deposition for Dr. Freed and Mr. Lammers be denied for essentially the following reasons: First, the PSC's request is based on the faulty premise that a witness can be asked about every relevant document produced from that witness's custodial file. Given the number of documents produced from these witnesses' (and others') files, there will never be enough time to ask the witnesses about every relevant document, whether the PSC has seven hours or fourteen hours with each witness.

The PSC had an opportunity to ask these witnesses about numerous documents in the seven hours that they were deposed, and that should be sufficient to obtain any necessary information from these witnesses and prepare to cross-examine them at trial.

In addition, because many other witnesses could have been asked about the documents at issue (given that many of the documents were produced from other sources prior to the other depositions), there is no good cause for deposing these witnesses for a second day. Moreover, few of the documents appear to raise new issues that could not have been explored during these witnesses' original depositions. Finally, the requests for a second day of deposition for each of these witnesses could have been made long ago. The PSC has offered no persuasive justification for its substantial delay in making these requests.

* * * *

Pursuant to Pretrial Order Nos. 8 and 28, any party seeking to prevent this Report and Recommendation from taking effect must file with the Court an appeal in the form of a motion with the Court within ten (10) calendar days from the date this Report and Recommendation is filed with the Court, setting forth the relief requested. If no appeal is filed with the Court within the ten (10) day period, this Report and Recommendation will be deemed to be accepted by all parties and the Court will enter an Order accordingly.

Dated:  May 25, 2011                            /s/ Jerome J. Shestack
                                                Jerome J. Shestack, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 1871**<br>**07-md-01871-CMR** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | |

**CERTIFICATE OF SERVICE**

I, Bruce P. Merenstein, hereby certify that on May 25, 2011, I caused to be electronically filed the foregoing **Seventeenth Report and Recommendation of the Special Master as to Second Day of Depositions for Certain Witnesses**. Through the Court's ECF system, this document is available for viewing and downloading.

/s/ Bruce P. Merenstein
Bruce P. Merenstein