IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| SHEILA SCHRANK *on behalf of herself and all others similarly situated*         v. SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : : : : : | CIVIL ACTION  NO. 07-4965 |

**MEMORANDUM OPINION AND ORDER**

Rufe, J.                                                                                                          September 7, 2011

The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not allege that she has been physically injured as a result of taking Avandia; instead she seeks a refund of any monies she paid for Avandia (including insurance co-pays) and medical monitoring. Each type of relief is sought on behalf of a class of similarly-situated individuals (the "Refund Class" and the "Monitoring Class," respectively), but no classes have been certified. The defendant, GlaxoSmithKline LLC ("GSK"), has filed a motion to dismiss. The motion will be granted.

**I. BACKGROUND**

Plaintiff alleges that GSK promoted the use of Avandia to lower blood-sugar levels of patients with Type 2 diabetes. Plaintiff also alleges that taking Avandia significantly increases

the patient's chances of suffering a heart attack or susceptibility to other health risks, and that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program.[1] According to Plaintiff, this resulted in Plaintiff and others purchasing Avandia instead of seeking alternative treatments.[2] Plaintiff alleges that she is a resident of New York and that on or after May 25, 1999, she was prescribed Avandia for the treatment of Type 2 diabetes, that she purchased the drug and was "exposed" to Avandia for at least 12 weeks,[3] and having been exposed, she is at high risk for future myocardial ischemic events.[4] These are the only allegations in the complaint specific to Plaintiff.

## II.  LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the

---

[1] Am. Compl. ¶¶ 4, 8.

[2] Am. Compl. ¶ 19.

[3] Am. Compl. ¶ 31.

[4] Am. Compl. ¶ 28.

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

non-moving party.[6] Courts are not bound to accept as true legal conclusions couched as factual allegations.[7] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[8] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[9] The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[10]

### III. DISCUSSION

*A. Consumer Protection Law*

To state a claim under New York's Consumer Protection Law[11], the plaintiff must allege that the defendant has engaged in a materially deceptive or misleading practice and that the plaintiff has been injured as a result.[12] "[W]hile an assertion of justifiable reliance is not necessary, a plaintiff must allege that defendant's consumer-oriented, deceptive acts or practices

---

[6] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

[10] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[11] N.Y. Gen. Bus. Law § 349.

[12] Colacicco v. Apotex, Inc., 432 F. Supp. 2d 514, 550 (E.D. Pa. 2006) (applying New York law), aff'd, 521 F.3d 253 (3d Cir.2008), cert. granted, judgment vacated on other grounds, ––– U.S. ––––, 129 S. Ct. 1578 (2009).

caused actual, although not necessarily pecuniary, harm directly to plaintiff."[13] Although Plaintiff does allege that she paid more for her diabetes drug than she would have paid in the absence of the alleged misrepresentations, "[i]n interpreting this causation requirement, courts have held that where a plaintiff alleges that a defendant has engaged in deceptive advertising, but does not allege to have seen or been aware of such advertising, the plaintiff has not sufficiently pled a claim under GBL 349 at the motion to dismiss stage."[14] Plaintiff's complaint fails to allege that she saw any of the advertising.

### B. Unjust Enrichment

A claim for unjust enrichment under New York Law requires allegations that (1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff.[15] As Plaintiff does not allege that her physician's decision to prescribe the drug was influenced by defendant or that the drug was ineffective to treat her, she has failed to allege that defendant is in possession of money belonging to plaintiff and her claim must be dismissed.[16]

### C. Medical Monitoring

It appears that the New York Court of Appeals has not specifically held that an independent action for medical monitoring exists in that state. However, courts have predicted

---

[13] Baron v. Pfizer, Inc., 42 A.D.3d 627, 629, 840 N.Y.S.2d 445, 448 (N.Y. App. Div. 2007) (internal quotation omitted).

[14] Pa. Emp. Benefit Trust Fund v. Zeneca, Inc., 710 F. Supp. 2d 458, 474 (D. Del. 2010).

[15] Baron, 42 A.D.3d at 629-30, 840 N.Y.S.2d at 448-49.

[16] Id.

that such a cause of action would be recognized, at least in the context of toxic torts, provided that the plaintiff can allege:

> (1) exposure greater than normal background levels;
> (2) to a proven hazardous substance;
> (3) caused by the defendant's tortious conduct;
> (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;
> (5) a monitoring procedure exists that makes the early detection of the disease possible;
> (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and
> (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.[17]

Defendant argues that Plaintiff has not established the existence of a traditional tort cause of action, such as negligence, and that Plaintiff has not alleged the need for cardiovascular monitoring for Avandia patients beyond that recommended for all patients with Type 2 diabetes.[18] Because the complaint is grounded in claims of fraud, not negligence, and Plaintiff has not alleged, for example, what medical monitoring procedure exists and how it differs from the monitoring for all patients with Type 2 diabetes, the complaint fails to state a claim upon which relief can be granted.[19]

---

[17] Abbatiello v. Monsanto Co., 522 F. Supp.2d 524, 539 (S..D.N.Y. 2007).

[18] Def.'s Mem. Mot. Dismiss at 10-11.

[19] Cf. In re Diet Drugs, 1999 WL 673066, at *4 (holding under identical Pennsylvania law that the plaintiffs alleged the monitoring sought, including performing state-of-the art echocardiograms and chest x-rays for each class member).

## IV. CONCLUSION

Plaintiff's complaint fails to state any claim upon which relief can be granted. Defendant's motion to dismiss will be granted without prejudice; Plaintiff may file an amended complaint.

An appropriate order will be entered.