IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| CLIFFORD CARTWRIGHT *on behalf of himself and all others similarly situated* v. SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : : : : : | CIVIL ACTION NO.  07-4959 |

**MEMORANDUM OPINION AND ORDER**

Rufe, J.                                                                                                       September  7, 2011

The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not allege that he has been physically injured as a result of taking Avandia; instead he seeks a refund of any monies he paid for Avandia (including insurance co-pays) and medical monitoring.  Each type of relief is sought on behalf of a class of similarly-situated individuals (the "Refund Class" and the "Monitoring Class," respectively), but no classes have been certified.  The defendant, GlaxoSmithKline LLC ("GSK"), has filed a motion to dismiss. The motion will be granted.

**I. BACKGROUND**

Plaintiff alleges that GSK promoted the use of Avandia to lower blood-sugar levels of patients with Type 2 diabetes.  Plaintiff also alleges that taking Avandia significantly increases

the patient's chances of suffering a heart attack or susceptibility to other health risks, and that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program.[1]  According to Plaintiff, this concealment resulted in Plaintiff and others purchasing Avandia instead of seeking alternative treatments.[2]  Plaintiff alleges that he is a resident of Florida and that on or after May 25, 1999, he was prescribed Avandia for the treatment of Type 2 diabetes, that he purchased the drug and was "exposed" to Avandia for at least 12 weeks,[3] and having been exposed, he is at high risk for future myocardial ischemic events.[4]  These are the only allegations in the complaint specific to Plaintiff.

## II.  LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5]  In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the

---

[1] Second Am. Compl. ¶¶ 4, 8.

[2] Second Am. Compl. ¶ 19.

[3] Second Am. Compl. ¶¶ 28-29.

[4] Second Am. Compl. ¶ 26.

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

non-moving party.[6]  Courts are not bound to accept as true legal conclusions couched as factual allegations.[7]  Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[8]  The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[9]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[10]

**III.   DISCUSSION**

   *A.  Florida Deceptive and Unfair Trade Practices Act*

In his first claim for relief, Plaintiff alleges violations of the Florida Deceptive and Unfair Trade Practices Act[11] seeking both refunds and medical monitoring.  To state a claim under the statute, the complaint must not only plead that the conduct complained of was unfair and deceptive, but also that the complaining party was aggrieved by the alleged act.[12]  Plaintiff here

---

[6] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

[10] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[11] Fla. Stat. §§ 501.201-213.

[12] Haun v. Don Mealy Imps., 285 F. Supp. 2d 1297, 1308 (M.D. Fla. 2003). There is some dispute in the case law as to whether the plaintiff must allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Compare Hall v. Bristol-Myers Squibb Co., 2009 WL 5206144 at *6 (D.N.J. Dec. 30, 2009) (citing cases requiring compliance with Rule 9(b)), with Florida v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005) ("FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud, and therefore, the plaintiff need not prove the elements of fraud to sustain an action under the

has not done so; although Plaintiff has made exhaustive allegations regarding GSK's alleged unfair or deceptive practices, the complaint fails to identify any specific advertisements or other materials that Plaintiff viewed, how he was misled by GSK's alleged misrepresentations or how these misrepresentations caused any injury.[13] The complaint also fails to allege that the prescribing physician received any misrepresentation of fact that was relied upon in prescribing Avandia.[14] All of these are facts that should be within Plaintiff's knowledge, and therefore the failure to allege them cannot be excused.[15]

*B. Medical Monitoring*

On behalf of the proposed Florida Medical Monitoring Class, Plaintiff alleges that "[a]s a direct and proximate result of Defendant's misrepresentations regarding Avandia's safety, Plaintiff and the Florida Medical Monitoring Class have an increased risk of contracting a serious latent disease and will incur (if they have not incurred already) the cost of medical monitoring."[16]

To state a claim for medical monitoring under Florida law, the plaintiff must allege:

(1) exposure greater than normal background levels;
(2) to a proven hazardous substance;
(3) caused by the defendant's negligence;
(4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;
(5) a monitoring procedure exists that makes the early detection of the disease possible;

---

statute." (quotation omitted)). Because the complaint fails to allege a claim even without the need to plead fraud with specificity, the Court need not reach this question.

[13] Hall, 2009 WL 5206144 at *9.

[14] Id.

[15] Id. at *10.

[16] Second Am. Compl. ¶ 257.

4

      (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and

      (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.[17]

Defendant argues that Plaintiff has not alleged the existence of a traditional tort cause of action, such as negligence, and that Plaintiff has not alleged the need for cardiovascular monitoring for Avandia patients beyond that recommended for all patients with Type 2 diabetes. The complaint is grounded in allegations of fraud, not negligence, and the claim for medical monitoring essentially tracks the elements of the claim, but without any specific facts alleged (e.g., as to what medical monitoring procedure exists and how it differs from the monitoring for all patients with Type 2 diabetes).[18] Because Plaintiff has not alleged specific facts in support of the claim of negligence, nor the specific monitoring sought, the claim will be dismissed.

    C. *Unjust Enrichment*

Unjust enrichment is an equitable doctrine that applies where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it.[19] Where, as here, the plaintiff "relies on a wrong to supply the unjust factor,"[20] the right of the recovery arises from the alleged tort, which

---

[17] Petito v. A.H. Robins, Co., 750 So.2d 103, 106-07 (Fla. Dist. Ct. App. 1999).

[18] Cf. In re Diet Drugs Products Liability Litigation, 1999 WL 673066, * 4 (E.D. Pa. Aug. 26. 1999) (the plaintiffs alleged the monitoring sought, including performing state-of-the art echocardiograms and chest x-rays for each class member).

[19] See Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp., 899 So.2d 1222, 1227 (Fla. Dist. Ct. App. 2005).

[20] State of Fla.. v. Tenet Healthcare, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005).

if proven, might entitle him to damages, not unjust enrichment.[21]

Plaintiff alleges that he was prescribed Avandia for the treatment of his diabetes and he received the product for which he paid. Plaintiff has not alleged that Avandia did not serve its intended purpose of reducing blood-sugar levels. The allegations that Avandia was not safe, and that GSK knew it was unsafe but promoted the drug anyway, do not give rise to a claim for unjust enrichment.[22]

## IV. CONCLUSION

Plaintiff's complaint fails to state any claim upon which relief can be granted. Defendant's motion to dismiss will be granted without prejudice; Plaintiff may file an amended complaint.

An appropriate order will be entered.

---

[21] Id. (citations omitted).

[22] Prohias v. Pfizer, Inc., 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007).