# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: | : | HON. CYNTHIA M. RUFE |
| JAMES ROLAND *on behalf of himself and all others similarly situated* v. SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : : : : : | CIVIL ACTION NO. 07-5203 |
| PAUL DUMPSON *on behalf of himself and all others similarly situated* v. SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : : : : : | CIVIL ACTION NO. 10-2476 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                           **September 7 , 2011**

      The plaintiffs in these cases are former users of the prescription diabetes drug Avandia. Plaintiffs do not allege that they have been physically injured as a result of taking Avandia; instead they seek a refund of any monies they paid for Avandia (including insurance co-pays) and medical monitoring. Each type of relief is sought on behalf of a class of similarly-situated individuals (the "Refund Class" and the "Medical Monitoring Class," respectively), but no

classes have been certified. The defendant, GlaxoSmithKline LLC ("GSK"), has filed a motion to dismiss both cases. The motion will be granted.

## I. BACKGROUND

Plaintiff alleges that GSK promoted the use of Avandia to lower blood-sugar levels of patients with Type 2 diabetes. Plaintiff also alleges that taking Avandia significantly increases the patient's chances of suffering a heart attack or susceptibility to other health risks, and that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program.[1] According to Plaintiffs, this resulted in Plaintiffs and others purchasing Avandia instead of seeking alternative treatments.[2] Plaintiffs allege that they are residents of California and that on or after May 25, 1999, they were prescribed Avandia for the treatment of Type 2 diabetes, that they purchased the drug and were "exposed" to Avandia for at least 12 weeks,[3] and having been exposed, they are at high risk for future myocardial ischemic events.[4] These are the only allegations in the complaints specific to Plaintiffs.

## II. LEGAL STANDARD

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to

---

[1] Roland Am. Compl. ¶¶ 4, 8. The complaints in the two cases are substantively identical.

[2] Roland Am. Compl. ¶ 19.

[3] Roland Am. Compl. ¶ 32.

[4] Roland Am. Compl. ¶ 28.

state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[6] Courts are not bound to accept as true legal conclusions couched as factual allegations.[7] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[8] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[9] The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[10]

## III. DISCUSSION

*A. California Consumer Protection Laws*

The First Claim for Relief is based upon the California Consumer Legal Remedies Act ("CLRA"),[11] the Second Claim for Relief alleges violation of the Unfair Competition Law

---

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[6] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir.1994); Fay v. Muhlenberg Coll., No. 07–4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[7] Twombly, 550 U.S. at 555, 564.

[8] Id. at 570.

[9] Id. at 562.

[10] Id. (citing McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42–43 (6th Cir.1988)).

[11] Cal. Bus. & Prof. Code §§ 1750, *et seq.*

("UCL"),[12] and the Third Claim for Relief alleges violations of the False Advertising Law ("FAL").[13]  The first and second claims are on behalf of the proposed Medical Monitoring and Refund Classes; the remaining claim is on behalf of the proposed Refund Class only.  Plaintiffs seek damages and injunctive relief.

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices."[14]  The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice."[15]  The FAL makes it unlawful to make or disseminate any statement concerning property or services that is "untrue or misleading."[16]  To state a claim for false advertising, a plaintiff must allege that (1) the statements in the advertising are untrue or misleading; and (2) the defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.[17]

Under the California statutes, fraud is not an essential element of a claim; however, to the extent that the facts alleged necessarily constitute fraud, even if the word fraud is not used, then the claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[18]  If the allegations necessarily constitute fraud, the "'indispensable elements of a fraud

---

[12] Cal. Bus. & Prof. Code § 17200.

[13] Cal. Bus. & Prof. Code. § 17500

[14] Cal. Civ. Code § 1770.

[15] Cal. Bus. & Prof. Code § 17200.

[16] Id. § 17500

[17] Goldsmith v. Allergan, Inc., 2011 WL 147714 (C.D. Cal. Jan. 13, 2011) (citing People v. Lynam, 253 Cal. App. 2d 959, 965, 61 Cal. Rptr. 800 (1967)).

