UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : <br> : <br> : MDL No. 1871 <br> : 07-md-01871 <br> : |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : <br> : <br> : <br> : |

## MOTION FOR ORDER TO SHOW CAUSE

The Court-appointed Advisory Committee hereby respectfully moves this Court to issue an Order to Show Cause, requiring counsel in certain Alabama state court cases to appear and explain why their claimants are not subject to Pretrial Order No. 70's common benefit assessment. In support of its Motion, the Advisory Committee incorporates the attached memorandum of law. This matter is of particular urgency, as we understand that the Alabama Court may hear this matter on or about June 22, 2012.

Dated: June 12, 2012            /s/ Dianne M. Nast_____
　　　　　　　　　　　　　　　　Dianne M. Nast, Esq.
　　　　　　　　　　　　　　　　RodaNast, P.C.
　　　　　　　　　　　　　　　　801 Estelle Drive
　　　　　　　　　　　　　　　　Lancaster, Pennsylvania  17601
　　　　　　　　　　　　　　　　(717) 892-3000

　　　　　　　　　　　　　　　　Vance R. Andrus, Esq.
　　　　　　　　　　　　　　　　Andrus, Hood & Wagstaff, PC
　　　　　　　　　　　　　　　　1999 Broadway, Suite 4150
　　　　　　　　　　　　　　　　Denver, Colorado  80202
　　　　　　　　　　　　　　　　(303) 376-6360

Bryan F. Aylstock, Esq.
Aylstock, Witkin, Kreis & Overholtz PLLC
17 East Main Street, Suite 200
Pensacola, Florida  32502
(850) 916-7450

Thomas P. Cartmell, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri  64112
(816) 701-1102

Joseph J. Zonies, Esq.
Reilly Pozner LLP
1900 Sixteenth Street, Ste. 1700
Denver, Colorado  80202
(303) 893-6100

*Plaintiffs' Advisory Committee*


Paul R. Kiesel, Esq.
Kiesel Boucher Larson LLP
8648 Wilshire Blvd.
Beverly Hills, California  90211
(310) 854-4444

*Plaintiffs' Coordinating Counsel*


Stephen A. Corr, Esq.
Mellon & Webster, P.C.
87 N. Broad Street
Doylestown, Pennsylvania  18901
(215) 348-7700

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1871 <br> 07-md-01871 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE**

The Court-appointed Advisory Committee hereby respectfully moves this Court to issue an Order to Show Cause, requiring counsel in certain Alabama state court cases to appear and explain why their claimants are not subject to Pretrial Order No. 70's common benefit assessment.

**INTRODUCTION**

On June 7, 2012, the firm of Heninger Garrison Davis, LLC ("HGD") filed a motion in Alabama State Court, asking that Court to determine that only 42 of HGD's Avandia cases are subject to the common benefit assessment. *See* Exhibit 1. HGD's motion ignores this Court's exclusive jurisdiction to resolve any disputes about the Tolling Agreement and the Common Benefit Fund. *See* Tolling Agreement, ¶ 11; *see generally*, PTO No. 70. Upon information and belief, the HGD Master Settlement Agreement expressly provides that any release of funds from escrow be subject to compliance with this Court's MDL Pretrial Order No. 70.

HGD's motion deals with two separate categories of claimants – those that signed a Tolling Agreement, but now dispute its terms and those that did not sign a Tolling Agreement.

**Claimants that Signed a Tolling Agreement**

In its motion, HGD argues that only 42 of its cases are subject to the common benefit assessment because those claimants entered into Tolling Agreements with GSK, an argument with which the Advisory Committee agrees. This Court was clear – the Tolling Agreement represented common benefit work and the language of the Tolling Agreement is clear – "those availing themselves of its provisions, together with all of those parties otherwise subject to the jurisdiction of this multi-district litigation, shall be subject to such common benefit assessment, if any, as this Court may order in the future." Pretrial Order No. 7, ¶ 4.

But, HGD erroneously asserts that another 52 claimants (for a total of 94 claimants) who executed Tolling Agreements are not subject to common benefit assessment because those claimants, after signing the Tolling Agreement, did not then complete a Fact Sheet. The Advisory Committee disagrees. Those 52 claimants executed Tolling Agreements and received the benefits of that Agreement – their statutes of limitation were tolled. The fact that the claimants then later failed to follow though and submit Fact Sheets is irrelevant.

