IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : | HON. CYNTHIA M. RUFE |

## ORDER

It has been brought to this MDL Court's attention that the law firm of Heninger Garrison Davis, LLC ("Heninger") has asked a state court in Alabama to interpret the MDL Court's Pretrial Order No. 70[1] ("PTO 70") as it applies to a Qualified Settlement Fund filed in the Alabama state court on behalf of settling parties GlaxoSmithKline and claimants represented by Heninger.[2]

The Alabama state court has ordered a 7% set-aside, pursuant to the MDL Court's PTO 70, and has ordered briefing as to the question of whether the Common Benefit Fund assessment applies to all Heninger cases. The actions to date of the Alabama state court have recognized that the interpretation of PTO 70 is important to the determination of fees that may be owed to the Common Benefit Fund. On June 19, 2012 the Alabama state court set the issue for a hearing

---

[1] PTO 70 authorizes an Avandia Common Benefit Fund to compensate and reimburse attorneys for services performed and expenses incurred for the benefit of Avandia claimants. Attorneys who signed a voluntary Attorney Participation Agreement would be eligible to receive MDL and state court work product from the Plaintiff's Steering Committee and other participating attorneys. In return, participating counsel would pay a 7% assessment on all "filed and unfiled cases or claims in state or federal court in which they share a fee interest."

[2] On June 7, 2012, Heninger filed a motion in Alabama state court, in which it argued that 409 claimants in its inventory who had not entered into Tolling Agreements with GSK pursuant to MDL Pretrial Order 7 should not be subject to PTO 70's common benefit assessment.

Case 2:07-md-01871-CMR   Document 2404   Filed 06/25/12   Page 2 of 3

on June 27, 2012. However, that court has agreed to postpone that hearing so that the MDL

Court, rather than the state court, can interpret the applicability of PTO 70 to the Heninger

settlement.[3]

 The Court finds it is necessary for this MDL Court to interpret PTO 70 in the first

instance, and has ordered briefing on the issue.[4] The MDL Court will hold a hearing on the

interpretation and application of PTO 70 to the Heninger settlement on July 2, 2012. The hearing

will include the development of a factual record regarding whether any attorney with a fee

interest in the Heninger claims executed the Endorsement of Protective Order attached to PTO 10

or the Participation Agreement attached to PTO 70.

 In order to protect its jurisdiction to interpret its own Order, the Court has determined that

issuance of a writ pursuant to the All Writs Act is required.[5] In making this determination, the

MDL Court has considered carefully whether the issuance of an injunction is compatible with the

Anti-Injunction Act. The Court concludes that it is.[6] The Court of Appeals for the Third Circuit

has recognized that "[u]nder an appropriate set of facts, a federal court entertaining complex

---

[3] This Court initiated contact with the Honorable Houston Brown of the Alabama state court and respectfully asked him to defer his hearing and/or ruling on the motion before him so that the MDL Court could hold its hearing and issue its ruling. He agreed to do so and encouraged the Court to enter this Order.

[4] The Plaintiffs' Advisory Committee ("PAC") filed a Motion for Order to Show Cause on June 12, 2012, which asked the MDL Court to address the applicability of PTO 70 to the Heninger settlement. The Motion asked the MDL Court to order Heninger to show cause why its entire inventory is not subject to PTO 70's Common Benefit Assessment. On June 13, this Court granted the PAC's motion, and issued an Order to Show Cause which set forth a briefing schedule.

[5] The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

[6] The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

2

litigation, especially when it involves a substantial class of persons from multiple states, or represents a consolidation of cases from multiple districts, may appropriately enjoin state court proceedings in order to protect its jurisdiction."[7] Because a ruling in one state court raises the possibility of preclusion issues and "threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation,"[8] this MDL Court must ensure that it, not the Alabama state court, determines what constitutes a "covered claim" as that term is used in PTO 70 as well as the application of PTO 70.

    **AND NOW**, this 25th day of June 2012, it is **ORDERED** that the MDL Court hereby **ENJOINS** the attorneys and plaintiffs from pursuing a ruling on this issue in state court, and holds that any order of the Alabama state court purporting to determine what constitutes a "covered claim" or otherwise determining the meaning or application of PTO 70 is null and void and of no effect.

    It is so **ORDERED**.


                                                    BY THE COURT:


                                                    **CYNTHIA M. RUFE, J**.

---

    [7] <u>In re Diet Drugs Prods. Liab. Litig.</u>, 282 F.3d 220, 235 (3d Cir. 2002) (citing <u>Carlough v. Amchem Prods., Inc.</u>, 10 F.3d 189, 202–04 (3d Cir. 1993)).

    [8] <u>Winkler v. Eli Lilly & Co.</u>, 101 F.3d 1196, 1202 (7th Cir.1996), <u>quoted in Diet Drugs</u>, 228 F.3d at 234.