IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

NINETEENTH REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO A PROPOSED MEDICARE ADVANTAGE
ORGANIZATION LIEN RESOLUTION PROGRAM

The Special Master files this Report and Recommendation regarding a proposed lien resolution program for Medicare Advantage Organizations ("MAOs") that have not previously entered into a private lien resolution program in this matter.

**Background**

Between August 2011 and June 2012, at the request of the Court, the Special Master met on numerous occasions with counsel for plaintiffs, GSK, and a number of health care plans, to discuss the health care plans' assertion of subrogation and lien rights arising out of GSK's settlement of Avandia personal injury claims.[*] These meetings included at least three lengthy in-person meetings

---

[*] Plaintiffs' counsel participating in these meetings included Vance R. Andrus of Andrus Hood & Wagstaff; Bryan F. Aylstock and Neil D. Overholtz of Aylstock, Witkin, Kreis & Overholtz; Dianne M. Nast of RodaNast; Stephen A. Corr of Mellon & Webster; Joseph J. Zonies of Reilly Pozner; Thomas P. Cartmell of Wagstaff & Cartmell; Bill Robins of Heard Robins; Fred Thompson III and Kimberly Barone Baden of Motley Rice; and Paul R. Kiesel and Matthew A. Young of Kiesel Boucher Larson.

in August 2011, March 2012, and April 2012, as well as many telephone conferences. Representatives of the Garretson Resolution Group also participated in many of these meetings.

In June 2012, an agreement was reached by the plaintiffs' counsel and the health care plans participating in the negotiations over the previous year to establish a Private Lien Resolution Program ("PLRP"). The PLRP covers lien claims by health care plans for amounts paid for settling claimants' health care allegedly related to Avandia-caused injuries under any of their private health coverages, including coverage under Medicare Part C.

As of September 2012, approximately forty law firms that have reached settlements with GSK had elected to join the PLRP. The vast majority of these firms' clients have agreed to participate in the PLRP. About forty-five health care plans represented by Rawlings & Associates, PLLC or Lowey Dannenberg Cohen & Hart PC have agreed to participate in the PLRP.

Garretson Resolution Group administers the PLRP and audits all lien claims of participating health care plans. If a participating claimant is matched with a participating health care plan, the health care plan submits proof that it paid Avandia-related health care expenses to Garretson, which audits the information to confirm that the expenses are Avandia-related and otherwise meet the criteria of the PLRP. Once the expenses are audited, the health care plans' claims are reduced by 50% (with some exceptions for claimants in so-called anti-subrogation and non-equity states) and capped at 15% of the gross settlement amount (with some variations in certain situations). Once a claimant is matched with a participating health care plan and his or her lien is satisfied through the PLRP, the claimant and GSK receive a release from the participating health care plans for any subrogation or lien claims the health care plans could have asserted.

While the approximately forty-five health care plans participating in the PLRP represent a large proportion of the coverage provided to Avandia claimants through Medicare Part C plans,

there are hundreds of health care plans not participating in the PLRP that offer Medicare Part C coverage ("the non-participating MAOs") and some of these provided Medicare Part C coverage to Avandia claimants. Under the Third Circuit's recent decision in a case arising from the claims of one MAO (Humana, Inc.) against GSK, *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 685 F.3d 353 (3d Cir. 2012) ["*Humana*"], GSK faces potential double damages liability for amounts paid by MAOs for Avandia-related health care. As a result of this potential liability, GSK is currently withholding certain settlement funds for settling claimants who (1) were identified by the Garretson Resolution Group as having Medicare Part C coverage at the time the claimant allegedly suffered an Avandia-related injury and (2) were *not* covered by one of the health care plans participating in the PLRP.

Two separate plaintiffs' counsel recently filed motions with the Court, seeking to compel GSK to release settlement funds that GSK is now withholding because of the *Humana* decision. At a September 19, 2012, status conference, the Court instructed the parties to work with the Special Master to attempt to resolve this issue so that settling claimants could receive all settlement funds that they are due. On October 4, 2012, the parties met with the Special Master and then continued discussions during the ensuing weeks regarding a means of addressing GSK's concerns regarding its potential liability to non-participating MAOs. Plaintiffs' counsel and GSK have now reached agreement on a proposal for addressing these concerns and encouraging non-participating MAOs to participate in a program that will allow settlement amounts to be fully paid to claimants (minus amounts paid to health care plans or other valid lien-holders).

**Recommendation**

GSK and plaintiffs' counsel have agreed that they will offer to resolve lien claims of any non-participating MAOs who are identified by the Garretson Resolution Group as having insured a settling Avandia claimant under a lien resolution program ("the MAO PLRP") offering substantially

the same terms as the original PLRP.  The Special Master believes that the agreement reached between GSK and plaintiffs' counsel to offer the MAO PLRP to non-participating MAOs is the best means available to address GSK's concerns raised by the *Humana* decision and the possibility of double damages liability.  The MAO PLRP offers non-participating MAOs an efficient, low-cost, and fair method for obtaining reimbursement of a substantial portion of the funds they allegedly paid for Avandia-related health care, without the time, expense, and risk of litigating subrogation or lien claims for each individual Avandia claimant covered by a Medicare Part C plan.  The proposed MAO PLRP is attached to this Report and Recommendation as Exhibit A.

In order to increase the likelihood that non-participating MAOs will agree to resolve any alleged lien claims through the MAO PLRP, the Special Master recommends that the Court enter an order endorsing the MAO PLRP and encouraging MAOs to notify the Garretson Resolution Group of their acceptance of the terms of the MAO PLRP and willingness to participate in the MAO PLRP.  If the Court enters an order endorsing the MAO PLRP, the order will be included in the notice sent by the Garretson Resolution Group informing non-participating MAOs of the MAO PLRP and inviting them to participate in the MAO PLRP.

Dated:  November 9, 2012            /s/ Bruce P. Merenstein
                                    Bruce P. Merenstein, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

## CERTIFICATE OF SERVICE

I, Bruce P. Merenstein, hereby certify that on November 9, 2012, I caused to be electronically filed the foregoing **Nineteenth Report and Recommendation of the Special Master As to a Proposed Medicare Advantage Organization Lien Resolution Program**. Through the Court's ECF system, this document is available for viewing and downloading.

/s/ Bruce P. Merenstein
Bruce P. Merenstein