IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**SCHEDULING ORDER**

AND NOW, this _____ day of _____, 2012, upon consideration of the Special Discovery Master's Twentieth Report and Recommendation and any timely motions objecting to the Report and Recommendation and any responses thereto, it is hereby ORDERED that all cases still pending in the MDL are subject to the following schedule:

Discovery Group A

1. Case-specific discovery for the sixteen (16) cases in Discovery Group A shall commence immediately upon entry of this order and shall be limited to production by GSK of a Case-Specific Profile ("CSP") in each case, as defined below in Paragraph 3, and depositions of: (a) plaintiff; (b) plaintiff's spouse or significant other; (c) up to three physicians; and (d) up to two GSK sales representatives who called on plaintiff's prescribing healthcare providers.  For any case in which the alleged injury includes death, case-specific discovery shall also include (e) the depositions of any statutory beneficiaries of the decedent; and (f) medical personnel who examined the decedent (e.g., coroners and pathologists).  Either party may request additional discovery by submitting a request for additional discovery to the Special Discovery Master, following completion of the meet-

and-confer process, and the Special Discovery Master shall permit such additional discovery for good cause shown.

2. The case-specific discovery set forth in Paragraph 1, including any additional discovery permitted by the Special Discovery Master, shall be completed within one-hundred-eighty (180) days of entry of this order.

3. The CSP referenced in Paragraph 1 shall include the following Avandia-related information for the time period starting one (1) year prior to the prescriber's first identifiable prescription to plaintiff of Avandia and ending with the last day of the month of the last identifiable prescription by this prescriber:

(a) "Dear Doctor" and "Dear Healthcare Provider" letters issued by GSK;

(b) Information concerning any samples of Avandia, Avandamet or Avandaryl left with the prescriber;

(c) Call notes reflecting calls on the prescribing physician for Avandia, Avandamet or Avandaryl;

(d) Information concerning payments made by GSK, including any grants for research, to the prescriber for any speaking engagements or research conducted relating to Avandia, Avandamet or Avandaryl;

(e) Prescriber level information provided to GSK by IMS Health, Inc. concerning the prescribing physician's use of Avandia, Avandamet, or Avandaryl.  GSK shall be required to produce such information only with the consent of the third party and after plaintiffs have entered into a confidentiality agreement with the third party;

(f) Information relating to or documenting the prescriber's service as a Key Opinion Leader, Thought Leader, or other consultant for GSK;

(g) Information identifying Avandia-related publications written by the prescriber about Avandia, Avandamet or Avandaryl;

(h) Information reflecting participation of the prescriber as a speaker on behalf of GSK or participation in any study funded by GSK or its agents;

(i) Information from the GSK Response Center or otherwise in GSK's possession reflecting requests by the prescriber for information about Avandia, Avandamet or Avandaryl, such as Avandia-related scientific or lay publications; and

(j) Any adverse event report for plaintiff, to the extent a search of GSK's adverse event database, OCEANS, results in the identification of an adverse event report relating to plaintiff, other than a report resulting from plaintiff's legal action against GSK.

4. GSK shall produce the CSP in each case at least twenty-one (21) days before any scheduled case-specific deposition, unless plaintiff's counsel in a case waives this time limit.

5. GSK shall produce the custodial file of any sales representative who is scheduled to be deposed at least thirty (30) days in advance of the date for that sales representative's deposition, unless plaintiff's counsel in a case waives this time limit or the Special Master grants leave for a shorter time limit, upon application and good cause shown.

Trial Pools

6. Within seven (7) days after the close of case-specific discovery in all Discovery Group A cases, Plaintiff's Liaison Counsel and GSK shall each choose two (2) cases from Discovery Group A identified as myocardial ischemia cases ("MI cases"); one (1) case from

Discovery Group A identified as a stroke case; and one (1) case from Discovery Group A identified as a congestive heart failure case for purposes of creating Trial Pool A-1. The remaining cases in Discovery Group A shall become part of Trial Pool A-2.

7. Within thirty (30) days of selection of the cases for Trial Pool A-1, plaintiffs shall produce case-specific expert reports for all cases in Trial Pool A-1.

8. Within thirty (30) days of the production of plaintiff's case-specific expert reports in any case in Trial Pool A-1, GSK shall produce case-specific expert reports in that case.

9. Depositions of all experts in any case in Trial Pool A-1 must be completed within thirty (30) days of the production of GSK's case-specific expert report in that case.

10. All *Daubert* motions or dispositive motions in any case in Trial Pool A-1 must be filed within forty-five (45) days of the production of GSK's case-specific expert report in that case. Any responses to *Daubert* motions or dispositive motions must be filed within twenty-one (21) days of service of the applicable motion.

11. Cases selected for Trial Pool A-2 shall follow the same format and schedule as set forth above in Paragraphs 7 through 10 for Trial Pool A-1, except that the initial deadline set forth in Paragraph 7 shall be sixty (60) days after selection of the cases for Trial Pool A-1 and Trial Pool A-2.

Discovery Groups B and C

12. The sixteen (16) cases selected for Discovery Group B and the sixteen (16) cases selected for Discovery Group C shall follow the same format and schedule as set forth above in Paragraphs 1 through 5 for Discovery Group A, except that discovery for cases in Discovery Group B shall not commence until sixty (60) days after entry of this order, and discovery for cases in

Discovery Group C shall not commence until one-hundred-twenty (120) days after entry of this order. The case-specific discovery set forth in Paragraph 1 for cases in Discovery Group B and Discovery Group C shall be completed within one-hundred-twenty (120) days of the date upon which such discovery commences. Trial Pools B-1, B-2, C-1, and C-2 shall be created and shall follow the format and schedules set forth in Paragraphs 6 through 11.

<u>Miscellaneous</u>

13. The date for commencement of discovery for cases in all discovery groups, as set forth in Paragraphs 1 and 12, shall be tolled for up to sixty (60) days for any cases that are formally submitted for mediation before the Court-appointed mediator, Patrick Juneau, or another mutually-agreed upon mediator. The tolling of the commencement of discovery shall terminate at the earlier of sixty (60) days after entry of this order or upon written notice by either party to the other party that the notifying party no longer desires to engage in the mediation process.

14. Selection of cases for trial, determination that cases are appropriate for remand to their transferor courts, and setting of deadlines for motions *in limine*, pretrial memoranda, and other required pretrial submissions shall be done by the Court at a later date. The parties may make a request to the Special Discovery Master for leave to take additional case-specific discovery in cases selected for trial, and such discovery shall be permitted for good cause shown.

It is so ORDERED.

BY THE COURT:

_____

HONORABLE CYNTHIA M. RUFE