IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1871<br>No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

PRE-TRIAL ORDER #176

AND NOW, this 13th day of November 2012, upon consideration of the Special Master's Nineteenth Report and Recommendation, the Court makes the following findings:

1. In June 2011, the Court instructed the parties, along with representatives of certain health care plans that had asserted lien claims on proceeds of Avandia settlements, to meet with the Special Master in an effort to resolve these lien claims.

2. After numerous meetings with the Special Master and more than a year of negotiations, the parties reached an agreement creating a Private Lien Resolution Program ("PLRP") that provides a mechanism for approximately forty-five health care plans to resolve their lien claims for amounts paid for settling claimants' health care allegedly related to Avandia-caused injuries under any of the health care plans' private health coverages, including coverage under Medicare Part C.

3. The PLRP constitutes a fair and effective resolution of the lien claims asserted by the health plans against GSK, individual claimants, and the claimants' counsel.

4. Certain health care plans that offer Medicare Part C coverage ("Medicare Advantage Organizations," or "MAOs") are not participants in the PLRP.

5. Under the Third Circuit's recent decision in *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 685 F.3d 353 (3d Cir. 2012), GSK faces potential claims seeking double damages for amounts paid by MAOs for Avandia-related health care. As a result of its potential liability, GSK has withheld certain settlement funds for settling claimants who have been identified to GSK as having received health care coverage from an MAO not participating in the PLRP.

6. Following a status conference on September 19, 2012, the Court instructed the parties to meet again with the Special Master to attempt to reach a resolution of the issue of potential claims from MAOs not participating in the PLRP.

7. After numerous meetings and discussions, the parties agreed to offer the same basic terms of the PLRP to all MAOs that insured an Avandia claimant and are not participating in the PLRP.

8. The Court has reviewed the terms of the lien resolution program that will be offered to MAOs ("the MAO PLRP") and has concluded that the proposed MAO PLRP offers an efficient, low-cost, and fair method for MAOs to obtain reimbursement of a substantial portion of the funds they allegedly paid for Avandia-related health care, without the time, expense, and risk of litigating subrogation or lien claims for each individual Avandia claimant.

9. The Court has the authority to oversee the settlements reached by Avandia claimants and GSK, to ensure that these settlements are carried out efficiently and expeditiously, and to "to secure the just, speedy, and inexpensive" resolution of all claims asserted in this MDL.

FED. R. CIV. P. 1; *see also In re Linerboard Antitrust Litig.*, 223 F.R.D. 357, 366 (E.D. Pa. 2004) (noting that a district court has "broad equitable powers to manage multidistrict litigation generally," including oversight of settlements reached in the litigation); *In Re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2003 WL 22341307, at *3 (E.D. Pa. Sept. 18, 2003) (noting that it is "critical" that an MDL court take a role in overseeing settlements in MDL cases).

10. The Court, in furtherance of this authority, and upon the recommendation of the Special Master, strongly encourages MAOs to participate in the MAO PLRP, so that lien claims of MAOs can be resolved and settling Avandia claimants can receive all settlement proceeds to which they are entitled.

11. The Court encourages all MAOs to make known to the MAO PLRP administrator their interest in participating in the MAO PLRP (or their decision not to do so) as soon as possible.

12. The Court emphasizes that participation in the MAO PLRP is voluntary and no MAO is required to participate in the MAO PLRP.

It is so ORDERED.

BY THE COURT:

*/s/ Cynthia M. Rufe*
HONORABLE CYNTHIA M. RUFE