IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : | HON. CYNTHIA M. RUFE |
| *UNITEDHEALTH GROUP, INC. v. GSK* | : | CIVIL ACTION NO. 11-3925 |
| and | : | |
| *HUMANA HEALTH PLAN, INC. v. GSK* | : | CIVIL ACTION NO. 11-4913 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                      April 17, 2013

Plaintiffs UnitedHealth Group, Inc. and Humana Health Plan Inc., two health insurers, have moved to remand these actions that Defendants (collectively, "GSK") removed from the Court of Common Pleas of Philadelphia County, Pennsylvania. Both cases were commenced by the filing of a "Praecipe to Issue Writ of Summons for the Purpose of Taking Pre-Complaint Interrogatories," removed on the asserted basis of federal question jurisdiction, and designated as part of the Avandia Multi-District Litigation pending before this Court.[1] Because removal was premature, the actions will be remanded.[2]

## I.    LEGAL STANDARD

Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447. Section 1441 provides, in relevant part, that "any civil action brought in a State court of

---

[1] In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871.

[2] The Court's ruling on the remand motions was on hold pending efforts by the parties to mediate before the Special Master.

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."[3] After removal, a plaintiff may file a motion to remand based on either "any defect" in the removal petition or lack of subject matter jurisdiction.[4] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[5] The relevant statutes are strictly construed in favor of remand.[6]

## II. DISCUSSION

Plaintiffs in these cases each commenced suit in the Court of Common Pleas of Philadelphia County by filing 1) a praecipe to issue a writ of summons and 2) pre-complaint interrogatories.[7] In the pre-complaint interrogatories, both UnitedHealth and Humana stated, in nearly identical language, their intentions to "sue GSK and other defendants, seeking (a) a declaratory judgment regarding its subrogation and reimbursement rights; (b) recovery from GSK in subrogation of their expenses of treating the adverse health outcomes its members experienced associated with Avandia; and (c) reimbursement from [their] health plan members who were

---

[3] 28 U.S.C. § 1441.

[4] 28 U.S.C. § 1447(c).

[5] Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

[6] See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

[7] The Humana action was docketed in the Philadelphia court at June Term 2011, No. 3270 on July 1, 2011, and removed on August 1, 2011. This is the second attempt by GSK to remove the UnitedHealth action. The case was docketed in the Philadelphia court at December Term 2010, No. 2871 on December 23, 2010. On January 28, 2011, GSK filed a notice of removal in this Court, which was docketed at Civil Action No. 11-620. UnitedHealth filed a motion to remand, and by Order dated April 18, 2011, this Court granted the motion, holding that Defendant's removal of the case was premature because no complaint had been filed, and providing that if appropriate, the notice of removal could be re-filed within thirty days of service of the complaint in the state-court action. On June 15, 2011, GSK filed a second notice of removal, although no complaint had been filed. The second notice of removal was docketed in this Court as Civil Action No. 11-3925.

Avandia Claimants or Paxil Claimants and settled their Avandia or Paxil claims."[8] UnitedHealth also stated that it intended to file suit on behalf of itself and "similarly situated health plans."[9] GSK removed the actions, contending that the interrogatories make clear that the claims that will be asserted are exclusively within federal court jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA").[10]

Plaintiffs contend that because no complaint has been filed, GSK's removal was premature under 28 U.S.C. § 1446(b), as interpreted by the Court of Appeals for the Third Circuit. This statute provides in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[11]

In Sikirica v. Nationwide Ins. Co.,[12] the Court of Appeals for the Third Circuit held that a summons may not serve as an "initial pleading" for purposes of § 1446(b), that the initial pleading described in § 1446(b) is a complaint, and that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal" under § 1446(b)(1).[13] The ruling has been interpreted in this District to mean that "removal is not proper until a complaint

---

[8] Civil Action No. 11-3925, Doc. No. 1 at 16; accord Civil Action No. 11-4913, Doc. No. 1 at 15.

[9] Civil Action No. 11-3925, Doc. No. 1 at 16.

[10] 29 U.S.C. §§ 1001-1461. GSK asserts that the UnitedHealth also is subject to removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

[11] 28 U.S.C. § 1446(b)(1).

[12] 416 F.3d 214 (3d Cir. 2005).

[13] Id. at 223 (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999)).

3

has been served on the defendants. Accordingly, because Plaintiffs here have not served a complaint, Defendants' notice of removal was not too late, it was too early."[14]

The Court appreciates that it appears *likely* that once complaints have been filed the state-court actions will be removable on the basis of federal question jurisdiction under ERISA or CAFA but cannot hold that this is necessarily so, which is why the "bright line rule" adopted by the Court of Appeals in Sikirica applies.[15] The complaint is the operative document for removal.[16]

In ruling that removal is premature, the Court affirms its earlier ruling in the first UnitedHealth removal, and follows the established law of this District and the Third Circuit in requiring a complaint before a case may be removed. No issue has been raised in these motions, and no ruling has been issued, with regard to the MDL Court's authority to act, where appropriate, in order to exercise its jurisdiction to interpret and/or enforce its own orders.

---

[14] Campbell v. Oxford Elecs., Inc., No. 07–0541, 2007 WL 2011484, at *2 (E.D. Pa. July 05, 2007). Accord Mattia v. Phila. Liberty Place, L.P., No. 13-0695, 2013 WL 1234732 (E.D. Pa. Mar. 27, 2013). The only case from this District cited by GSK was decided years before the Third Circuit's decision in Sikirica. See Nat'l Media Corp. v. Digiovanna, No. 94-2078, 1994 WL 268260 (E.D. Pa. June 14, 1994).

[15] In re Diet Drugs, No. 12-20006, 2012 WL 4757693, at *3 (E.D. Pa. Oct. 5, 2012). In Diet Drugs, Judge Bartle, in the context of MDL litigation, held that even where the writ of summons identified the case as part of the mass tort action, and a master complaint was on record, removal was premature until an individual, short-form complaint was filed.

[16] GSK based the second removal petition on statements made by UnitedHealth at oral argument on a motion to compel responses to the pre-complaint discovery in state court, which in no way substitutes for the filing of a complaint. The Court notes that if such statements could constitute a basis for removal, then Plaintiffs have an argument that removal was untimely; at oral argument in this case, counsel for UnitedHealth argued that GSK was aware of the potential basis for federal jurisdiction long before the second notice of removal was filed. Civil Action No. 11-3925, Doc. No. 5-1 at 20.

Although the Court will grant the motions to remand, it will deny UnitedHealth's motion for counsel fees.[17] Under the circumstances of these cases, including the likelihood of federal jurisdiction when complaints are filed, the Court finds that GSK had a colorable basis for its actions and that an award of costs and fees is not warranted.[18]

An order will be entered.

---

[17] 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The decision of whether to award costs and fees is committed to the discretion of the Court. Campbell, 2007 WL 2011484, at * 2.

[18] Lane v. CBS Broadcasting, Inc., No. 08-777, 2008 WL 910000, at *8 (denying fees where "Plaintiff's filing of the twenty-eight page factually detailed notice of discovery along with the praecipe for writ of summons certainly invited an analysis of the Sikirica court's 'writ of summons *alone*' language").