IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871<br>No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**PTO _____**
**SCHEDULING ORDER**

AND NOW, this _____ day of _____, 2013, upon consideration of the Special Discovery Master's Twenty-First Report and Recommendation and any timely motions objecting to the Report and Recommendation and any responses thereto, it is hereby ORDERED that all cases still pending in the MDL and not subject to a settlement agreement shall follow the following schedule:

Discovery Group D

1. The thirteen (13) cases in Discovery Group A and Discovery Group B as of June 28, 2013 shall become Discovery Group D cases upon entry of this Order. Case-specific discovery for cases in Discovery Group D shall be limited to production by GSK of a Case-Specific Profile ("CSP") in each case, as defined below in Paragraph 3, and depositions of: (a) plaintiff; (b) plaintiff's spouse or significant other; (c) up to three physicians; and (d) up to two GSK sales representatives who called on plaintiff's prescribing healthcare providers. For any case in which the alleged injury includes death, case-specific discovery shall also include (e) the depositions of any statutory beneficiaries of the decedent; and (f) medical personnel who examined the decedent (e.g.,

coroners and pathologists). Either party may request additional discovery by submitting a request for additional discovery to the Special Discovery Master, following completion of the meet-and-confer process, and the Special Discovery Master shall permit such additional discovery for good cause shown.

      2. The case-specific discovery set forth in Paragraph 1, including any additional discovery permitted by the Special Discovery Master, shall be completed by September 17, 2013.

      3. The CSP referenced in Paragraph 1 shall include the following Avandia-related information for the time period starting one (1) year prior to the prescriber's first identifiable prescription to plaintiff of Avandia and ending with the last day of the month of the last identifiable prescription by this prescriber:

      (a) "Dear Doctor" and "Dear Healthcare Provider" letters issued by GSK;

      (b) Information concerning any samples of Avandia, Avandamet or Avandaryl left with the prescriber;

      (c) Call notes reflecting calls on the prescribing physician for Avandia, Avandamet or Avandaryl;

      (d) Information concerning payments made by GSK, including any grants for research, to the prescriber for any speaking engagements or research conducted relating to Avandia, Avandamet or Avandaryl;

      (e) Prescriber level information provided to GSK by IMS Health, Inc. concerning the prescribing physician's use of Avandia, Avandamet, or Avandaryl. GSK shall be required to produce such information only with the consent of the third party and after plaintiffs have entered into a confidentiality agreement with the third party;

(f) Information relating to or documenting the prescriber's service as a Key Opinion Leader, Thought Leader, or other consultant for GSK;

(g) Information identifying Avandia-related publications written by the prescriber about Avandia, Avandamet or Avandaryl;

(h) Information reflecting participation of the prescriber as a speaker on behalf of GSK or participation in any study funded by GSK or its agents;

(i) Information from the GSK Response Center or otherwise in GSK's possession reflecting requests by the prescriber for information about Avandia, Avandamet or Avandaryl, such as Avandia-related scientific or lay publications; and

(j) Any adverse event report for plaintiff, to the extent a search of GSK's adverse event database, OCEANS, results in the identification of an adverse event report relating to plaintiff, other than a report resulting from plaintiff's legal action against GSK.

4. GSK shall produce the CSP in each case at least twenty-one (21) days before any scheduled case-specific deposition, unless plaintiff's counsel in a case waives this time limit.

5. GSK shall produce the custodial file of any sales representative who is scheduled to be deposed at least thirty (30) days in advance of the date for that sales representative's deposition, unless plaintiff's counsel in a case waives this time limit or the Special Master grants leave for a shorter time limit, upon application and good cause shown.

Trial Pools

6. Within seven (7) days after the close of case-specific discovery in all Discovery Group D cases, Plaintiff's Liaison Counsel and GSK shall each choose two (2) cases from Discovery Group D identified as myocardial ischemia cases ("MI cases"); one (1) case from

Discovery Group D identified as a stroke case; and one (1) case from Discovery Group D identified as a congestive heart failure case for purposes of creating Trial Pool D-1. The remaining cases in Discovery Group D shall become part of Trial Pool D-2.

7. Within thirty (30) days of selection of the cases for Trial Pool D-1, plaintiffs shall produce case-specific expert reports for all cases in Trial Pool D-1.

8. Within thirty (30) days of the production of plaintiff's case-specific expert reports in any case in Trial Pool D-1, GSK shall produce case-specific expert reports in that case.

9. Depositions of all experts in any case in Trial Pool D-1 must be completed within thirty (30) days of the production of GSK's case-specific expert report in that case.

10. All *Daubert* motions or dispositive motions in any case in Trial Pool D-1 must be filed within forty-five (45) days of the production of GSK's case-specific expert report in that case. Any responses to *Daubert* motions or dispositive motions must be filed within twenty-one (21) days of service of the applicable motion.

11. Cases selected for Trial Pool D-2 shall follow the same format and schedule as set forth above in Paragraphs 7 through 10 for Trial Pool D-1, except that the initial deadline set forth in Paragraph 7 shall be sixty (60) days after selection of the cases for Trial Pool D-1 and Trial Pool D-2.

Discovery Group E

12. All cases pending in the MDL as of June 28, 2013 that are not part of Discovery Group D, as defined in Paragraph 1, and that are not subject to a settlement agreement shall become part of Discovery Group E. The cases in Discovery Group E shall follow the same format and schedule as set forth above in Paragraphs 1 through 5 for Discovery Group D, except

4

that discovery for cases in Discovery Group E shall not commence until fourteen (14) days after entry of this Order. The case-specific discovery set forth in Paragraph 1 for cases in Discovery Group E shall be completed by one-hundred-thirty-four (134) days after entry of this Order. Trial Pools E-1, E-2, etc. shall be created and shall follow the format and schedules set forth in Paragraphs 6 through 11, with eight (8) cases selected for each trial pool (in accordance with the procedure in Paragraph 6) and the initial deadlines for each trial pool separated by sixty (60) days (in accordance with the procedure in Paragraph 11).

### Miscellaneous

13. Any cases filed in or transferred to the MDL after June 28, 2013 shall follow the same schedule as set forth in Paragraphs 1 through 11, with discovery commencing sixty (60) days after filing or transfer, and the deadline for completing discovery one-hundred-eighty (180) days after filing or transfer.

14. Selection of cases for trial, determination that cases are appropriate for remand to their transferor courts, and setting of deadlines for motions *in limine*, pretrial memoranda, and other required pretrial submissions shall be done by the Court at a later date. The parties may make a request to the Special Discovery Master for leave to take additional case-specific discovery in cases selected for trial, and such discovery shall be permitted for good cause shown.

It is so ORDERED.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE