IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| RICHARD V. D'APUZZO *on behalf of himself and all others similarly situated* v. | : : : : : | CIVIL ACTION |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : | NO. 07-4963 |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                                                                     **July 10, 2013**

The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not allege that he has been physically injured as a result of taking Avandia; instead he seeks a refund of any monies he paid for Avandia (including insurance co-pays). Plaintiff seeks to proceed on behalf of a class of similarly situated individuals, but no class has been certified. The Court dismissed Plaintiff's prior complaint with leave to amend, and Plaintiff has filed a Third Amended Complaint which the defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss. The motion will be granted.

## I. BACKGROUND

Plaintiff alleges that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program. According to Plaintiff, this resulted in Plaintiff and others purchasing Avandia instead of seeking

alternative treatments for diabetes. Plaintiff alleges that he is a resident of New Jersey and that his physician "would have prescribed insulin or alternative treatments had he known about Avandia's risks" and that Plaintiff has now been prescribed insulin.[1] Plaintiff alleges that he paid a higher purchase price for Avandia, including higher amounts in co-payments.[2]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[5] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] The court has no duty to "conjure

---

[1] Third Am. Compl. ¶ 185.

[2] Third Am. Compl. ¶ 229.

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[4] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[5] Twombly, 550 U.S. at 555, 564.

[6] Id. at 570.

[7] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

2

up unpleaded facts that might turn a frivolous . . . action into a substantial one."[8] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[9]

## III. DISCUSSION

The Third Amended Complaint alleges claims for violations of the New Jersey Consumer Fraud Act ("NJCFA");[10] breach of express and implied warranties; fraud; negligent misrepresentation, negligence, and unjust enrichment. Most of these claims are barred by New Jersey's Products Liability Law ("PLA"), which is the exclusive basis for any product liability action, defined as "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."[11]

As the New Jersey Supreme Court has held, "[t]he language chosen by the Legislature in enacting the PLA is both expansive and inclusive, encompassing virtually all possible causes of action in relating to harms caused by consumer and other products."[12] New Jersey courts have explicitly held that the PLA encompasses claims such as those brought by Plaintiff (except for the express warranty claim). This is so even though Plaintiff seeks to recover economic losses, not compensation for a personal injury. "To allow plaintiffs to seek damages for loss of their co-payments as a result of purchasing defendants' drugs under a theory of consumer fraud will

---

[8] Id. (quoting McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[9] See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[10] N.J. Stat. Ann. §§ 56:8-1 to -195.

[11] N.J.S.A. 2A:58C–1b(3).

[12] Sinclair v. Merck & Co., 948 A.2d 587, 595 (N.J. 2008) (citations omitted).

3

create a cause of action entirely inconsistent with the PLA's comprehensive legislative scheme."[13] Thus, all of Plaintiff's claims, with the exception of the express warranty claim, can only be brought under the PLA, and Plaintiff does not attempt to proceed under that statute.[14]

A claim for breach of an express warranty would not be not preempted by the PLA or by federal law to the extent that Plaintiff alleges Defendant has "made voluntary statements to third parties beyond and different from the information on the approved label or packaging."[15] Plaintiff's express warranty claim, however, is not based on such statements. Instead, as Plaintiff states in his notice of supplemental authority, "Mr. D'Apuzzo bases his express warranty claims in this case on a single, specific representation by the defendants in this case, on its 'labels and packaging to Plaintiffs, prescribers, and patients': the defendant's contention that Avandia was suitable for the management of Type II diabetes mellitus in a safe and efficacious manner."[16] Therefore, because the express warranty claim is based on "the information on the approved label or packaging," the claim cannot proceed under New Jersey law.[17]

## IV. CONCLUSION

Plaintiff's Third Amended Complaint fails to state any claim upon which relief can be granted. As Plaintiff has had three attempts to file a complaint that states a cause of action and

---

[13] Bailey v. Wyeth, Inc., 37 A3d 549, 582 (N.J. Super. Ct. Law Div. 2008) (internal quotation omitted), aff'd sub nom. DeBoard v. Wyeth Inc., 28 A.3d 1245 (N.J. Super. Ct. App. Div. 2011), cert. denied, 48 A.3d 355 (N.J. 2012).

[14] Id. at 580.

[15] Cornett v. Johnson & Johnson, 48 A.2d 1041, 1059 (N.J. 2012).

[16] Doc. No. 33 at 1 (citing Third Am. Compl. ¶¶ 259-60).

[17] The case relied upon by Plaintiff in the notice of supplemental authority, Stewart v. Smart Balance, Inc., No. 11-6174, 2012 WL 4168584 (D.N.J. June 26, 2012), concerned the labeling of milk, not a prescription drug, and therefore is not on point.

4

has failed to do so, the Court finds that it would be inequitable to permit any further amendment, and the dismissal will be with prejudice. An order will be entered.