IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: : | HON. CYNTHIA M. RUFE |
| SHEILA SCHRANK *on behalf of herself and all others similarly situated* v. : | CIVIL ACTION |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE : | NO. 07-4965 |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                                           July 10, 2013

The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff is not suing for physical injuries suffered as a result of taking Avandia; instead she seeks a refund of any monies she paid for Avandia (including insurance co-pays) and medical monitoring.[1] Each type of relief is sought on behalf of a class of similarly situated individuals (the "Refund Class" and the "Monitoring Class," respectively), but no classes have been certified. The Court dismissed Plaintiff's prior complaint with leave to amend, and Plaintiff has filed a Second Amended Complaint which the defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss. The motion will be granted.

---

[1] Plaintiff alleges that she suffered heart palpitations that ended after she stopped taking Avandia, but she does not assert personal-injury claims. Sec. Am. Compl. ¶ 28.

## I. BACKGROUND

Plaintiff alleges that GSK promoted the use of Avandia to lower blood-sugar levels of patients with Type 2 diabetes. Plaintiff also alleges that taking Avandia significantly increases the patient's chances of suffering a heart attack or susceptibility to other health risks, and that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[2] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[5] The complaint must set forth "direct or inferential allegations respecting all the material elements

---

[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[3] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] Twombly, 550 U.S. at 555, 564.

[5] Id. at 570.

2

necessary to sustain recovery under *some* viable legal theory."[6] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[7] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[8]

## III. DISCUSSION

Plaintiff proceeds under New York's Consumer Protection Law,[9] which requires the plaintiff to allege that the defendant has engaged in a materially deceptive or misleading practice and that the plaintiff has been injured as a result.[10] "[W]hile an assertion of justifiable reliance is not necessary, a plaintiff must allege that defendant's consumer-oriented, deceptive acts or practices caused actual, although not necessarily pecuniary, harm directly to plaintiff."[11] "In interpreting this causation requirement, courts have held that where a plaintiff alleges that a defendant has engaged in deceptive advertising, but does not allege to have seen or been aware of such advertising, the plaintiff has not sufficiently pled a claim under [the statute] at the motion to dismiss stage."[12] The Court dismissed Plaintiff's prior complaint, in part, because Plaintiff had

---

[6] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[7] Id. (quoting McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[8] See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[9] N.Y. Gen. Bus. Law § 349.

[10] Colacicco v. Apotex, Inc., 432 F. Supp. 2d 514, 550 (E.D. Pa. 2006) (applying New York law), aff'd, 521 F.3d 253 (3d Cir. 2008), cert. granted, judgment vacated on other grounds, —— U.S. ——, 129 S. Ct. 1578 (2009).

[11] Baron v. Pfizer, Inc., 42 A.D.3d 627, 628, 840 N.Y.S.2d 445, 448 (N.Y. App. Div. 2007) (internal quotation omitted).

[12] Pa. Emp. Benefit Trust Fund v. Zeneca, Inc., 710 F. Supp. 2d 458, 474 (D. Del. 2010).

3

failed to allege that she had seen any such advertising. In the Second Amended Complaint, Plaintiff alleges that in 2004 or 2005 she viewed advertisements featuring the singer Della Reese, which stated that if a "diabetes sufferer took Avandia, exercised and controlled his/her diet, that would help control the consumer-patient's diabetes."[13] Plaintiff does not identify any affirmative misrepresentations about the risks of Avandia use in the advertisements, but does allege that the advertisements were misleading because they did not warn of the alleged dangers of Avandia use. However, although Plaintiff alleges that the commercials induced her to purchase Avandia, she does not allege when she began taking Avandia, or other facts from which the Court can infer a causal connection. Plaintiff also fails to allege that she paid more for Avandia than she would have paid for an alternative treatment.[14] Plaintiff therefore has failed to allege facts to support a plausible claim that she was injured by the advertisements.[15]

## IV. CONCLUSION

Plaintiff's complaint fails to state any claim upon which relief can be granted. Because, despite having filed several complaints, Plaintiff has been unable to state a viable cause of action, further amendment would be inequitable and likely futile. The Second Amended Complaint therefore will be dismissed with prejudice. An appropriate order will be entered.

---

[13] Sec. Am. Compl. ¶ 193.

[14] Plaintiff alleges generally that drugs such as metformin are less expensive than Avandia, Sec. Am. Compl. ¶ 18, but she does not allege that what she paid (for example through co-pays) was more for Avandia than for other drugs, and she does not allege that she was or would have been prescribed metformin in place of Avandia.

[15] Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995).

4