IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 1871 No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : : | |

**TWENTY-SECOND REPORT AND RECOMMENDATION OF
THE SPECIAL MASTER AS TO
PAYMENT OF A COMMON BENEFIT ASSESSMENT IN CERTAIN
ATTORNEY GENERAL ACTIONS**

The Special Master submits this Report and Recommendation recommending that the Court enter an order requiring payment of a total assessment of 2.75% of the gross monetary recovery from eight attorney general actions.

**Background**

On August 26, 2009, this Court entered Pre-Trial Order No. 70, establishing an Avandia Common Benefit Fund to compensate and reimburse attorneys for MDL administration and common benefit work.  Pursuant to PTO No. 70, the Common Benefit Fund was funded through an assessment of 7% levied on the gross monetary recovery of all Avandia claims subject to the jurisdiction of the MDL.  *See* PTO No. 70, §§ 3(a), 4(b).  In addition, any claims subject to state court jurisdiction in which plaintiffs' counsel chose to receive the benefit of the MDL common benefit work product were subject to the same 7% assessment.  *Id.* §§ 2, 3(b).

Over the past three years, the States of Kentucky, Louisiana, Maryland, Mississippi, New Mexico, South Carolina, Utah, and West Virginia have brought separate actions in state courts

alleging that GSK violated various state laws in its sales and marketing practices for Avandia. While some of these actions were removed to federal court and transferred to this Court as part of the Avandia MDL, this Court eventually remanded all removed cases to the state courts in which they were filed. After varying degrees of litigation activity, the eight states entered into settlement discussions with GSK and reached tentative agreements to resolve their claims in June 2013.

In reaching these tentative agreements, the states took the position that they were not subject to the 3% assessment from the client's shares of any recovery subject to PTO No. 70, as such an assessment would, in their view, violate the Eleventh Amendment. The states also took the position that the 4% assessment from the attorneys' fees should be reduced substantially because of the significantly different nature of the sales and marketing claims in the state actions from the personal injury claims that made up the bulk of the Avandia MDL, as well as the substantial amount of work done by the states in their actions that did not rely on the MDL work product.

In response, the Avandia Common Benefit Fee Committee argued that PTO No. 70, by its plain terms, applied to the state actions, as counsel for the states had executed the Endorsement of Protective Order attached to Pre-Trial Order No. 10, signed the Participation Agreement attached to PTO No. 70, and/or served on the Plaintiffs Steering Committee in the MDL. *See* PTO No. 70, § 3(b). The Fee Committee contended that, even assuming the client share of the 7% assessment could not be assessed on the states, counsel for the states should pay the full 7% assessment pursuant to PTO No. 70.

Because of the time-sensitive nature of the tentative agreements between the states and GSK, and the need to resolve the assessment issue before these agreements could be finalized, the states and their counsel agreed to enter into voluntary mediation with the Fee Committee regarding the assessment to be paid by the states and their counsel. The parties retained the undersigned to

mediate the dispute and, after the submission of position papers, met in person with the mediator on July 16, 2013 to attempt to resolve their dispute.

At the conclusion of the mediation, the parties reached an agreement that the states and their counsel would satisfy any obligations they might have under PTO No. 70 by the payment by the states' counsel of 2.75% of the gross settlement amount in the eight state actions, excluding costs paid by GSK, and that the firm of Heard Robins Cloud & Black would not receive any common benefit payment it would otherwise be entitled to receive pursuant to this Court's February 14, 2013 Order (doc. no. 3089) from the 2.75% assessment.

**Recommendation**

The agreement set forth above represents a fair and reasonable resolution of the parties' dispute over the proper assessment to be paid by the states and their counsel, and resulted from good faith arm's length negotiations between the parties.  The Special Master recommends that the Court enter an order in the form attached to this Report and Recommendation reflecting the parties' agreement.

Dated:  October 4, 2013                              /s/ Bruce P. Merenstein
                                                     Bruce P. Merenstein, Special Master

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION : : : : : | MDL No. 1871<br>No. 07-md-01871-CMR |
| THIS DOCUMENT RELATES TO ALL ACTIONS : : : : | |

### CERTIFICATE OF SERVICE

I, Bruce P. Merenstein, hereby certify that on October 4, 2013, I caused to be electronically filed the foregoing **Twenty-Second Report and Recommendation of the Special Master As to Payment of a Common Benefit Assessment in Certain Attorney General Actions**. Through the Court's ECF system, this document is available for viewing and downloading.

/s/ Bruce P. Merenstein
Bruce P. Merenstein