UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : <br> : <br> :   MDL No. 1871 <br> :   07-md-01871 <br> : |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : <br> : <br> : |

MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE

The Court-appointed Advisory Committee hereby respectfully moves this Court to issue an Order to Show Cause, requiring the law firm of Girardi Keese to appear and explain why it and the claimants it represents are not subject to Pretrial Order No. 70's common benefit assessment.

On February 27, 2014, the Advisory Committee learned from counsel for GlaxoSmithKline ("GSK") that the firm of Girardi Keese was contesting whether and to what extent a common benefit assessment should be paid under Pretrial Order No. 70 with respect to Avandia cases Girardi Keese has settled with GSK.[1] *See generally*, *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, PTO No. 70 (Aug. 29, 2009) (Docket No. 495). As shown below, there is no question that Girardi Keese and its Avandia clients are subject to a common benefit assessment based on the existing court record.

---

[1] The firm of Girardi Keese does not appear to be challenging the exclusive jurisdiction of this Court to resolve any dispute arising out of the payment of common benefit assessments.

1. <u>A Girardi Keese Attorney Was an Original Member of the Avandia PSC and PSC Members Are Required to Pay a Common Benefit Assessment</u>

Under PTO 70, members of the PSC and their cases are subject to the common benefit assessment.  Per its terms, PTO 70 applies to:

> All Avandia claims, regardless of whether those claims are subject to the jurisdiction of MDL 1871, tolled, unfiled, or filed in another jurisdiction, in which the following attorneys have a fee interest … Members of the PSC….

PTO 70 at 3(b).  On April 9, 2008, this Court appointed J. Paul Sizemore, Esq. to the Avandia PSC.  *See In re Avandia*, MDL No. 1871, Order (Apr. 9, 2008) (Docket No. 108).  From the time of his appointment up and through the entry of PTO 70, Mr. Sizemore was an attorney and partner at the Girardi Keese firm.  Mr. Sizemore also served as chair of the Science Committee for the PSC in the Avandia MDL while working with Girardi Keese.  Accordingly, Girardi Keese is bound by PTO 70.

2. <u>After the Departure of Mr. Sizemore, Girardi Keese Received the Benefits of PSC Work Product</u>

The PSC recognizes that, in or about early 2010, Mr. Sizemore left Girardi Keese.  However, subsequent to his departure, Girardi Keese attorneys requested and received assistance from the PSC.  For example, on or about April 4 or 5, 2012, Keith Griffin, Esq., a Girardi Keese attorney, requested documents and materials from PSC members to assist Girardi Keese with arguments in California State Court.  The PSC provided these materials to Mr. Griffin.[2]

---

[2] Due to the sensitive nature of these emails, the PSC will provide them at any factual hearing should it become necessary.

In addition, in 2010, Mr. Girardi personally attended a meeting in Philadelphia, Pennsylvania and received PSC work product. As required at this meeting, Mr. Girardi signed a recognition that he was receiving PSC work product and information subject to PTO 10 and that by attending, he was subjecting himself to PTOs 10 and 70.[3]

Finally, Girardi Keese cases were filed in this Court and benefited from the procedures established to place cases in administrative suspense pending resolution. *See In re Avandia*, MDL No. 1871, Stipulation and Order to Place in Administrative Suspense (Oct. 10, 2012) (Docket No. 2740) (noting that twenty-five Girardi Keese cases were subject to a master settlement agreement with GSK and may be placed on administrative suspense pending the ultimate conclusion of the settlement), attached as Exhibit 1.

Because members of the Girardi Keese firm requested and were provided PSC work product, accepted information that was subject to PTOs 10 and 70, and took advantage of PSC created procedures, Girardi Keese and its clients are subject to PTO 70.

3. <u>Despite Repeated Notices, Girardi Keese Never Objected to Its Identification as a Firm Subject to PTO 70</u>

The PSC regularly notified defense counsel who was subject to PTO 70. The communication was also sent to listed counsel and provided each firm or

---

[3] Due to the sensitive nature of this document, the PSC will provide it at any factual hearing should it become necessary.

attorney an opportunity to object if they did not feel they were appropriately listed.  The PSC never received any such objection from Girardi Keese.

As shown, Girardi Keese's Avandia settlements are subject to payment of a common benefit assessment.  Accordingly, the Advisory Committee respectfully requests that this Court enter an order commanding Girardi Keese to appear and explain why it and its clients are not subject to Pretrial Order No. 70's common benefit assessment.

Dated: March 13, 2014			/s/ Dianne M. Nast
					Dianne M. Nast, Esq.
					NastLaw LLC
					1101 Market Street
					Suite 2801
					Philadelphia, Pennsylvania 19107
					(215) 923-9300
					dnast@nastlaw.com

					Vance R. Andrus, Esq.
					Andrus, Hood & Wagstaff, PC
					1999 Broadway, Suite 4150
					Denver, Colorado 80202
					(303) 376-6360

					Bryan F. Aylstock, Esq.
					Aylstock, Witkin, Kreis & Overholtz PLLC
					17 East Main Street, Suite 200
					Pensacola, Florida  32502
					(850) 916-7450

					Thomas P. Cartmell, Esq.
					Wagstaff & Cartmell LLP
					4740 Grand Avenue, Suite 300
					Kansas City, Missouri  64112
					(816) 701-1102

Joseph J. Zonies, Esq.
Reilly Pozner LLP
1900 Sixteenth Street, Ste. 1700
Denver, Colorado  80202
(303) 893-6100

*Plaintiffs' Advisory Committee*


Paul R. Kiesel, Esq.
Kiesel Boucher Larson LLP
8648 Wilshire Blvd.
Beverly Hills, California  90211
(310) 854-4444

*Plaintiffs' Coordinating Counsel*


Stephen A. Corr
Stark and Stark
777 Township Line Road, Suite 120
Yardley, Pennsylvania 19067
(267) 759-9684

*Plaintiffs' Liaison Counsel*