# EXHIBIT 2

# ATTORNEY PARTICIPATION AGREEMENT

This Attorney Participation Agreement is made this 12th day of May, 2009, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Eastern District of Pennsylvania in MDL Docket No. 1871 and:

_____

_____

(hereinafter "Participating Counsel").

WHEREAS, the United States District Court for the Eastern District of Pennsylvania has appointed Rachel Abrams, Vance Andrus, Bryan Aylstock, Marc Grossman, W. Mark Lanier, David P. Matthews, Shannon Medley, Karen B. Menzies, Michael J. Miller, Benedict Morelli, Dianne Nast, Tracy Rezvani, J. Paul Sizemore, Fred Thompson, and Joseph Zonies to serve as members of the PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Avandia.

WHEREAS, the PSC in association with other attorneys working for the common benefit of plaintiffs (the "Common Benefit Attorneys") have developed or are in the process of developing work product which will be valuable in the litigation of State and Federal Court proceedings involving claims of Avandia, Avandamet, and/or Avandaryl (hereinafter collectively referred to as "Avandia") induced injuries (the "Common Benefit Work Product") and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s).

2. This Agreement applies to each and every claim, case, or action arising from the use of Avandia in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Assessed Cases").

3. With respect to each and every Assessed Case, Participating Counsel understand and agree that Defendants and their counsel will hold back a percentage proportion of the gross recovery that is equal to seven percent (7%) of the Gross Monetary Recovery ("the Assessment"). Of that amount, four percent (4%) shall be deducted from the attorneys' fees and three percent (3%) from the client's shares of the Gross Monetary Recovery. Defendants or their counsel will deposit the Assessment in the Plaintiff's Litigation Expense Fund ("the Fund"). Should Defendants or their counsel fail to hold back the Assessment for any Assessed Case, Participating Counsel and their law firms shall deposit or cause to be deposited the Assessment in the Fund. It is the intention of the parties that absent extraordinary circumstances recognized by MDL 1871 Court Order, such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible to receive disbursements from the Fund pursuant to an Order of the Court regarding assessments or the Fund.

4. The Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a

financial interest in connection with any Assessment received in the full extent permitted by law, in order to secure payment of the Assessment. The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

5. The amounts deposited in the Fund shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the Fund. Participating Counsel may apply to the Court for common benefit fees and reimbursement of expenses, provided that Participating Counsel:

   a. were called upon by the PSC, in writing, to assist it in performing its responsibilities;

   b. expended time and efforts for the common benefit; and

   c. timely submitted such time and expenses in accordance with the Court's orders, or in the absence of such orders, the procedures established by the PSC.

6. This Agreement is without prejudice to the amount of fees or costs to which Participating Counsel may be entitled to in such an event.

7. Upon request of the Participating Counsel, the PSC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package.

8. As the litigation progresses and Common Benefit Work Product continues to be generated, the PSC will provide Participating Counsel with such work product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

resulting from a medical malpractice claims against treating physicians.

10. Both the PSC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The PSC recognizes and respects the value of the contingency fee agreement as essential in providing counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the PSC to urge the Court to not interfere with any such agreements so long as they comport with the applicable law or bar rules.

PLAINTIFFS' STEERING COMMITTEE

By: */s/ Vance R. Andrus/*
Vance Andrus, Esq.
Andrus-Boudreaux, PLC
1775 Sherman Street, 31st Floor
Denver, Colorado 80203
(303) 376-6360

PARTICIPATING ATTORNEYS

By: _____

_____

_____

_____

[Here List the Name and Address of the Participating Counsel's Firm and Individual Attorneys]

**Keith Griffin**