# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| In re: AVANDIA MARKETING, SALES | : | **MDL No. 1871** |
| PRACTICES AND PRODUCTS | : | **07-md-1871** |
| LIABILITY LITIGATION | : | |
| ———————————————————— | : | |
| | : | |
| **THIS DOCUMENT APPLIES TO:** | : | |
| | : | |
| **See Attachment A** | : | |
| ———————————————————— | : | |

### MEMORANDUM OPINION

**RUFE, J.**                                                                     **MAY 16, 2014**

Before the Court are motions for summary judgment in 117 cases filed by GlaxoSmithKline ("GSK") arguing that the statutes of limitations applicable to the cases require dismissal. Plaintiffs have failed to respond, and for the reasons below, the motions will be granted in part and denied in part.

## I.      Introduction

Most (103) of the cases before the Court were filed as multi-plaintiff cases in Illinois state courts by residents of thirty-two states no earlier than June 5, 2013 ("the Illinois cases").[1] Upon transfer into this MDL, the cases were severed. Fourteen cases were filed directly into the MDL on March 27, 2014 ("the direct filed MDL cases").[2] The 117 Illinois and direct filed MDL cases all include two counts of strict product liability, namely failure to warn and design defect.

---

[1] *See* Nos. 13-5839 & 5840.

[2] Nos. 14-1811, 14-1812, 14-1814, 14-1815, 14-1816, 14-1817, 14-1819, 14-1823, 14-1824, 14-1825, 14-1826, 14-1827, 14-1828 & 14-1829. The Court also has pending similar motions in *Thorman v. SmithKline Beecham Corp.*, filed by a Texan in Oklahoma State court on August 20, 2012, No. 12-5954, and *Bautista v. GlaxoSmithKline LLC*, No. 13-5125, filed by a New York resident in New York State court on June 18, 2013. These cases present issues different enough from the other 117 cases that they will not be discussed here.

## II.    Standard of Review and Choice of Law

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[4] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[5]

Because the harm in all these cases stems from personal injury, the law to be applied is that of the place of the injury, both for the Illinois cases and for the direct filed MDL cases.[6] Each of the cases alleges that the relevant plaintiff was injured in the place of his or her residence, and therefore this Opinion considers GSK's motion state by state.

## III.    Disposition of GSK's Motions

### A.    *General Principles*

A statute of limitations delineates the time before which an action must be commenced in order for a plaintiff to recover. The statute begins to run at the time of an injury unless there is provision that tolls the statute. Some states toll the statutes of limitations for personal injury actions until the date after which a reasonable person would know what the cause of his or her injury was (the "discovery rule"). This Court has previously held "that a reasonable person who knew that he or she had suffered cardiovascular injury and had taken Avandia would have been put on notice by the end of 2007 of the need to investigate a possible link between Avandia and

---

[3] Fed. R. Civ. P. 56(a), (c)(1)(A).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] *Faheem v. GlaxoSmithKline LLC*, No. 11-695 (*In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, MDL 1871 (Doc. No. 2522)), 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2012).

the injury."[7] Therefore, in a discovery-rule state, the statute of limitations began to run the later of December 31, 2007, or the date of an injury. In a state with no discovery rule, the statue began to run on the date of the injury. All of the injuries alleged in these complaints were cardiovascular.

The earliest Illinois case was filed on June 5, 2013; the direct filed MDL cases were filed on March 27, 2014. Frequently in this Opinion, the direct filed MDL cases and Illinois cases are discussed together because the complaints are basically identical (though the Court will be careful not to ascribe the direct filed MDL cases' filing date to any Illinois plaintiff for statute of limitations purposes). The vast majority of the complaints GSK targets were filed after the limitations period expired. Two plaintiffs have suffered from multiple injuries, some time-barred, others not. GSK has not presented the Court with evidence as to why these plaintiffs should not be allowed to present claims with respect to their more recent alleged injuries, and therefore the motion for summary judgment will be denied insofar as a complaint alleges Avandia-related injuries that occurred within the limitations period.

B.      Alabama[8]

The statute of limitations for personal injury actions in Alabama is two years.[9] There is no discovery rule that tolls the statute of limitations, and therefore an action is untimely if filed more than two years after the date of the injury.[10]

---

[7] *Id.* at *4.

[8] Plaintiffs William Doss, No. 14-509, Freddie Harkness, 14-1828, Dorothy Johns, No. 14-436, and Kennie McKay, No. 14-340, reside in Alabama.

[9] Ala. Code § 6-2-38(l).

[10] *Utilities Bd. of City of Opp v. Shuler Bros., Inc.*, No. 1111558, 2013 WL 3154011, at *4 (Ala. June 21, 2013) ("The 'discovery rule' in Alabama applies only to fraud actions and cases involving the fraudulent concealment of the existence of a cause of action." (citations omitted)).

The most recent injury suffered by an Alabama plaintiff was Freddie Harkness's coronary artery bypass grafting "in or around 2004–2007,"[11] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2007. The statute of limitations ran on December 31, 2009, three and a half years before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Alabama plaintiffs.

