## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| IN RE: AVANDIA MARKETING, SALES | : | |
| PRACTICES AND PRODUCTS | : | MDL No. 1871 |
| LIABILITY LITIGATION | : | 07-md-01871 |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| ALL ACTIONS | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF
## AMENDED MOTION FOR ORDER TO SHOW CAUSE

The Court-appointed Advisory Committee hereby respectfully moves this Court to issue an Order to Show Cause, requiring the firms of Baum, Hedlund, Aristel & Goldman, The Rosemond Law Group, P.C., The Law Offices of Steven M. Johnson, P.C., The Law Offices of David R. Jones and The Jones Law Firm, counsel in *Gabel v. GlaxoSmithKline et al.*, Case No. 09-L-621 (20th Jud. Cir. St. Clair Co.), to appear and show cause, if any be had, why this Court should not enter an Order subjecting them and their clients to the Common Benefit Assessments of this MDL pursuant to PTO 10 and PTO 70.[1]

The Committee learned from counsel for GlaxoSmithKline that some firms involved in the St. Clair County cases represented to an Illinois state court that

---

[1] This amendment is necessary because the Committee mistakenly identified HeplerBroom LLC as counsel for plaintiffs because the Illinois state court docket identifies W. Jason Rankin of HeplerBroom as "ATY PLAINTIFF." *See* Counsel List from St. Clair County Docket, Case No. 09-L-621, attached as Exhibit 1.  All reference to HeplerBroom has been removed from this amended motion and the Committee has not served discovery on that firm.

the state court could and should resolve the matter of this MDL court's jurisdiction over their settlements and whether and to what extent a Common Benefit Assessment should be paid.  Counsel for GSK provided this information in response to an order filed by the Illinois court on January 27, 2015, which sets a hearing on March 3, 2015[2] to address the "disposition of MDL Common Benefit Funds."  *See Gabel v. GlaxoSmithKline*, No. 09-L-621, Order (20th Jud. Cir. St. Clair Co. Jan. 27, 2015), attached as Exhibit 2.  The order also requires "counsel for plaintiffs to provide certified notice to MDL steering committee of the hearing date and this order."  Illinois Counsel was slow to provide the notice as it was not received until February 17, 2015, three full weeks after the order was entered. *See* Letter from Steven M. Johnson dated February 11, 2015, attached as Exhibit 3.  Had counsel for GSK not contacted the Committee, the Committee would have been prejudiced in its ability to timely address the matter.

Based on a review of the St. Clair County docket and filings in that case, the Illinois case involves several law firms with strong connections to this MDL, including Baum Hedlund Aristel & Goldman and The Rosemond Law Firm.  *See Gabel v. GlaxoSmithKline*, Case No. 09-L-621, Order (20th Jud. Cir. St. Clair Co. June 6, 2012), attached as Exhibit 4.  Other involved firms include: The Jones Law Firm, The Law Offices of David R. Jones, and The Law Offices of Steven M. Johnson, P.C.  *See Gabel v. GlaxoSmithKline*, Case No. 09-L-621, Joint Motion

---

[2] The Committee has since learned from counsel for GSK that the March 3, 2015 hearing date is being continued, but the rescheduled date is not yet known.

for Entry of Scheduling Order (20th Jud. Cir. St. Clair Co. June 22, 2012), attached as Exhibit 5.  All counsel in the *Gabel* case are referred to collectively as "Illinois Counsel."

The Baum firm had numerous cases in the MDL and, in fact, had some cases placed in the suspense docket pending conclusion of its cases under a Master Settlement Agreement.  *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 07-1871, Stipulation and Order to Place in Administrative Suspense (E.D. Pa. May 22, 2013), attached as Exhibit 6.  Additionally, the Baum firm both applied for, and was allocated, significant common benefit fees.  The Rosemond firm also applied for and received significant common benefit fees.

As Baum and Rosemond were involved in these cases, it is likely that all counsel in the Illinois cases had access to common benefit work product.  The Committee has served discovery in conjunction with this Motion to determine whether and to what extent MDL work product was used by Illinois Counsel.  Illinois Counsel's responses are due on or before March 26, 2015.

The Committee respectfully requests that this Court order Illinois Counsel to appear and explain why PTO 70 should not apply to their cases.

Dated: February 25, 2015                    /s/ Dianne M. Nast
                                            Dianne M. Nast, Esq.
                                            Erin C. Burns, Esq.
                                            NastLaw LLC
                                            1101 Market Street
                                            Suite 2801
                                            Philadelphia, Pennsylvania 19107
                                            (215) 923-9300
                                            dnast@nastlaw.com
                                            eburns@nastlaw.com

Vance R. Andrus, Esq.
Andrus Wagstaff
7171 West Alaska Drive
Lakewood, Colorado 80226
(303) 376-6360

Bryan F. Aylstock, Esq.
Aylstock, Witkin, Kreis & Overholtz PLLC
17 East Main Street, Suite 200
Pensacola, Florida 32502
(850) 916-7450

Thomas P. Cartmell, Esq.
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
(816) 701-1102

Joseph J. Zonies, Esq.
Reilly Pozner LLP
1900 Sixteenth Street, Ste. 1700
Denver, Colorado 80202
(303) 893-6100

*Plaintiffs' Advisory Committee*


Paul R. Kiesel, Esq.
Kiesel Law LLP
8648 Wilshire Blvd.
Beverly Hills, California 90211
(310) 854-4444

*Plaintiffs' Coordinating Counsel*


Stephen A. Corr, Esq.
Stark and Stark
777 Township Line Road, Suite 120
Yardley, Pennsylvania 19067
(267) 759-9684

*Plaintiffs' Liaison Counsel*