IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| STACI LAURINO, *on behalf of herself and all others similarly situated* | : : : | CIVIL ACTION NO. 12-3683 |
| v. | : : | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : | |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                                 **April 16, 2015**

Plaintiff is a former user of the prescription diabetes drug Avandia, who does not sue on the grounds that she has been physically injured as a result of taking Avandia; instead she solely alleges a violation of the Missouri Merchandising Practices Act ("MMPA"), which prohibits deceptive practices.[1] The case is brought on behalf of a purported class of similarly situated individuals, but no class has been certified. Defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss the Amended Complaint, arguing that Plaintiff lacks standing and has failed to state a claim upon which relief may be granted.

### I.  BACKGROUND

The Amended Complaint[2] describes, at some length, GSK's alleged failure to adequately warn of and disclose medical risks of Avandia use. As is relevant to the motion to

---

[1] V.A.M.S. § 407.020.1.

[2] Pursuant to an agreement between the parties, Plaintiff filed the Amended Complaint after this Court dismissed with prejudice similar lawsuits filed under the laws of California, New Jersey, New York, and Pennsylvania. Def.'s Brief at 2.

dismiss, the Amended Complaint alleges the following:

> 118. Thus, despite notice of the dangerous propensities associated with Avandia, GSK engaged in misrepresentations, and failed to adequately advise consumers and medical providers of the risks of Avandia, including but not limited to the increased risk of heart attacks and deaths. Furthermore, the company omitted material facts concerning Avandia's risk factors, even though it knew or reasonably should have known those facts. GSK also promoted Avandia's efficacy when in fact, Avandia is no more effective than other drugs.
>
> 119. Staci Laurino purchased and used Avandia as early as 2007, which had been prescribed for her by a licensed physician, and she used it as prescribed.
>
> 120. GSK misrepresented, concealed, suppressed and/or omitted material facts concerning Avandia and the fact that the drug increased the likelihood of cardiovascular disease.
>
> 121. Contrary to GSK's advertising and promotion, Avandia is not more efficacious than other treatments for Type II diabetes and significantly increases the risk of heart-related diseases including heart attack and stroke.
>
> 122. The actual value of Avandia was/is significantly less than the value of Avandia as represented by GSK, and thus, Plaintiff and other consumers suffered ascertainable loss when they purchased Avandia.[3]

Plaintiff does not allege when or for how long she took Avandia or how much she paid for it; nor does she identify the prescribing physician or allege any facts regarding her medical treatment. Plaintiff also does not allege that Avandia was ineffective in treating her Type II diabetes, whether she took or would have taken another drug instead of Avandia, or the cost of such other drugs. Plaintiff seeks damages "equal to the difference between the actual value of Avandia and the value of Avandia had it been as represented by Defendant."[4]

---

[3] Am. Compl. ¶¶ 118-22.

[4] Am. Compl. ¶ 134.

2

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim wherein the district court lacks subject matter jurisdiction. When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the district court."[5] To establish Article III standing, "a plaintiff must show (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court."[6] In the context of a motion to dismiss, "the injury-in-fact element is not Mount Everest. The contours of the injury-in-fact requirement, while not precisely defined, are very generous, requiring only that claimant allege some specific, identifiable trifle of injury."[7] If the complaint fails to satisfy these requirements, "a federal court does not have subject matter jurisdiction...[and] the claim[s] must be dismissed."[8] In determining whether the allegations of the complaint confer standing upon the plaintiff, "courts apply the standard of reviewing a complaint pursuant to a 12(b)(6) motion to dismiss for failure to state a claim."[9]

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"

---

[5] *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994).

[6] *NCAA v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

[7] *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 278 (3d Cir. 2014) (internal quotation marks, brackets, and citations omitted).

