UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>All Third Party Payor Actions | MDL No. 1871<br><br>Case No. 07-MD-1871 |

## CASE MANAGEMENT ORDER NO. 1
### (Governing Initial Discovery and Case Schedule)

WHEREAS, plaintiffs have each brought a putative class action against GSK LLC ("GSK") alleging violations of RICO, various consumer protection laws, and unjust enrichment claims;

WHEREAS, the Court denied GSK's motion to dismiss (except as to unjust enrichment), and the Court of Appeals for the Third Circuit has affirmed that ruling;

WHEREAS, GSK will petition for a writ of *certiorari* to appeal to the United States Supreme Court, but it is reasonable to engage in some additional limited discovery pending the Supreme Court's decision whether to hear the case;

WHEREAS, plaintiffs have access to all documents produced by GSK in MDL 1871 and to the transcripts of 62 depositions of former or current employees of GSK relating to Avandia, Avandamet, and Avandaryl (collectively "Avandia") but require additional information particularly relevant to the claims of third party payors that were not the subject of previous discovery in this MDL; and

WHEREAS, in order to ensure that such initial discovery, on both sides, is conducted expeditiously and in order to manage the conduct of this case in an efficient manner, a case schedule is necessary.

**IT IS HEREBY ORDERED:**

The following case schedule shall apply to the above-captioned actions.  If the United States Supreme Court grants GSK's motion for a writ of *certiorari,* the parties shall confer concerning the appropriate adjustments to the case schedule, and submit a joint proposed adjusted case schedule, or, if necessary, competing proposals for an adjusted case schedule, for the Court's consideration.

| EVENT | DEADLINE |
| --- | --- |
| GSK serves notice of one Rule 30(b)(6) deposition of each plaintiff | March 21, 2016 |
| GSK produces the depositions taken in *Santa Clara* action | April 1, 2016 |
| Plaintiffs will identify the additional discovery related to readjudication of RECORD, if any, that they believe they need to respond to GSK's motion for summary judgment[1] | 14 days after receipt of Dr. Mahaffey's deposition and exhibits in the *Santa Clara* action |
| GSK produces any documents reflecting communications with plaintiffs regarding Avandia or any other type 2 diabetes medication | April 15, 2016 |
| GSK produces documents updating the IND/NDA for Avandia, including communications with the FDA | May 10, 2016 |
| GSK files motion for summary judgment | May 20, 2016 |

---

[1] GSK will have seven days to object to any request for additional discovery related to readjudication of RECORD.  If the parties cannot agree on the scope of any additional discovery, the Special Master will work with the parties to attempt to resolve this issue and, if necessary, submit a Report and Recommendation to the Court.

| | |
|---|---|
| Plaintiffs file response to GSK's summary judgment motion | 30 days after service of GSK's motion or 40 days after receipt of all documents related to readjudication of RECORD, whichever is later |
| GSK files reply in support of its summary judgment motion | 20 days after service of Plaintiffs' response |
| Plaintiffs produce, on a rolling basis, the information and documents listed on **Schedule A** to this Order | June 1, 2016 |
| Rule 30(b)(6) depositions of each plaintiff | June 1, 2016, or, for each plaintiff, 45 days after production of that plaintiff's information and documents listed on Schedule A, whichever is later |
| Depositions of any GSK employee who communicated with plaintiffs | June 1, 2016 |
| Parties meet and confer regarding additional discovery | July 15, 2016 |
| Parties inform Court whether they have agreed on scope of any additional fact discovery, and, absent agreement, submit letters to Court with respective positions on additional discovery | July 31, 2016 |
| Parties meet and confer regarding a schedule for expert disclosures and discovery, class certification briefing and hearing, Rule 56 and *Daubert* motions, and trial | August 31, 2016 |
| Parties inform Court whether they have agreed on a schedule for expert disclosures and discovery, class certification briefing and hearing, Rule 56 and *Daubert* motions, and trial, and, absent agreement, submit letters to Court with respective positions on schedule | September 15, 2016 |

_____
Cynthia M. Rufe, J.

Dated: _____, 2016

## SCHEDULE A

**Plaintiffs' Initial Production to Defendants**

The date range applicable is 1999 to present.

1. The name of each person formerly or currently employed by or affiliated with plaintiff who is knowledgeable about the pharmacy benefit provided by plaintiff to its members or beneficiaries.

2. The name of each pharmacy benefit manager (PBM) and third party administrator (TPA) engaged by plaintiff, and the dates during which each PBM and/or TPA was engaged.

3. The name of each account manager or contact person at each PBM and TPA.

4. The name of any group purchasing organization (GPO) in which plaintiff participated.

5. Copies of the contracts entered into between plaintiff and the identified PBMs, TPAs, and GPOs. If plaintiff is a member of an umbrella group for PBM contracting, copies of contracts entered into between plaintiff and the umbrella group, and between the umbrella group and the PBM.

6. All documents reflecting or relating to the role of any GPO used by plaintiff for medicines to treat type 2 diabetes.

7. A copy of each formulary used by plaintiff.

8. All documents reflecting communications between plaintiff and its PBM, TPA or other consultant regarding the inclusion of type 2 diabetes medicines on the formulary used by plaintiff.

9. Subject to the terms of any applicable protective order and, if necessary, relief from the terms of any applicable protective order, copies of the transcripts of depositions, including exhibits, given by or on behalf of plaintiff in litigation in the last ten years involving an allegation that plaintiff paid too much for a prescription drug or paid for too many prescriptions of the drug.

10. Plaintiff's purchase or reimbursement data that includes, for each patient who received a prescription for a type 2 diabetes medication paid for or reimbursed by plaintiff, the following:

    a. Identification of the patient by unique identifying number (and not by name or social security number);
    b. Name of the medication and dose, or NDC code;

      c.      Fill date of prescription;
      d.      Prescriber of the medication (including name, address and NPI or DEA number);
      e.      Co-pay paid by the patient;
      f.      Amount paid by the plaintiff;
      g.      Amount of any rebate received by plaintiff as a result of the individual prescription, if available. In the absence of such individualized rebate information, plaintiff shall provide aggregate rebate information concerning rebates received as a result of reimbursement for any type 2 diabetes medication, as available.

All such data shall be de-identified so protected health information of insureds is not revealed. All data shall be provided in delimited flat file format (*e.g.*, ASCII text file) and include column headers as the first row in each file. Data dictionaries shall be provided for each file sufficient to identify and explain each field and decode values within each field, where necessary.

11. The minutes of each meeting of plaintiff's board or committee at which the filing of the action against GSK was authorized.

12. The minutes of each meeting of plaintiff's board or committee at which type 2 diabetes medicines were discussed.

13. All documents in the custody or control of plaintiff relating to Avandia.

14. All documents reflecting communications between plaintiff and its PBM or TPA relating to Avandia.

15. All documents prepared for beneficiaries or insureds of plaintiff that describes the extent of coverage for prescription drugs under the pharmacy benefit plan offered by plaintiff.