# Exhibit B

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                              - - -

IN RE:                           : MDL NO. 07-1871
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
                                 :
AVANDIA MARKETING, SALES         : Philadelphia, Pennsylvania
PRACTICES AND PRODUCTS           : January 30, 2018
LIABILITY LITIGATION             : 10:45 a.m.

                              - - -

                   TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE CYNTHIA M. RUFE
                  UNITED STATES DISTRICT JUDGE

                              - - -

APPEARANCES:

For the Plaintiff:     THOMAS M. SOBOL, ESQUIRE
                       Hagens Berman Sobol Shapiro LLP
                       55 Cambridge Parkway
                       Suite 301
                       Cambridge, Massachusetts 02141

                       A.J. DE BARTOLOMEO, ESQUIRE
                       Girard Gibbs LLP
                       505 14th Street
                       Suite 1110
                       Oakland, CA 94612

                       JAMES R. DUGAN, II, ESQUIRE
                       The Dugan Law Firm, LLC
                       365 Canal Street
                       New Orleans, LA 70130
```

TK Transcribers
9 Dogwood Avenue
Glassboro, NJ 08028
609-440-2177

```
                                                                      2
 1   APPEARANCES:            (Continued)

 2                           TRACY D. REZVANI, ESQUIRE
                             199 E Montgomery Avenue
 3                           Suite 100
                             Rockville, MD 20850
 4
                             ART SADIN, ESQUIRE
 5                           Sadin Law Firm, P.C.
                             121 Magnolia Street
 6                           Suite 102
                             Friendswood, TX 77546
 7

 8   For the Defendant:      NINA M. GUSSACK, ESQUIRE
                             SEAN P. FAHEY, ESQUIRE
 9                           YVONNE M. McKENZIE, ESQUIRE
                             Pepper Hamilton, LLP
10                           3000 Two Logan Square
                             Philadelphia, PA 19103
11
                                   - - -
12
     Audio Operator:         Erica Pratt
13
     Transcribed By:         Michael T. Keating
14
                                   - - -
15
             Proceedings recorded by electronic sound
16   recording; transcript produced by computer-aided
     transcription service.
17
                                   - - -
18

19

20

21

22

23

24

25
```

1       MR. FAHEY:  Yes, let me try, Your Honor.
2  Sean Fahey, for the record.  I don't think -- and I
3  think this will become clear as we start to put on
4  the particularized proof that you asked us to kind of
5  point you to.  And this is all information in the
6  record already.  And we've put together a binder of
7  documents that are all in the record and we'll kind
8  of as we go through show you which tab we're pointing
9  to.  But to address the question about whether this
10 encroaches on the Third Circuit's job that it has to
11 review your order, we are not seeking sanctions based
12 on an argument of law.  We're not arguing that they
13 got it wrong when they said they could do aggregate
14 proof the way that they wanted to and you told them
15 they couldn't.  We're not arguing that some of the
16 ways, the theories that they had that you, we think,
17 correctly rejected, we're not seeking sanctions for
18 their pursuit of those theories.
19      What we're seeking sanctions for is very
20 fact-sensitive, fact-specific issues, and that is the
21 utter failure to do any investigation to support
22 allegations that were made in the complaint about
23 direct misrepresentations that were made to both UBF
24 and Allied.  So that's not really -- doesn't really
25 have anything to do with the -- whether that was a

14

1  legal argument or not a legal argument, but they were
2  asserting facts saying that GSK made direct
3  misrepresentations to UBF and Allied, and it has
4  become clear now that there was never any evidence to
5  support those claims.
6          So we're not seeking factual
7  determinations.  We're really just trying to say here
8  are the things that everyone agrees on.
9          THE COURT:  As to these two plaintiffs
10 only?
11         MR. FAHEY:  Exactly.
12         THE COURT:  One-time plaintiffs only?
13         MR. FAHEY:  Absolutely.  And the conduct of
14 the lawyers, as we'll describe in more detail, that
15 represented those two entities.  And so it was really
16 the factual -- the arguments that they advanced from
17 a factual standpoint that now everyone agrees there's
18 no evidence to support them.  And I think it will
19 become clearer as we move forward, but we were very
20 conscious of the fact that we did not want to somehow
21 cloud what was happening with the Court's order with
22 remaining to -- with regard to the remaining
23 defendants or with regard to the argument that's
24 going to ultimately be heard in the Third Circuit.
25         THE COURT:  All right, which makes it all

26

1           MR. SOBOL:  Well --
2           THE COURT:  Let's keep that straight.  This
3   is a very specific motion against Allied, UBF, and
4   its lawyers for Allied and UBF.
5           MR. SOBOL:  I understand that, Your Honor,
6   but the evidence that Allied and UBF have to support
7   the claim that they paid for more prescriptions --
8           THE COURT:  The evidence that was never
9   turned over?
10          MR. SOBOL:  No.  No, no, no, no, no.  The
11  evidence that Allied and UBF used in order to show
12  that they paid for more prescriptions of Avandia at a
13  higher price is the exact same evidence that every
14  other third party payor in the country would use.  It
15  is general evidence that shows --
16          THE COURT:  No.  No, I -- this is specific.
17  This is not general pleading allegations --
18          MR. SOBOL:  No.
19          THE COURT:  -- based on an understanding of
20  commonality between everyone, hundreds and thousands
21  of insurers that was represented to me many times in
22  this courtroom that they all paid.  This is specific
23  and discovery was specific, and that's why we're
24  still here, because --
25          MR. SOBOL:  Well --

52

1  to have to be a part of a proffer by GSK, which I
2  haven't frankly seen yet.  Again, now, I don't think
3  that's on the part of the class unless they're asking
4  for money on -- in connection with cases that are
5  still going forward.
6           THE COURT:  Yes.
7           MR. SOBOL:  You know.
8           THE COURT:  You are still identifying your
9  client as "the class," counsel.
10          MR. SOBOL:  Well, the putative class I
11 meant, Your Honor.
12          THE COURT:  Or the putative class.
13          MR. SOBOL:  Yeah.
14          THE COURT:  It's just not what's going on
15 here.  I think what you mean to say is there were
16 many cases involved and some of the plaintiffs did
17 turn over some information, others did not, and it's
18 the two that are at issue here that the monetary
19 damages should be particularized to.
20          MR. SOBOL:  Yes.
21          THE COURT:  But not this putative class
22 anymore.
23          MR. SOBOL:  Not that, number one, and
24 number two, not just --
25          THE COURT:  That's not before me and I