[18] Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1105 (9th Cir. 2003).

claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"[19] Plaintiffs argue that their claims are not all grounded in fraud, in that GSK acted "unfairly" by failing to follow-up on red flags that were "clearly evident" and should have triggered the performance of studies.[20] Although Plaintiffs in a few paragraphs of the complaints refer to willful blindness instead of actual fraud, the complaints overall allege "a unified course of fraudulent conduct" such that they "brim[] with allegations of intentional conduct."[21] Because Plaintiffs have not alleged facts to support justifiable reliance on Defendant's alleged misdeeds, and the statutory claims fail to state a cause of action.[22]

Plaintiffs fail to allege with specificity any connection between Defendant's conduct and any injury to Plaintiffs. The complaints do not allege when Plaintiffs took Avandia, for how long they took it (other than for at least 12 weeks), who prescribed it, what advertising materials or information Plaintiffs relied upon (or even read), what information was provided to the (unidentified) prescribing physicians, or how much Plaintiffs paid for Avandia. Nor do the complaint allege that the prescribing physicians or Plaintiffs actually relied upon any alleged

---

[19] Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) quoted in Vess, 317 F.3d at 1105.

[20] Plff. Mem. at 15.

[21] Mattson v.Bristol-Myers Squibb Co.,No. 07-cv-908, 2009 WL 5216966, at *9 (D.N.J. Dec. 30, 2009).

[22] If an unfair rather than fraudulent practice were alleged, then under California law "it is unclear whether a plaintiff must (1) show that the harm to the consumer of a particular practice outweighs its utility to defendant, S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App.4th 861, 85 Cal. Rptr.2d 301, 316 (Cal. Ct. App.1999); or (2) allege unfairness that is 'tethered to some legislatively declared policy,' Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527, 544 (1999)." Janda v. T-Mobile USA, Inc., 378 F. App'x 705, 708 (9th Cir. 2010). In any event, Plaintiffs' complaints do not identify specific harm or allege violation of a legislatively declared policy.

misrepresentations.[23] In short, Plaintiffs' complaints as currently pleaded are form complaints, without any information about the individual claims, and are insufficient to state a claim as to Plaintiffs.[24]

Plaintiffs also argue that even if they have not alleged a monetary loss, they are entitled to seek injunctive relief. However, as Defendant correctly notes, Plaintiffs have not alleged a risk of future violations such that injunctive relief would be appropriate (indeed, Plaintiffs allege that Defendant's schemes have been revealed and Avandia will be prescribed rarely, if ever, in the future). Thus, no basis for granting injunctive relief has been alleged.

### B.     Unjust Enrichment

In addition to the statutory claims, the Fourth Claim for Relief alleges unjust enrichment on behalf of the proposed Refund Class. Plaintiffs do not dispute that the claim for unjust enrichment is dependent upon the valid assertion of an underlying tort claim. As no such claim has been alleged, the unjust enrichment claim will be dismissed.

## IV. CONCLUSION

Plaintiffs' complaints, which are nearly devoid of any allegations specific to Plaintiffs,

---

[23] Plaintiffs cite cases decided by the California Supreme Court to argue that they need not plead reliance on specific advertisements. See In re Tobacco II Cases, 46 Cal. 4th 298, 326, 93 Cal. Rprtr. 3d 559 (2009). However. the federal courts in California have required "that the circumstances of the fraud must be stated with particularity." In re Actimmune Mktg. Litig., No. C 08-02376 MHP, 2009 WL 3740648, at *13 (N. D. Cal. Nov. 6, 2009) ( "Tobacco II cannot rescue plaintiffs' claims under the UCL fraudulent prong"); see also Kearns, 567 F.3d at 1126 (citing Rule 9(b) and affirming dismissal because the plaintiff failed to identify "what the television advertisements or other sales material specifically stated ... when [plaintiff] was exposed to them ... which ones he found material ... [and] which sales material he relied upon in making his decision to buy").

[24] In fact, the Roland Complaint at several point seeks relief on behalf of "Plaintiff XXXX and the California Class Members." See, e.g., Roland Compl. ¶ 250.

fail to state any claim upon which relief can be granted.  Defendant's motion to dismiss will be granted without prejudice; Plaintiffs may file an amended complaint.

    An appropriate order will be entered.