HGD is plainly attempting to avoid this Court's exclusive jurisdiction to resolve "any dispute between the parties arising out of, or as to the meaning or effect of, this Agreement." Tolling Agreement, ¶ 11. And, that this Court has

"personal jurisdiction over the Claimant." *Id.* To the extent HGD questions the application of the Tolling Agreements, that issue can only be decided by Your Honor and those claimants have already submitted to this Court's jurisdiction.

The Advisory Committee respectfully requests that this Court order HGD to appear and present its arguments to this Court, which can then interpret the terms of the Tolling Agreement.

**Claimants without Tolling Agreements**

HGD also erroneously asserts that its 461 claimants without Tolling Agreements are not subject to PTO No. 70's common benefit assessment.

PTO No. 70 is explicit in that any Avandia claim that is on a Tolling Agreement is subject to the 7% common benefit assessment. PTO No. 70, ¶ 3. Nearly 100 of HGD's claims were subject to Tolling Agreements. Signing the Tolling Agreements provided HGD with potential access to the MDL work product, which could then be used for all the claimants, not just the ones that signed Tolling Agreements. All of HGD's claimants benefitted from the work done in the MDL.

Like the interpretation of the Tolling Agreement, interpretation of PTO No. 70 is reserved for this Court. *See generally*, PTO No. 70.

**CONCLUSION**

Because HGD appears to be attempting to circumvent this Court's jurisdiction over interpretation of the Tolling Agreement and governance of the Common Benefit Fund, the Advisory Committee respectfully requests that this

Court enter an order commanding HGD's claimants to appear and explain why they are not subject to Pretrial Order No. 70's common benefit assessment.

Dated: June 12, 2012               /s/ Dianne M. Nast_____
                                   Dianne M. Nast, Esq.
                                   RodaNast, P.C.
                                   801 Estelle Drive
                                   Lancaster, Pennsylvania  17601
                                   (717) 892-3000

                                   Vance R. Andrus, Esq.
                                   Andrus, Hood & Wagstaff, PC
                                   1999 Broadway, Suite 4150
                                   Denver, Colorado  80202
                                   (303) 376-6360

                                   Bryan F. Aylstock, Esq.
                                   Aylstock, Witkin, Kreis & Overholtz PLLC
                                   17 East Main Street, Suite 200
                                   Pensacola, Florida  32502
                                   (850) 916-7450

                                   Thomas P. Cartmell, Esq.
                                   Wagstaff & Cartmell LLP
                                   4740 Grand Avenue, Suite 300
                                   Kansas City, Missouri  64112
                                   (816) 701-1102

                                   Joseph J. Zonies, Esq.
                                   Reilly Pozner LLP
                                   1900 Sixteenth Street, Ste. 1700
                                   Denver, Colorado  80202
                                   (303) 893-6100

                                   *Plaintiffs' Advisory Committee*

Paul R. Kiesel, Esq.
Kiesel Boucher Larson LLP
8648 Wilshire Blvd.
Beverly Hills, California  90211
(310) 854-4444

*Plaintiffs' Coordinating Counsel*


Stephen A. Corr, Esq.
Mellon & Webster, P.C.
87 N. Broad Street
Doylestown, Pennsylvania  18901
(215) 348-7700

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : <br> : <br> :  MDL No. 1871 <br> :  07-md-01871 <br> : |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : <br> : <br> : <br> : |

# ORDER

Upon consideration of the Advisory Committee's Motion for Order to Show Cause, it is hereby ORDERED that the motion is GRANTED. The firm of Heninger Garrison Davis, LLC is ordered to show cause as to why their claimants are not subject to Pretrial Order No. 70's common benefit assessment

BY THE COURT:

_____
Cynthia M. Rufe, J.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Order to Show Cause and supporting memorandum was served upon all counsel of record via ECF and via email and first class mail upon counsel as follows:

> W. Lewis Garrison, Jr., Esq.
> Heninger Garrison Davis, LLC
> 2224 First Avenue North
> Birmingham, Alabama 35203
> wlgarrison@hgdlawfirm.com
>
> William L. Bross, Esq.
> Heninger Garrison Davis, LLC
> 2224 First Avenue North
> Birmingham, Alabama 35203
> wlbross@hgdlawfirm.com

/s/ Dianne M. Nast

Dated: June 12, 2012