C.      *Alaska*[12]

The statute of limitations for personal injury actions in Alaska is two years.[13] In that state, "[w]here an element of a cause of action is not immediately apparent, the discovery rule provides the test for the date on which the statute of limitations begins to run."[14] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The only Alaska plaintiff is Michael Paul Hydrick, who underwent coronary artery bypass grafting "on or around" April 21, 2006.[15] The statute of limitations ran on December 31, 2009, about four and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on Hydrick's complaint.

D.      *Arizona*[16]

---

[11] No. 14-1828, Compl. at ¶ 3.

[12] Plaintiff Michael Paul Hydrick, No. 14-1812, is a citizen of Alaska.

[13] Alaska Stat. Ann. § 09.10.070(a).

[14] *John's Heating Serv. v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002).

[15] No. 14-1812, Compl. at ¶ 3.

[16] Plaintiffs Janice Gilmore, No. 14-471, and Hershell McIntosh, No. 14-341, reside in Arizona.

The statute of limitations for personal injury actions in Arizona is two years.[17] Arizona applies the discovery rule, and "a cause of action does not accrue until a plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by the defendant's [tortious] conduct."[18] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Arizona plaintiff was Janice Gilmore's chest pain from "on or around" February 25, 2007.[19] The statute of limitations ran on December 31, 2009, three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Arizona plaintiffs.

E.     *Arkansas*[20]

The statute of limitations for product liability and personal injury actions in Arkansas is three years.[21] There is a discovery rule, and "no action in [products-liability] tort begins to accrue until the plaintiff knew, or by the exercise of reasonable diligence should have discovered, the cause of the injury."[22] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

---

[17] Ariz. Stat. Rev. §12-542(a).

[18] *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 423 (Ct. App. 1987); *accord Walk v. Ring,* 44 P.3d 990, 996 (Ariz. 2002).

[19] No. 14-471, Compl. at ¶ 3.

[20] Plaintiffs Patricia Dyson, No. 14-516, Vicky Kendrick, No. 14-427, and Joy Lacefield, No. 14-1823, reside in Arkansas.

[21] Ark. Code Ann. §§ 16-116-103, 16-56-105.

[22] *Martin v. Arthur*, 3 S.W.3d 684, 689 (Ark. 1999); *see also McEntire v. Malloy*, 707 S.W.2d 773, 776 (Ark. 1986) ("Once a prospective plaintiff knows she has been injured by a wrongdoer her cause of action has accrued.").

The most recent injury suffered by an Arkansas plaintiff was Vicky Kendrick's heart attack "in or around 2007,"[23] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2007. The statute of limitations ran on December 31, 2010, two and a half years before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Arkansas plaintiffs.

F.    Connecticut[24]

The statute of limitations for products liability actions in Connecticut is three years.[25] There is a discovery rule that starts the limitations period running "when the injury . . . is first sustained or discovered or in the exercise of reasonable care should have been discovered."[26] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

The most recent injury suffered by a Connecticut plaintiff was Emogene James's myocardial infarction "in or around" December 26, 2008.[27] The statute of limitations ran on December 26, 2011, one and a half years before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Connecticut plaintiffs.

---

[23] No. 14-427, Compl. at ¶ 3.

[24] Plaintiffs Emogene James, No. 14-1811, and Joan Kenny, No. 14-426, reside in Connecticut.

[25] Conn. Gen. Stat. Ann. § 52-577a(a).

[26] *Id.*

[27] No. 14-1811, Compl. at ¶ 3.

G.      Florida[28]

The statute of limitations for products liability actions in Florida is four years.[29] There is a discovery rule that starts the limitations "period running from the date that the facts giving rise to the cause of action were discovered, or should have been discovered with the exercise of due diligence."[30] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after four years from the injury or after December 31, 2011, whichever came later.

The most recent injury suffered by a Florida plaintiff, with the exception of Ann Emmert, was Robert Carver's myocardial infarction "on or around" November 14, 2008.[31] The statute of limitations for these plaintiffs ran no later than November 14, 2012, more than seven months before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Florida plaintiffs other than Ann Emmert.

Ms. Emmert allegedly suffered a heart attack on or around August 17, 2004, and she underwent bypass surgery on or around April 26, 2010.[32] GSK argues that the surgery was treatment for the heart attack. While it stands to reason that the two are related, it is likely (and therefore a reasonable inference from the complaint) that Ms. Emmert received bypass surgery for an ongoing heart condition and not particularly likely that she had a heart attack and waited six years to have it treated. She has plainly filed too late to recover damages compensating her for her 2004 heart attack, but the record currently before the Court is insufficient to enter

---

[28] Plaintiffs Ann Emmert, No. 14-517, Robert Carver, No. 14-392, Karen Collins, No. 14-408, Joel Harris, No. 14-1829, Thomas LeVasseur, No. 14-479, Lucile Lily, No. 14-366, and Wayne Lothrop, No. 14-361, reside in Florida.

[29] Fla. Stat. Ann. § 95.11(3)(e), (p).

[30] Fla. Stat. Ann. § 95.031(b).

[31] No. 14-392, Compl. at ¶ 3.