[8] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

[9] *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

does not possess enough substance to show that plaintiff is entitled to relief.[10] The court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[11] Courts are not bound to accept as true legal conclusions couched as factual allegations.[12] Something more than a mere possibility of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[13] The complaint must set forth direct or inferential allegations with regard to all the material elements necessary to sustain recovery under some viable legal theory.[14] The court has no duty to "conjure up unpleaded facts that might turn a frivolous action . . . into a substantial one."[15]

## III. DISCUSSION

### A. *Standing*

GSK argues that Plaintiff lacks standing to bring this action because she has not pleaded injury-in-fact or causation. After briefing on the motion to dismiss was completed, the Court of Appeals for the Third Circuit affirmed this Court's dismissal of a similar action brought under California law. In that case, in which the plaintiff also alleged only economic harm as a user of Avandia, the Third Circuit held that is was "satisfied that [the plaintiff's] allegations are

---

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[11] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[12] *Twombly*, 550 U.S. at 555, 564.

[13] *Id.* at 570.

[14] *Id.* at 562.

[15] *Id.* (citing *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

sufficient to establish Article III standing even though, as set forth herein, they are legally insufficient to provide a basis for relief."[16]  Although the Third Circuit did not elaborate on its reasoning, considering the similarities of the allegations in the two cases (although the plaintiff in the earlier case alleged a somewhat different theory of damages), and that GSK raised similar standing arguments before the Court of Appeals, the Court considers that ruling dispositive on the standing issue in this case.[17]

### B.  MMPA

The purpose of the MMPA is to "preserve fundamental honesty, fair play and right dealings in public transactions."[18]  Under the statute, "the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice."[19]  "Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of" an unlawful practice under the MMPA may bring a civil action.[20]

---

[16] *In re: Avandia Mktg., Sales Pracs., and Prods. Liab. Litig.*, 564 F. App'x 672, 673 at n.4 (3d Cir. 2014).

[17] *Accord Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) ("A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III [even if] he cannot invoke the protection of the [statute sued under].").

[18] *Zmuda v. Chesterfield Valley Power Sports, Inc.*, 267 S.W.3d 712, 716 (Mo. Ct. App. 2008).

[19] V.A.M.S. § 407.020.1.

[20] V.A.M.S. § 407.025.1.  GSK argues that a number of courts and legislatures in other states have determined that similar consumer protection statutes do not apply to prescription drugs.  Def.'s Brief at 11 & n.6.  GSK acknowledges that there is no precedent from the Missouri Supreme Court on the question, but beyond that there is no suggestion in any cases citing the statute (including cases discussed *infra* concerning prescription drugs) that Missouri law excludes such products.  It is not for this Court to make such a policy determination in the absence of any guiding Missouri authority.

5

GSK argues that Plaintiff has not identified GSK's alleged unlawful acts with the requisite specificity, and has not alleged that she suffered an ascertainable loss of money or property. Plaintiff relies upon Missouri's benefit-of-the-bargain rule,[21] which "awards a defrauded party the difference between the value of the product as represented and the actual value of the product as received."[22]

The Court must determine whether, under the facts alleged in the Amended Complaint, Plaintiff could prevail under Missouri law. If a state supreme court has not ruled on a question of state law (as the Missouri Supreme Court has not on the issues in dispute here), the federal court sitting in diversity "must consider the pronouncements of the lower state courts, as well as federal appeals and district court cases interpreting state law."[23] Plaintiff largely relies upon the decision of the Missouri Court of Appeals in *Plubell v. Merck & Company*.[24] In *Plubell*, the intermediate state appellate court affirmed the trial court's certification of a class of Missouri purchasers of the drug Vioxx. The plaintiffs alleged that the drug's manufacturer failed to disclose and actively concealed the risks of using Vioxx, and that "the product they and other class members purchased was worth less than the product they thought they had purchased had [Merck's] representations been true."[25] The court held that: 1) the MMPA claim did not require proof of the defendant's knowledge;[26] 2) because the plaintiffs alleged a consistent pattern of

---

[21] Plff.'s Brief at 6.

[22] *Polk v. KV Pharm. Co.*, No. 09-588, 2011 WL 6257466, *5 (E.D. Mo. Dec. 15, 2011) (citing *Sunset Pools of St. Louis, Inc. v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994)).

[23] *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000) (citations omitted).

[24] 289 S.W.3d 707 (Mo. Ct. App. 2009).

[25] *Id.* at 711 (internal quotation marks omitted).