[32] No. 14-517, Compl. at ¶ 3.

summary judgment in favor of GSK with respect to any claim Ms. Emmert may have stemming from her bypass surgery. It is conceivable that the surgery constitutes a distinct injury caused by Avandia, and in the absence of evidence that it was merely treatment for the heart attack, the Court will deny GSK's motion for summary judgment insofar as it seeks adjudication of any claim Ms. Emmert may have that ripened on or around the date of her bypass surgery, without prejudice to GSK's right to seek summary judgment on any appropriate ground that may exist, including the statute of limitations if GSK can demonstrate with more evidence the absence of a genuine issue as to a material fact relating to the timeliness of the complaint.

H.     *Georgia*[33]

The statute of limitations for personal injury actions in Georgia is two years.[34] There is a discovery rule pursuant to which a "cause of action [does] not accrue and the statute of limitation [does] not run . . . until [plaintiff] knew or through the exercise of reasonable diligence should have discovered not only the nature of his injury but also the causal connection between the injury and the alleged negligent conduct."[35] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by a Georgia plaintiff was Jennifer Goodwin's myocardial infarction "in or around February 2011,"[36] which the Court will treat for the purposes

---

[33] Plaintiffs Emmett Clark, No. 14-397, Brenda Cook, No. 14-409, John Fleming, No. 14-527, Jennifer Goodwin, No. 14-451, Donna Greene No. 14-455, Edmond Grant Haines, No. 14-1825, and Oscar Lee, Jr., No. 14-481, reside in Georgia.

[34] Ga. Code Ann. § -3-33.

[35] *King v. Seitzingers, Inc.*, 287 S.E.2d 252, 255 (Ga. App. 1981); *see also Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E. 2d 732, 733 (Ga. 1988) ("[T]he discovery rule of *King v. Seitzingers, Inc.*, [is confined] to cases of bodily injury which develop only over an extended period of time." (citation omitted, second alteration in original)).

[36] No. 14-451, Compl. at ¶ 3.

of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on February 28, 2011.  The statute of limitations for the Georgia plaintiffs ran no later than February 28, 2013, more than three months before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Georgia plaintiffs.

### I.      Illinois[37]

The statute of limitations for personal injury actions in Illinois is two years.[38] There is a discovery rule pursuant to which a "a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused."[39] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Illinois plaintiff was Terence Williams' coronary artery bypass grafting surgery "on or around"[40] August 14, 2007. The statute of limitations for the Illinois plaintiffs ran no later than December 31, 2009, about three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Illinois plaintiffs.

### J.      Indiana[41]

The statute of limitations for product liability actions in Indiana is two years.[42] There is a discovery rule pursuant to which "[t]he two-year statute of limitations begins to run from the

---

[37] Plaintiffs George Ira Carroll, No. 13-5840, William Harrison, No. 14-390, Howard Look, No. 14-362, Terence Williams, No. 13-5839, reside in Illinois.

[38] 735 Ill. Comp. Stat. Ann. § 5/13-202.

[39] *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 192 (Ill. 2002).

[40] No. 13-5839, Compl. at ¶ 3.

[41] Plaintiffs David Duncombe, No. 14-514, and Jerry Grossman, No. 14-459 reside in Indiana.

date the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another."[43] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Indiana plaintiff was David Duncombe's coronary artery placement procedure "on or around"[44] January 5, 2009. The statute of limitations for the Indiana plaintiffs ran no later than January 5, 2011, about two and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Indiana plaintiffs.

> K.    Kansas[45]

The statute of limitations for personal injury torts in Kansas is two years.[46] There is a discovery rule pursuant to which, "if the fact of injury is not reasonably ascertainable until some time after the initial [tortious] act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party."[47] The Kansas Supreme Court has read this rule to toll the statute of limitations until a reasonable person should have ascertained the cause of a complained-of injury.[48] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

---

[42] Ind. Code Ann. § 34-20-3-1(b)(1); *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207, 201 (Ind. 1981).

[43] *Degussa Corp. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001).

[44] No. 14-514, Compl. at ¶ 3.

[45] Plaintiffs Alan Clegg, No. 14-400, and Maria Garza, No. 14-1819, reside in Kansas.

[46] Kan. Stat. Ann. § 60-513(a)(4).

[47] Kan. Stat. Ann. § 60-513(b).

[48] *Hecht v. First Nat. Bank & Trust Co.*, 490 P.2d 649, 656 (Kan. 1971).

Both Kansas plaintiffs vaguely allege injuries "in or around 2006,"[49] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2006. The statute of limitations for the Kansas plaintiffs ran no later than December 31, 2009, about three and a half years before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Kansas plaintiffs.

     *L.*       *Kentucky*[50]

The statute of limitations for personal injury actions in Kentucky is one year.[51] There is a discovery rule pursuant to which "the statute of limitations commences from the date the plaintiff knew or should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct."[52] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after one year from the injury or after December 31, 2008, whichever came later.

The most recent injury suffered by a Kentucky plaintiff, with the exception of Earl Gregory, was Edward Jesse's heart attack "in or around August 2010,"[53] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on August 31, 2010. The statute of limitations for these plaintiffs ran no later than August 31, 2011, a little less than two years before the earliest complaint was filed.

---

[49] Nos. 14-400, Compl. at ¶ 3, & 14-1819, Compl. at 3.

[50] Plaintiffs John Clemons, No. 14-1814, Donald Garner, No. 14-474, Earl Gregory, No. 14-1824, Keith Haire, No. 14-1826, Edwards Jarrell, No. 14-439, Edward Jesse, No. 14-438, reside in Kentucky.