[26] *Id.* at 713.

deception throughout the class period, the evidence of the defendant's conduct was not overwhelmed by individual issues, regardless of when or for how long a class member purchased the drug;[27] 3) the plaintiffs were not required to prove they or their physicians relied on the alleged misrepresentations;[28] 4) "a plaintiff's *loss* should be a result of the defendant's unlawful practice, but the statute does not require that the *purchase* be caused by the unlawful practice;"[29] and 5) because the plaintiffs alleged the drug was worth less than the product as represented, "they stated an objectively ascertainable loss under the MMPA using the benefit-of-the-bargain rule," and therefore did not need to show the cost of alternative therapy.[30] The court also held, specifically in relation to the last point, that it was ruling in the context of class certification under Missouri law, at which stage of the proceedings "whether a plaintiff is able to prove a theory is irrelevant because the sole issue is whether the certification requirements were met."[31] This is not the case in the context of a motion to dismiss pursuant to the Federal Rules of Civil Procedure.

Having considered thoroughly the opinion in *Plubell*, the Court concludes that it is of limited value to the Court in determining Missouri law on ascertainable loss, as the appellate court expressly stated that did not rule on whether the plaintiffs could prove such loss. In contrast, several recent federal court opinions interpreting Missouri law have concluded that

---

[27] *Id.* at 714.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 714-15.

[31] *Id.* at 715.   Although only the class certification order was before the appellate court, the trial court had denied a motion to dismiss and a motion for summary judgment. *Id.* at 711.

7

similar claims failed to state an ascertainable loss.[32]  The Court concludes that where, as here, Plaintiff received the drug she was prescribed, took the drug, and alleges neither that the drug failed to do its job (controlling Plaintiff's blood sugar levels) nor that she was injured by taking the drug, she "received all the benefits [she] desired and [was] unaffected by Defendants' alleged concealment. While [she] may contend [she] would not have purchased the goods had [she] known about [the alleged risks of use], Plaintiff[] received 100% use (and benefit) from the product[] and [has] no quantifiable damages."[33]  Plaintiff's "proposed liability theory, which requires no demonstrable loss of any benefit, would lead to absurd results," and therefore Plaintiff cannot state an ascertainable loss.[34]  The absurdity is inherent in the nature of Plaintiff's claimed loss, which is based only on the idea that Avandia is inherently worth some unspecified amount less than whatever Plaintiff might have paid for it.  The logical extension of this argument in the prescription-drug context is that there is some price point at which a patient would agree to take a drug, despite the risk of side effects and despite the existence of other, equally effective drugs that do not carry such risk.  The Court cannot imagine what that price point might be.  Plaintiff received all the benefits of taking Avandia without any harm, and therefore suffered no loss.

---

[32] *Mikhlin v. Johnson & Johnson*, No. 14-881, 2014 WL 6084004 (E.D. Mo. Nov. 13, 2014); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,* No. 08-1967, 2011 WL 6740338, *3 (W.D. Mo. Dec. 22, 2011).  Compare *Carr-Davis v. Bristol-Myers Squibb Co.*, No. 07-1098, 2009 WL 5206122 , *8 (D.N.J. 2009) (holding that the plaintiff alleged ascertainable loss including the purchase of the drug and additional out-of-pocket costs, as well as compensation for the pain and suffering and death of the patient who took the drug).

[33] *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 912 (W.D. Mo. 2009).

[34] *Mikhlin,* 2014 WL 6084004 at *3 (E.D. Mo. Nov. 13, 2014) (ruling in a suit brought by users of baby powder who contended that health risks of the product were concealed, but who suffered no physical injuries).

## IV. CONCLUSION

As Plaintiff has failed to state a claim under Missouri law the Amended Complaint will be dismissed. Plaintiff filed the Amended Complaint after this Court had dismissed several other similar lawsuits, and therefore Plaintiff was on notice of what was required to pursue her claims. The Amended Complaint nonetheless fails to state a cause of action, and the Court concludes that to allow any further amendment would be inequitable and likely futile.[35] The Amended Complaint will be dismissed with prejudice.[36] An appropriate order will be entered.

---

[35] Although Plaintiff requested leave to amend in her opposition to the motion to dismiss, she did not attach a proposed amended complaint, see *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); nor did she explain what would be alleged in such an amendment.

[36] The Court finds it unnecessary to reach GSK's alternative argument that Plaintiff failed to allege misrepresentations made to her.