[51] Ky. Rev. Stat. Ann. § 413.140(1)(b).

[52] *Perkins v. Ne. Log Homes*, 808 S.W.2d 809, 819 (Ky. 1991) (internal quotation marks omitted).

[53] No. 14-438, Compl. at ¶ 3.

Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Kentucky plaintiffs other than Earl Gregory.

Mr. Gregory allegedly has suffered "heart attacks starting in or around 2011 to the present."[54] His complaint was filed directly into the MDL on March 27, 2014. He has plainly filed too late to recover damages related to any heart attack from before March 27, 2013, but the record currently before the Court is insufficient to enter summary judgment in favor of GSK with respect to any claim Mr. Gregory may have stemming any heart attack that occurred after that date. It is conceivable that such a heart attack constitutes an injury caused by Avandia distinct from the time-barred heart attack(s), and in the absence of argument from GSK with respect to the allegation of injuries continuing to the present, the Court will deny its motion for summary judgment insofar as it seeks adjudication of any claim Mr. Gregory may have that ripened after March 27, 2013, without prejudice to GSK's right to seek summary judgment on any appropriate ground that may exist, including the statute of limitations if GSK can demonstrate with more evidence the absence of a genuine issue as to a material fact relating to the timeliness of the complaint.

### M.    Louisiana[55]

In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year."[56] Translated into the language of common-law jurisdictions, the statute of limitations for certain torts (including product liability actions) is one year.[57] "To soften the occasional harshness of

---

[54] No. 14-1824, Compl. at ¶ 3.

[55] Plaintiffs Carolyn Hanks, No. 14-463, John Ledet, Jr., No. 14-483, and Judy Legg, No. 14-480, reside in Louisiana.

[56] La. Civ. Code Ann. art. 3492.

[57] *See, e.g., Denoux v. Vessel Mgmt. Servs., Inc.*, 983 So. 2d 84, 86 (La. 2008). The limitation does not apply to minors and "interdicts," i.e., people who have been declared legally incapacitated. William Reed Huguet,

prescription statutes, Louisiana courts have recognized a jurisprudential exception to prescription with *contra non valentem non currit praescriptio,* which means prescription does not run against a person who [can] not bring suit."[58] Louisiana's *contra non valentem* maxim is a discovery rule, and "[w]here the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant," "[c]ontra non valentem applies so that prescription does not run."[59] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after one year from the injury or after December 31, 2008, whichever came later.

The most recent injury suffered by a Louisiana plaintiff was Carolyn Hanks's congestive heart failure "on or around" May 21, 2012.[60] The statute of limitations for the Louisiana plaintiffs ran no later than May 21, 2013, a few weeks before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Louisiana plaintiffs.

### N.     Michigan[61]

The statute of limitations for product liability and personal injury actions in Michigan is three years.[62] It is unclear to what extent, if any, the discovery rule applies to claims filed in Michigan before July 25, 2007. On that date, a badly fractured state Supreme Court appeared to

---

*The New Law of Interdiction: Clear and Convincing Revision?*, 47 Loy. L. Rev. 1059, 1059 (2001) ("Many readers in other jurisdictions will associate interdiction with its common law corollary guardianship."); Unif. Probate Code § 5-102(3), (4).

[58] *Jenkins v. Starns*, 85 So. 3d 612, 623 (La. 2012).

[59] *Corsey v. State, Through Dep't of Corr.*, 375 So. 2d 1319, 1322 (La. 1979).

[60] No. 14-463, Compl. at ¶ 3.

[61] Plaintiffs Jack Chambers, No. 14-1815, Michael Ethier, No. 14-519, Stanley William Harris, No. 14-465, and Buddy Kostuk, No. 14-490, reside in Michigan.

[62] Mich. Comp. L. Ann. § 600.5805(10), (13).

overrule all prior precedent that had applied the discovery rule to statutes of limitations that did not explicitly include such a rule in the statutory text and applied its decision retroactively.[63] However, a subsequent decision from the United States District Court for the Eastern District of Michigan held that the rationale in *Trentadue* for applying the case retroactively was inapposite to products liability cases and that therefore the decision was not retroactive in that context.[64] In any event, for the purposes of this Opinion, the question of whether *Trentadue* is retroactive is purely academic, because even if it is not, the statute of limitations for injuries that occurred before July 25, 2007, would have expired on December 31, 2009.

The most recent injury suffered by a Michigan plaintiff was Buddy Kostuk's heart attack "on or around" January 2, 2009.[65] The statute of limitations ran on January 2, 2011, two and a half years before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Michigan plaintiffs.

### O.    Mississippi[66]

The statute of limitations for personal injury actions in Mississippi is three years.[67] Mississippi has a limited discovery rule that tolls the statute of limitations for latent injuries until

---

[63] *Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 672 (Mich. 2007); *but see Lauderdale v. Wells Fargo Home Mortgage*, No. 12-1794, 2014 WL 259919, at *2 (6th Cir. Jan. 23, 2014) (discussing discovery rule as if it still has force). Prior precedent had held that not applying a discovery rule in certain cases would be "illogical and unintelligent." *Moll v. Abbott Labs.*, 506 N.W.2d 816, 823 (Mich. 1993). The Michigan Supreme Court had explicitly extended the discovery rule to products liability cases, *Id.* at 824, but *Trentadue* "completely eliminated the common law discovery rule in Michigan." *Colaianni v. Stuart Frankel Dev. Corp., Inc.*, No. 282587, 2009 WL 1717388, at *3 (Mich. Ct. App. June 18, 2009); *see also id.* at n.2 ("We urge the Supreme Court to reconsider its decision in *Trentadue*. Barring a lawsuit because the period of limitations has expired in a case where a claimant was unaware of the basis for the action is a harsh and unjust result.").

[64] *Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 817–18 (E.D. Mich. 2008).

[65] No. 14-490, Compl. at ¶ 3.

[66] Plaintiffs Tommie Hayward, No. 14-388, Eugene Husband, No. 14-445, Mary Lewis, No. 14-367, Shirley Magee, No. 14-357, and Gerald McLemore, No. 14-493, reside in Mississippi.

[67] Miss. Code Ann. § 15-1-49(1).

the time of the injury (rather than the time of the wrongful act),[68] but "[n]o provision of Section 15–1–49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations."[69] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury.

The most recent injury suffered by a Mississippi plaintiff was Eugene Husband's myocardial infarction "on or around" April 3, 2009.[70]  The statute of limitations for the Illinois plaintiffs ran no later than April 3, 2011, about two years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Mississippi plaintiffs.

P.      *Missouri*[71]

The statute of limitations for product liability actions in Missouri is five years.[72] There is a discovery rule pursuant to which a cause of action accrues when "the evidence [i]s such to place a reasonably prudent person on notice of a potentially actionable injury."[73] Therefore, an

---

[68] Miss. Code Ann. § 15-1-49(2)

[69] *Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010).

[70] No. 14-445, Compl. at ¶ 3.

[71] Plaintiffs Alma Hodgest, No. 14-376, Michael Kieser, No. 14-424, Irvin Linnenbrink, No. 14-363, and Larry McNeely, No. 14-492, reside in Missouri.

[72] Mo. Stat. Ann. § 516.120(4).

[73] *Bus. Men's Assur. Co. of Am. v. Graham*, 984 S.W.2d 501, 507 (Mo. 1999). Some cases have imposed a more limited discovery rule in Missouri such that the limitations period begins to run when the injury is ascertainable but not necessarily the cause. *King v. Nashua Corp.*, 763 F.2d 332, 333 (8th Cir. 1985). "However, there are certain exceptional cases where the court may expand the" limitations period. *Id.* In *King*, the court holds that a cause of action in a products liability case arises when "the medical community was aware of the causation link" between the product and the harm; applying such a rule here would result in the same limitations date as the more general "discovery rule" used in the majority of states. *Id.*

action claiming Avandia-caused heart-related injury is untimely if filed after five years from the injury or after December 31, 2012, whichever came later.

The most recent injury suffered by a Missouri plaintiff was Irvin Linnenbrink's congestive heart failure "on or around" October 17, 2005. [74] The statute of limitations for the Missouri plaintiffs ran no later than December 31, 2012, about half a year before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Missouri plaintiffs.

Q.    Montana[75]

The statute of limitations for product liability actions in Montana is three years.[76] There is a discovery rule pursuant to which "[t]he period of limitation does not begin . . . until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if . . . the facts constituting the claim are by their nature concealed or self-concealing."[77] The Montana Supreme Court has held that "where a person's exposure to chemicals or other substances results in a latent disease or injury, the situation involves facts which, by their nature, are self-concealing,"[78] so here the limitations period did not begin to run "until the injured party . . . discovered the facts constituting the claim or, with due diligence, should have discovered those facts."[79] An action claiming Avandia-caused heart-

---

[74] No. 14-363, Compl. at ¶ 3.

[75] Plaintiff Tamara Dean, No. 14-500, resides in Montana.

[76] Mont. Code Ann. § 27-2-204(1).

[77] Mont. Code Ann. § 27-2-102(1)(a).

[78] *Gomez v. State*, 975 P.2d 1258, 1260 (Mont. 1999).

[79] *Id.*

related injury is therefore untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

The only plaintiff from Montana is Tamara Dean, who suffered a myocardial infarction "in or around 2000."[80] The statute of limitations ran on December 31, 2010, about three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on Dean's complaint.

### R.      Nebraska[81]

The statute of limitations for product liability actions in Nebraska is four years.[82] There is a limited discovery rule pursuant to which to the limitations period "begins to run on the date on which the party holding the cause of action discovers, or in the exercise of reasonable diligence should have discovered, the existence of the injury or damage," but not the cause of the injury.[83] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after four years from the injury.

The most recent injury suffered by a Nebraska plaintiff was Robert Evans's congestive heart failure "on or around" January 4, 2007. [84] The statute of limitations for the Nebraska plaintiffs ran no later than January 4, 2011, about two and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Nebraska plaintiffs.

---

[80] No. 14-500, Compl. at ¶ 3.

[81] Plaintiffs Robert Evans, No. 14-520, Patricia Glaze, No. 14-449, and David Linberg, No. 14-36, reside in Nebraska.

[82] Neb. Rev. Stat. Ann. § 25-224(1).

[83] *Condon v. A. H. Robins Co., Inc.*, 349 N.W.2d 622, 627 (Neb. 1984).

[84] No. 14-520, Compl. at ¶ 3.

S.      *New Jersey*[85]

The statute of limitations for product liability actions in New Jersey is two years.[86] There is a discovery rule pursuant to which the statute of limitations begins to run when a plaintiff "discovered or should have discovered, by exercise of reasonable diligence and intelligence, that the physical condition of which he complains was causally related to" a defendant's tort.[87] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by a New Jersey plaintiff was Leonard Cottrell, Sr.'s congestive heart failure "on or around" February 25, 2009.[88] The statute of limitations for the New Jersey plaintiffs ran no later than February 25, 2011, about two and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the New Jersey plaintiffs.

T.      *New York*[89]

The statute of limitations for product liability actions in New York is three years.[90] There is a discovery rule pursuant to which "the three year period within which an action to recover damages for personal injury . . . caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body . . . must be commenced shall

---

[85] Plaintiffs Leonard Cottrell, Sr., No. 14-415, Kenneth Harrell, No. 14-464, and Rosalie Kraszyk, and  No. 14-489 reside in New Jersey.

[86] N.J. Stat. Ann. § 2A:14-2(a).

[87] *Vispisiano v. Ashland Chem. Co.*, 527 A.2d 66, 72 (N.J. 1987).

[88] No. 14-415, Compl. at ¶ 3.

[89] Plaintiffs Joyce Clohessy, No. 14-402, Darlene Esposito, No. 14-518, and Lila Mae Hunter, No. 14-446, reside in New York.

[90] N.Y. C.P.L.R. 214(5).

be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier."[91] This statute is tolled "where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier," in which case, "an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized . . . the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized."[92] Assuming without deciding that the New York plaintiffs can take advantage of this tolling provision, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2008, whichever came later.

The most recent injury suffered by a New York plaintiff in the Illinois cases is Darlene Esposito's myocardial infarction and stent implantation "on or around" August 12, 2008.[93] The statute of limitations for the New York plaintiffs ran no later than August 12, 2011, about two years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the New York plaintiffs.

---

[91] N.Y. C.P.L.R. 214-c(2).

[92] N.Y. C.P.L.R. 214-c(4)

[93] No. 14-518, Compl. at ¶ 3.

U.      *North Carolina*[94]

The statute of limitations for personal injury actions in North Carolina is three years.[95] There is a discovery rule pursuant to which "the cause of action . . . shall not accrue until bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs."[96] Interpreting a similar discovery statute, the North Carolina Supreme Court has held that "[u]ntil plaintiff discovers the wrongful conduct of defendant, she is unaware that she has been injured in the legal sense," meaning that the discovery rule tolls the start of the statute of limitations until a reasonable plaintiff would have discovered the cause of his or her injury.[97] Assuming without deciding that the North Carolina Supreme Court would apply the same reasoning to the applicable statute in this case, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

The most recent injury suffered by a North Carolina plaintiff was Johnny Ray Hendren's myocardial infarction "in or around 2009,"[98] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2009. The statute of limitations for the North Carolina plaintiffs ran no later than December 31, 2012, about half a year before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the North Carolina plaintiffs.

---

[94] Plaintiffs Jasper Gamble, Jr., No. 14-477, Johnny Ray Hendren, No. 14-386, and Angela Manning, No. 14-356, reside in North Carolina.

[95] N.C. Gen. Stat. Ann. § 1-52(5).

[96] N.C. Gen. Stat. Ann. § 1-52(16).

[97] *Black v. Littlejohn*, 325 S.E.2d 469, 478 (N.C. 1985).

[98] No. 14-386, Compl. at ¶ 3.

### V.    Ohio[99]

The statute of limitations for product liability actions in Ohio is two years.[100] There is a discovery rule pursuant to which the cause of action "accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure [to a drug], or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first."[101] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Ohio plaintiff was Glen Ferguson's myocardial infarction "on or around" February 7, 2009. [102] The statute of limitations for the Ohio plaintiffs ran no later than February 7, 2011, about two and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Ohio plaintiffs.

### W.    Oklahoma[103]

The statute of limitations for product liability actions in Oklahoma is two years.[104] There is a discovery rule pursuant to which "acquisition of sufficient information which, if pursued,

---

[99] Plaintiffs Brenda Daniels, No. 14-502, Shirley Duggins, No. 14-513, Glen Ferguson, No. 14-522, Shirley Hammond, No. 14-1827, and Jessie Jones, No. 14-433, reside in Ohio.

[100] Ohio Rev. Code Ann. 2305.10(A).

[101] Ohio Rev. Code Ann. 2305.10(B)(1).

[102] No. 14-522, Compl. at ¶ 3.

[103] Plaintiffs Geneive Colbert, No. 14-404, Mary Cullom, No. 14-420, Shirley Dalton, No. 14-501, Doyle Finney, Sr., No. 14-526, David Hinkle, No. 14-378, and Marlene McKinley, No. 14-339, reside in Oklahoma.

[104] 12 Okla. Stat. Ann. § 95(A)(3).

would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations."[105] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Oklahoma plaintiff was Doyle Finney, Sr.'s gradual degradation of his heart and cardiovascular system culminating in a coronary artery stent placement procedure on or around July 21, 2010.[106] The statute of limitations for the Ohio plaintiffs ran no later than July 21, 2012, about one year before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Ohio plaintiffs.

X.      Oregon[107]

In Oregon, "a product liability civil action for personal injury . . . must be commenced not later than two years after the plaintiff discovers, or reasonably should have discovered, the personal injury . . . and the causal relationship between the injury . . . and the product, or the causal relationship between the injury . . . and the conduct of the defendant."[108] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by an Oregon plaintiff was Jane Johnson's myocardial infarction and congestive heart failure "on or around November 2006," [109] which the Court will

---

[105] *Daugherty v. Farmers Co-op. Ass'n*, 689 P.2d 947, 950–51 (Okla. 1984).

[106] No. 14-526, Compl. at ¶ 3.

[107] Plaintiffs Barry Clift, No. 14-401, Bruce Hinson, No. 14-377, and Jane Johnson, No. 14-435, reside in Oregon.

[108] Or. Rev. Stat. Ann. § 30.905(1).

[109] No. 14-435, Compl. at ¶ 3.

treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on November 30, 2006. The statute of limitations for the Oregon plaintiffs ran no later than December 31, 2009, about three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Oregon plaintiffs.

        *Y.*     *Pennsylvania*[110]

The statute of limitations for product liability actions in Pennsylvania is two years.[111] There is a discovery rule pursuant to which "the statute is tolled[] and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct."[112] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by a Pennsylvania plaintiff was Paul Dour's quadruple bypass surgery "in or around 2010,"[113] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2010. The statute of limitations for the Pennsylvania plaintiffs ran no later than December 31, 2012, about half a year before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Pennsylvania plaintiffs.

---

[110] Plaintiffs Valerie Cassel, No. 14-394, Paul Dour, No. 14-511, Wayne Grucey, No. 14-460, Mary Hamilton Jones, No. 14-495, Dorothy Lindenmuth, No. 14-364, and James Maxwell, No. 14-348, reside in Pennsylvania.

[111] 42 Pa. Cons. Stat. Ann. § 5524(2).

[112] *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005).

[113] No. 14-511, Compl. at ¶ 3.

23

Z.     *South Carolina*[114]

The statute of limitations for personal injury actions in South Carolina is three years.[115] There is a discovery rule pursuant to which personal injury actions "must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."[116] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

The most recent injury suffered by a South Carolina plaintiff was Nancy Hood's episodes of congestive heart failure that ended on May 2, 2008.[117] The statute of limitations for the South Carolina plaintiffs ran no later than May 2, 2011, about two years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the South Carolina plaintiffs.

AA.     *Tennessee*[118]

The statute of limitations for products liability actions in Tennessee is one year.[119] There is a discovery rule pursuant to which personal injury actions accrue "when plaintiff discovers or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced . . . injury; and (2) the identity of the defendant who breached the

---

[114] Plaintiffs Leon Hartley, No. 14-389, Nancy Hood, No. 14-372, and Gavino Mapula, No. 14-355, reside in South Carolina.

[115] S.C. Code Ann. § 15-3-530(5).

[116] S.C. Code Ann. § 15-3-535.

[117] No. 14-372, Compl. at ¶ 3.

[118] Plaintiffs Janie Christian, No. 14-396, Lois Cook, No. 14-411, Paulette Givands, No. 14-570, and Larry Holmes, No. 14-374, reside in Tennessee.

[119] Tenn Code Ann. §28-3-104(b).

duty."[120] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after one year from the injury or after December 31, 2008, whichever came later.

The most recent injury suffered by a Tennessee plaintiff was Paulette Givands' heart attack "in or around December 2008,"[121] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2008. The statute of limitations for the Tennessee plaintiffs ran no later than December 31, 2009, about three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Tennessee plaintiffs.

　　*BB.　　Texas*[122]

The statute of limitations for personal injury actions in Texas is two years.[123] There is a discovery rule pursuant to which "a cause of action does not accrue until a plaintiff knows or, through the exercise of reasonable care and diligence, should have known of the wrongful act and resulting injury."[124] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

The most recent injury suffered by a Texas plaintiff was Edwin Kelley's myocardial infarction "on or around" September 20, 2010.[125] The statute of limitations for the Tennessee

---

[120] *Wyatt v. A-Best, Co., Inc.*, 910 S.W.2d 851, 855 (Tenn. 1995) (ellipsis in original, internal quotation marks omitted).

[121] No. 14-570, Compl. at ¶ 3.

[122] Plaintiffs Sharon Cherry, No. 14-395, Debra Coleman, No. 14-496, J.D. Dodd, No. 14-1816, Robert Figueroa, No. 14-525, Patricia Finkelstein, No. 14-1817, Marcia Hokett, No. 14-375, Louis Hutchinson, No. 14-444, Edwin Kelley, No. 14-429, John Keyes, No. 14-425, Silas Knudsen, No. 14-496, Mario Fernandez, No. 14-523, Gladys McDonald, No. 14-345, and Robert Thorman, No. 12-5954 reside in Texas.

[123] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

[124] *Childs v. Haussecker*, 974 S.W.2d 31, 37 (Tex. 1998).

[125] No. 14-429, Compl. at ¶ 3.

plaintiffs ran no later than September 20, 2012, a little less than a year before the earliest complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Texas plaintiffs.

   *CC. Utah*[126]

  A products liability action in Utah "shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."[127] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after two years from the injury or after December 31, 2009, whichever came later.

  The only Utah plaintiff is Roy Droddy, who suffered a myocardial infarction "on or around 2005,"[128] which the Court will treat for the purposes of this motion, as it must resolve all doubts in favor of the plaintiff, as having occurred on December 31, 2005. The statute of limitations ran on December 31, 2009, about three and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on Droddy's complaint.

   *DD. Virginia*[129]

  The statute of limitations for personal injury actions in Virginia is two years.[130] There is no discovery rule that tolls the statute of limitations, and therefore an action is untimely if filed more than two years after the date of the injury.[131]

---

[126] Plaintiff Roy Droddy, No. 14-512, resides in Utah.

[127] Utah Code Ann. § 78B-6-706.

[128] No. 14-512, Compl. at ¶ 3.

[129] Plaintiffs Sadie Cook, No. 14-412, and Kathy (Neal) Helton, No. 14-387, reside in Virginia.

[130] Va. Code Ann. § 8.01-243(A).

[131] Va. Code Ann. § 8.01-230.

The most recent injury suffered by a Virginia plaintiff was Kathy (Neal) Helton's congestive heart failure "on or around" March 29, 2008.[132] The statute of limitations ran on March 29, 2010, over three years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of the Virginia plaintiffs.

### EE.   Washington[133]

In Washington, no products liability claim "may be brought more than three years from the time the claimant discovered or in the exercise of due diligence should have discovered the harm and its cause."[134] Therefore, an action claiming Avandia-caused heart-related injury is untimely if filed after three years from the injury or after December 31, 2010, whichever came later.

The most recent injury suffered by a Washington plaintiff was Thomas Keefe's myocardial infarction "on or around" February 6, 2006.[135] The statute of limitations for the Washington plaintiffs ran no later than December 31, 2010, about two and a half years before the complaint was filed. Summary judgment must therefore be entered in favor of GSK on the complaints of all of the Washington plaintiffs.

### FF.   West Virginia[136]

The statute of limitations for personal injury actions in West Virginia is two years.[137] There is a discovery rule pursuant to which "the statute of limitations begins to run when the

---

[132] No. 14-387, Compl. at ¶ 3.

[133] Plaintiffs Perry Ferraiuolo, No. 14-524, Judith Gustafson, No. 14-461, Thomas Keefe, No. 14-430, Betty Ann Lucas, No. 14-360, and Teresa Dela Sifuentes, No. 14-504, reside in Washington.

[134] Wash. Rev. Code Ann. § 7.72.060(3).

[135] No. 14-430, Compl. at ¶ 3.

[136] Plaintiff Daniel Herron, No. 14-382, resides in West Virginia.

[137] W. Va. Code Ann. § 55-2-12(b).

27

plaintiff knows, or by the exercise of reasonable diligence should know, (1) that he has been

injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation

to his injury."[138] Therefore, an action claiming Avandia-caused heart-related injury is untimely if

filed after two years from the injury or after December 31, 2009, whichever came later.

The only West Virginia plaintiff is Daniel Herron, who suffered a myocardial infarction

"on or around" November 29, 2005.[139] The statute of limitations ran on December 31, 2009,

about three and a half years before the complaint was filed. Summary judgment must therefore

be entered in favor of GSK on Herron's complaint.

## IV.    Conclusion

This Memorandum Opinion awards summary judgment on 115 cases. The Court has

given Plaintiffs the benefit of every doubt, but there is no question that the cases were untimely.

Any responsible attorney should have recognized before filing that the claims were time-barred.

After GSK incurred attorneys' fees that it never should have had to expend to defend itself

against these fruitless complaints, Plaintiffs never even responded to GSK's motion. Nor did

Plaintiffs' counsel deem it worth their while to withdraw their (implicitly concededly) untimely

cases, causing this Court to devote considerable effort to resolve the motions—effort it would

have happily undertaken if Plaintiffs had bothered to file briefs in opposition to GSK's motion.

It is with great regret that the Court finds itself concerned that the attorneys responsible

for filing these complaints may not have complied with Federal Rule of Civil Procedure 11(b). In

light of the generally professional manner with which counsel have comported themselves

throughout this long-running litigation, the Court will not order Plaintiffs' counsel to show cause

---

[138] *Goodwin v. Bayer Corp.*, 624 S.E.2d 562, 568 (W. Va. 2005).

[139] No. 14-382, Compl. at ¶ 3.

why sanctions should not be imposed at this time. Nevertheless, if GSK moves for sanctions, the Court will carefully consider whether an award of the fees GSK expended in filing its motion for summary judgment is warranted.

*      *      *      *      *

For the reasons discussed above, GSK's motion will be granted with respect to all plaintiffs to which this Memorandum Opinion applies, except for Ann Emmert and Earl Gregory. With respect to those two plaintiffs, the motion is denied without prejudice. An appropriate Order follows.